Lewis J. Liman
Cleary, Gottlieb, Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
Phone: 212.225.2000
Fax: 212.225.3999

*Counsel for Defendant*
*Overseas Shipholding Group, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Robert Porzio,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Overseas Shipholding Group, Inc. *et al.*,<br><br>　　　　　　　Defendants. | Case No. 12-cv-07948 (SAS)<br><br>**SUGGESTION OF BANKRUPTCY AND THE APPLICABILITY OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 362** |

**PLEASE TAKE NOTICE:**

1.　　On November 14, 2012 (the "Petition Date"), Overseas Shipholding Group, Inc. ("OSG") and certain of its affiliates (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' cases are being jointly administered under Case No. 12-20000 (PJW) before the Honorable Peter J. Walsh, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware. True and correct copies of OSG's chapter 11 petition are annexed hereto as Exhibit A. The Debtors' bankruptcy cases have not been dismissed or stayed, and no trustee or examiner has been appointed.

2. On information and belief, the plaintiff in the above-captioned action (the "Action") commenced the Action against OSG on or about October 25, 2012, by filing a Complaint in the United States District Court for the Southern District of New York.

3. Section 362 of the Bankruptcy Code provides, in relevant part, that the filing of a voluntary petition for relief under the Bankruptcy Code "operates as a stay, applicable to all entities, of (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; (2) the enforcement, against the debtor or against the property of the estate, of a judgment obtained before the commencement of the case under this title ..." The Action arises out of a purported class action alleging that prior to the Petition Date, OSG made materially false and misleading statements regarding the company's financial status in violation of section 10(b) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b-5. The plaintiff seeks (i) compensatory damages; (ii) fees and expenses, including expert and attorney's fees; (iii) equitable and/or injunctive relief as permitted by law; and (iv) any other relief that this Court deems just and proper. Accordingly, as to the Debtors, the Action is stayed by operation of law.

4.     The filing of this Suggestion of Bankruptcy and Applicability of the Automatic Stay under 11 U.S.C. § 362 is not and shall not be construed as a waiver by the Debtors, their estates or any statutory committee that may be appointed in the Debtors' bankruptcy cases of any rights, claims, actions, defenses (including, without limitation, any jurisdictional defenses), setoffs or recoupments, under agreements, in law, in equity, or otherwise, all of which rights, claims, actions, defenses, setoffs, and recoupments are expressly reserved.

Dated: November 20, 2012       CLEARY GOTTLIEB STEEN & HAMILTON LLP
       New York, New York

By: _____
    Lewis J. Liman
    lliman@cgsh.com

One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000

*Counsel for Defendant Overseas Shipholding Group, Inc.*