UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT PORZIO, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>OVERSEAS SHIPHOLDING GROUP, INC., MORTEN ARNTZEN and MYLES R. ITKIN,<br><br>                    Defendants. | No. 1:12-cv-07948-SAS |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE IRVING FIREMEN'S RELIEF AND RETIREMENT FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SCOTT+SCOTT, ATTORNEYS AT LAW, LLP AS LEAD COUNSEL**

# **TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................... 1

II. FACTUAL BACKGROUND ................................................................................... 2

III. ARGUMENT ............................................................................................................ 3

    A. The Irving Firemen's Fund Satisfies the Exchange Act's Lead Plaintiff Requirements and Should Be Appointed Lead Plaintiff ...................................................................... 3

        1. The Irving Firemen's Fund Has Timely Moved for Appointment as Lead Plaintiff ........................................................................................................ 4

        2. The Irving Firemen's Fund Has the Requisite Financial Interest in the Relief Sought by the Class………………………………………………………….4

        3. Congress Expressly Envisioned that Institutional Investors Like the Irving Firemen's Fund Would Be Appointed as Lead Plaintiffs in Securities Fraud Class Actions ................................................................................................ 5

        4. The Irving Firemen's Fund Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure ......................................................................................... 6

    B. The Court Should Approve the Irving Firemen's Fund's Selection of Lead Counsel.. 7

IV. CONCLUSION ......................................................................................................... 8

Class member and lead plaintiff movant the Irving Firemen's Relief and Retirement Fund ("Irving Firemen's Fund"), by and through its counsel, respectfully submits this memorandum of law in support of its motion for appointment of the Irving Firemen's Fund as lead plaintiff pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4 (the "PSLRA"), and for approval of the Irving Firemen's Fund's selection of Scott+Scott, Attorneys at Law, LLP ("Scott+Scott") as lead counsel pursuant to §21D(a)(3)(B)(v) of the Exchange Act.

## I.  INTRODUCTION

Presently pending before this Court is a securities fraud class action brought on behalf of all investors who purchased or otherwise acquired the securities of Overseas Shipholding Group, Inc. ("OSG" or the "Company") between April 28, 2008 and October 22, 2012, inclusive. ¶2.[1] The action is brought pursuant to §§10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5). ¶11. Defendants are OSG and Company officers Morten Arntzen and Myles R. Itkin, Jr. (collectively, the "Defendants"). ¶¶16-18.

Pursuant to §21D(a)(B)(iii) of the Exchange Act, the Court is to appoint the movant with the largest financial interest in the litigation that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Pursuant to §21D(a)(3)(B)(v) of the Exchange Act, the Court is also to approve the lead plaintiff's selection of lead counsel. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Here, the Irving Firemen's Fund should be appointed as lead plaintiff because: (1) its motion is timely filed; (2) to the best of its knowledge, it possesses the largest financial interest in the litigation of those who are seeking appointment as lead plaintiff; and (3) it will adequately represent the interests of the entire putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). The Irving Firemen's Fund's

---

[1]   All ¶ and ¶¶ references are to the class action complaint filed October 25, 2012 (the "Complaint"), ECF No. 1.

1

selection of the law firm of Scott+Scott to serve as lead counsel for the putative class should also be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II. FACTUAL BACKGROUND

This is a securities class action brought on behalf of all persons or entities, except for Defendants, who purchased or otherwise acquired the securities of OSG during the Class Period (the "Class"). ¶25.  Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. *Id.*

Headquartered in New York, New York, OSG primarily engages in the ocean transportation of crude oil and petroleum products. ¶16.  The Complaint alleges that during the Class Period, OSG and the other Defendants knowingly or recklessly made materially false and misleading statements concerning OSG's business, operations, and prospects.  Defendants' statements failed to disclose, among other things, that: (1) the Company improperly accounted for certain tax liabilities; (2) the Company lacked adequate internal and financial controls; (3) the certifications issued by defendant executives associated with OSG's financial results and the Company's internal and disclosure controls were materially false and misleading; and (4) as a result of the foregoing, Defendants lacked a reasonable basis for their positive statements during the Class Period regarding OSG's business prospects.  ¶¶31-89.

The Complaint alleges that, on October 3, 2012 OSG filed a release on Form 8-K with the SEC noting that issues relating to its treatment of a tax issue concerning the interpretation of certain provisions in its loan agreements had come to the Company's attention and that "[u]pon completion of the review process, which involves consultation with its professional advisors, the Company will make any additional disclosures deemed appropriate."  ¶87.  On this partial disclosure, OSG's share price dropped from a close of $7.08 on October 2, 2012 to close at $6.82 on October 3, 2012.  *Id.*

Then, on October 22, 2012, the Company disclosed that, as a result of its ongoing review

2

of the tax issue, the Company's Audit Committee had concluded that the financial statements for at least the three years ended December 31, 2011 and associated interim periods, and for the quarters ended March 31, 2012 and June 30, 2012, should no longer be relied upon. ¶88. The Company further disclosed that it is negotiating with creditors and is evaluating its strategic options including filing for bankruptcy. *Id.* On this news, OSG stock declined $2.02 per share or 62%, to close at $1.23 per share on October 22, 2012. ¶89.

### III.   ARGUMENT

#### A.   The Irving Firemen's Fund Satisfies the Exchange Act's Lead Plaintiff Requirements and Should Be Appointed Lead Plaintiff

The Exchange Act, as amended by the PSLRA, establishes the procedure governing the appointment of a lead plaintiff in private securities fraud class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. §78u-4(a)(1)-(3)(B)(ii).  First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice").  15 U.S.C. §78u-4(a)(3)(A)(i).  Here, the requisite Early Notice was published on October 24, 2012 via *Globe Newswire*, on the same day that the first complaint was filed.[2] *See* Declaration of Joseph P. Guglielmo ("Guglielmo Decl."), filed herewith, Ex. A.  As such, the requirements of §78u-4(a)(3)(A)(i) have been met.  *See Peters v. Jinkosolar Holding Co., Ltd.*, No. 11 Civ. 7133, 2012 WL 946875, at *2 (S.D.N.Y. Mar. 19, 2012).

Second, within 60 days after publication of the Early Notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

---

[2]   The previous low-numbered action, *Bhim v. Overseas Shipholding Group, Inc. et al.*, No. 1:12-cv-07938-LLS (S.D.N.Y. filed October 25, 2012), was voluntarily dismissed on December 12, 2012.  *See* Case No. 1:12-cv-07938-LLS, ECF No. 9.

3

The Exchange Act next provides that within 90 days after publication of the Early Notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members.  *See* 15 U.S.C. §78u-4(a)(3)(B).  Under this Exchange Act provision, "the 'most adequate plaintiff' [is] determined by a two-step competitive process" and appointed to serve as lead plaintiff.  *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 343-44 (S.D.N.Y. 2009).  First, the Exchange Act provides that the court is to presume the "most adequate plaintiff" to be the class member plaintiff who:  (1) has either filed a complaint or moved for lead plaintiff in response to a notice; and (2) "has the largest financial interest in the relief sought" that otherwise satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Second, so long as that presumption is not rebutted, the "most adequate plaintiff" is to be appointed the lead plaintiff.  *Id.*

### 1. The Irving Firemen's Fund Has Timely Moved for Appointment as Lead Plaintiff

All putative class members who seek appointment as lead plaintiff in this matter are required to move for appointment within 60 days of the initial publication of the Early Notice. 15 U.S.C. §78u-4(a)(3)(A)-(B).  Here, the Irving Firemen's Fund is timely moving to be appointed lead plaintiff within 60 days of the October 24, 2012 Early Notice.  The Irving Firemen's Fund has also submitted a Certification stating its willingness to serve as a representative party on behalf of the Class.  *See* Guglielmo Decl., Ex. B.

### 2. The Irving Firemen's Fund Has the Requisite Financial Interest in the Relief Sought by the Class

The Irving Firemen's Fund suffered losses of over $84,355 on its Class Period purchases of OSG securities as a result of Defendants' false and misleading statements,[3] (*see* Guglielmo

---

[3] The total potential recoverable losses suffered by lead plaintiff movants are not the same as their legally compensable damages, measurement of which is often a complex legal question that cannot be determined at this stage of the litigation.  The approximate losses, however, can be determined from the certification requirement under Section 21D of the Exchange Act, 15 U.S.C.

4

Decl., Ex. C), and is not aware of any other lead plaintiff applicant with a larger financial interest in the litigation. Because the Irving Firemen's Fund has the largest financial interest in this litigation and, as discussed below, satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff in this action, it should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 3. Congress Expressly Envisioned that Institutional Investors Like the Irving Firemen's Fund Would Be Appointed as Lead Plaintiffs in Securities Fraud Class Actions

Congress, in amending the Exchange Act through the PSLRA, intended to increase the role of institutional investors, like the Irving Firemen's Fund, in securities class actions. Institutional investors typically have a larger financial stake in the outcome of the litigation and Congress believed that entities having a large financial stake in the outcome would be more apt to effectively manage the litigation. *See* Conference Report on the Private Securities Litigation Reform Act of 1995, H.R. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 697, 733. ("[C]lass members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake."). Indeed, courts have found that the appointment of institutional investors is consistent with the legislative intent of the PSLRA. *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 99-100 & n.23 (S.D.N.Y. 2005); *see also In re UBS Auction Rate Sec. Litig.*, No. 08 Civ. 2967 (LMM), 2008 WL 2796592, at *4 (S.D.N.Y. July 16, 2008) ("the PSLRA reflects a preference on the part of the Congress that passed it that institutional investors are the most desirable lead plaintiffs").

Here, the Irving Firemen's Fund, an institutional investor possessing a significant financial stake in this litigation, is precisely the type of lead plaintiff envisioned by Congress. The Irving Firemen's Fund should therefore be appointed to serve as lead counsel in this litigation.

---

§78u-4(a)(2)(A) and are based upon reference to information concerning the current market for the Company's shares.

5

### 4. The Irving Firemen's Fund Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

Pursuant to §21D(a)(3)(B) of the Exchange Act, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a).

Of the four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the court need only make findings as to the typicality and adequacy of the proposed lead plaintiff which, at this stage, need only be "preliminary." *See Tronox*, 262 F.R.D. at 343. "Typicality requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Id.* (Internal citations omitted). "The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class." *Id*.

The Irving Firemen's Fund satisfies the typicality requirement because, like all other class members, it purchased securities of OSG at prices artificially inflated by the allegedly materially false and misleading statements issued by Defendants and suffered damages thereby. Thus, the Irving Firemen's Fund's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same conduct and course of events.

6

The Irving Firemen's Fund is also "adequate" because its interests are aligned with the interests of the Class. Having suffered losses from the same artificial inflation of the price of OSG securities, it would benefit from the same relief. There is no evidence of antagonism between the Irving Firemen's Fund and the putative Class. Moreover, as shown below, the Irving Firemen's Fund's proposed lead counsel for the class, Scott+Scott, is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Therefore, the Irving Firemen's Fund *prima facie* satisfies all of the requirements of Rule 23 for the purposes of its Motion.

### B. The Court Should Approve the Irving Firemen's Fund's Selection of Lead Counsel

Pursuant to §21D(a)(3)(B)(v) of the Exchange Act, the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent. In that regard, the Irving Firemen's Fund has selected Scott+Scott to serve as lead counsel.

Scott+Scott is a firm with substantial experience in the prosecution of shareholder and securities class actions and possesses the resources necessary to efficiently conduct this litigation. *See* Guglielmo Decl., Ex. E. Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions, recovering hundreds of millions of dollars for lead plaintiffs and others harmed by corporate fraud and mismanagement.[4] Accordingly, the Court should approve the Irving Firemen's Fund's selection of Scott+Scott as lead counsel.

---

[4] Some of Scott+Scott's notable recoveries include: a settlement of $70 million for a class of purchasers of Credit Suisse stock in *Cornwell v. Credit Suisse Group, et al.*, No. 08-cv-03758 (S.D.N.Y.); a settlement of $80 million for a class of purchasers of Priceline stock in *In re Priceline.com Inc. Sec. Litig.*, No. 00-01844 (D. Conn.); and a $122 million settlement for purchasers of Mattel stock in *Thurber v. Mattel, Inc.*, No. 99-10368 (C.D. Cal.). Additional recent securities settlements obtained by Scott+Scott, acting as lead or co-lead counsel, include: *In re Emulex Corp. Sec. Litig.*, No. 01-00219 (C.D. Cal.) (settlement of $39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Cir. Ct. Jackson County, Mo.) (settlement of $50 million); *In re Northwestern Corp. Sec. Litig.*, No. 03-04049 (D.S.D.) (settlement of $61 million); *Irvine v. Imclone Sys., Inc.*, No. 02-00109 (S.D.N.Y.) (settlement of $75 million); *Schnall v. Annuity and Life Re (Holdings) Ltd.*, No. 02-02133 (D. Conn.) (settlement of $27 million); *In re Qwest Commc'ns Int'l, Inc.*, No. 02-08188 (Colorado District Court, City and County of Denver) (shareholder derivative settlement including significant corporate governance reforms and $25 million for the company); and *In re Lattice Semiconductor Corp. Derivative Litig.*, No. 043327

## IV. CONCLUSION

For all the foregoing reasons, the Irving Firemen's Fund respectfully requests that the Court: (1) appoint the Irving Firemen's Fund as lead plaintiff; (2) approve the Irving Firemen's Fund's selection of Scott+Scott to serve as lead counsel; and (3) order such other relief as the Court may deem just and proper.

DATED: New York, New York
December 26, 2012

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

/s/ Joseph P. Guglielmo
JOSEPH P. GUGLIELMO (JG-2447)
DAVID R. SCOTT (DS-8053)
DONALD BROGGI
The Chrysler Building
405 Lexington Avenue
40th Floor
New York, NY 10174-4099
Tel.: (212) 223-6444
Fax: (212) 223-6334
Email: jguglielmo@scott-scott.com
         drscott@scott-scott.com
         dbroggi@scott-scott.com

*Counsel For Proposed Lead Plaintiff
Irving Firemen's Relief and Retirement Fund*

---

(Cir. Ct. Oregon) (significant monetary recovery and business reforms, including termination of the then-CEO, termination and adoption of significant changes to the company's auditing, insider trading, executive compensation and other internal practices).

8

CERTIFICATE OF SERVICE

    I hereby certify that on December 26, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

    I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed this 26th day of December, 2012 at New York, New York.

    /s/ Joseph P. Guglielmo
JOSEPH P. GUGLIELMO (JG-2447)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
The Chrysler Building
405 Lexington Avenue
40th Floor
New York, NY 10174-4099
Tel.: (212) 223-6444
Fax: (212) 223-6334
Email: jguglielmo@scott-scott.com

9