UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT PORZIO, Individually and on Behalf Of All Others Similarly Situated,<br><br>    Plaintiffs,<br> v.<br><br>OVERSEAS SHIPHOLDING GROUP, INC., MORTEN ARNTZEN, and MYLES R. ITKIN,<br><br>    Defendants. | Civil Action No. 12-cv-07948 (SAS) |
| BRUCE MYATT, Individually and on Behalf Of All Others Similarly Situated,<br><br>    Plaintiffs,<br> v.<br><br>MORTEN ARNTZEN, and MYLES R. ITKIN,<br><br>    Defendants. | Civil Action No. 12-cv-08547 (SAS) |
| PAUL OTTO KOETHER IRA ROLLOVER, Individually and on Behalf Of All Others Similarly Situated,<br><br>    Plaintiff,<br> v.<br><br>MORTEN ARNTZEN, *et al.*,<br><br>    Defendants. | Civil Action No. 12-cv-009104-UA |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE OSG INVESTOR GROUP FOR APPOINTMENT AS CO-LEAD PLAINTIFFS, APPROVAL OF CO-LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL AND <u>CONSOLIDATING RELATED ACTIONS</u>**

Abe and Norma Hedaya, William Mills and Kristin Mondo (the "OSG Investor Group" or "Movants"), submit this memorandum of law in support of their motion for: (i) appointment as Co-Lead Plaintiffs pursuant to Section 21D of the Exchange Act of 1934 (the "1934 Act") and Section 27(a)(3)(b) of the Securities Act of 1933 (the "1933 Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (ii) approval of Movants' selection of Co-Lead Counsel; (iii) consolidation of the pending actions and any related actions filed in or transferred to this Court; and (iv) any other relief the Court may deem required.

## INTRODUCTION

This is a federal securities class action brought against Overseas Shipholding Group, Inc., Morten Arntzen, and Myles R. Itkin (collectively, the "Defendants"), for violations of Sections 10(b) and 20(a) of the 1934 Act and Sections 11 and 15 of the 1933 Act. The first above-captioned action asserted claims on behalf of the OSG common stock purchasers during the class period set forth therein (the "Stock Purchaser Class"). The OSG Investor Group includes members of the Stock Purchaser Class, as well as purchasers of OSG bonds issued during such class period, who seek to assert claims on behalf of such bond purchasers (the "Bond Purchaser Class").[1] Collectively, the Stock Purchaser Class and the Bond Purchaser Class (the "Class") consists of all persons, other than Defendants, who acquired common stock and/or bonds of Overseas Shipholding Group, Inc. ("OSG" or the "Company") between April 28, 2008 and October 22, 2012, inclusive (the "Class Period").[2]

---

[1] The OSG Investor Group seeks to assert claims under the 1934 Act on behalf of the Stock Purchaser Class and claims under the 1933 Act on behalf of the Bond Purchaser Class.

[2] In *In re WorldCom, Inc. Securities Litigation*, the lead plaintiff, having acquired WorldCom common stock during the relevant class period, had standing to assert Section 11 claims on behalf of investors in WorldCom's note offerings. 294 F. Supp. 2d 392, 422 (S.D.N.Y. 2003). Specifically, the Court held that the "argument that the [lead plaintiff] did not have standing to bring claims based on the [note] (continued...)

In securities class actions, the PSLRA requires district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i); 15 U.S.C. § 77z-4(a)(3)(B)(i). Movants should be appointed lead plaintiffs because they: (1) timely filed this motion; (2) to their counsel's knowledge, have the largest financial interest in the relief sought by the Class because, during the Class Period and as a result of Defendants' alleged misconduct, (i) Movants Abe and Norma Hedaya acquired 95,000 shares of OSG common stock during the Class Period and suffered $2,077,291.13 in losses, (ii) Movant William Mills acquired $25,000 in OSG bonds during the Class Period and suffered $9,413.44 in losses and (iii) Movant Kristin Mondo acquired $50,000 in OSG bonds during the Class Period and has suffered approximately $33,260.45 in losses; and (3) will fairly and adequately represent the interests of the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); 15 U.S.C. § 77z-4(a)(3)(B)(iii). In addition, Movants' selection of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") and Block & Leviton LLP ("Block & Leviton") as Co-Lead Counsel for the Class should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); 15 U.S.C. § 77z-4(a)(3)(B)(v).

## PROCEDURAL BACKGROUND

On October 25, 2012, Wolf Haldenstein and Block & Leviton filed an action captioned *Porzio v. Overseas Shipholding Group, Inc., et al.*, Case No. 12-cv-07948 in this Court. On the same day, Wolf Haldenstein and Block & Leviton published a notice of pendency of the class action over the widely-available, national business-oriented newswire service, *PRNewswire*, on

---

(…continued)

offerings blinks reality," and, further, that the "claims addressed specifically to the [note] offerings rely on the same course of conduct that underlies the claims addressed more generally to WorldCom's securities…" *Id.*

behalf of all persons who purchased OSG securities during the Class Period. The notice advised members of the proposed class of their right to move the Court to serve as lead plaintiff(s) no later than 60 days from the date of publication of the notice. *See* Declaration of Lawrence P. Kolker filed herewith ("Kolker Decl."), Ex. 1.[3]

On November 5, 2012, Robbins Geller Rudman & Dowd LLP filed an action captioned *Myatt v. Arntzen*, Case No. 1:12-cv-08547 in this Court. That same day, the *Myatt* action was referred as possibly related to an earlier filed action pending before Judge Louis L. Stanton captioned *Bhim v. Overseas Shipholding*, Case No. 12-cv-07938. The *Bhim* action has since been dismissed. On November 21, 2012, Bernstein Litowitz Berger & Grossmann LLP filed an action captioned *Paul Otto Koether IRA Rollover v. Arntzen*, Case No. 654037/2012 in the Supreme Court of the State of New York, County of New York, asserting claims on behalf of purchasers of OSG bonds.[4] In a letter dated December 17, 2012, counsel in the *Myatt* action requested that Judge Stanton transfer the *Myatt* action to Judge Shira A. Scheindlin because she is the presiding judge over the related case with the lowest docket number, the *Porzio* action. *See* Rule for the Division of Business Among District Judges Southern District of New York, Rule 13(d).

On December 20, 2012, this action was transferred to Judge Stanton. *See Porzio v. Overseas Shipholding Group, Inc.*, 12-cv-07948 (Docket No. 21). That same day, this case was re-transferred to Judge Scheindlin. *See id.* (Docket No. 22).

---

[3] The 60 day deadline expires on December 26th, 2012. Thus, Movants' current motion is timely and in compliance with the PSLRA.

[4] On December 13, 2012, the *Paul Otto* action was removed to this Court and referred to Judge Scheindlin as possibly related to referred as possibly related to *Porzio v. Overseas Shipholding*, Case No. 12-cv-07948. *See Paul Otto Koether IRA Rollover v. Arntzen*, Case No 12-cv-09104-UA (Docket No. 1).

3

## STATEMENT OF FACTS

The *Porzio* action alleges that OSG, through its officers and directors, made false and misleading statements and omissions regarding the Company's internal financial controls and its accounting for certain loan provisions and its tax treatments relating to its U.S. domiciliary and international operations. These statements are alleged to have been false and misleading when made because: (i) the Company was suffering from grossly deficient internal controls and therefore was susceptible to accounting fraud; (ii) Defendants failed to disclose the true nature of the accounting irregularities regarding their tax issues and loan provisions; and (iii) the Company's financial statements were inaccurate in numerous material respects. As a result of the foregoing, OSG common stock and bonds traded at artificially inflated levels during the Class Period.

On October 3, 2012, the Company announced, in a Form 8-K filing with the SEC, that issues relating to the Company's treatment of a tax issue had come to the Company's attention and that "[u]pon completion of the review process, which involves consultation with its professional advisors, the Company will make any additional disclosures deemed appropriate." On this news, the Company's share price fell from a closing price of $7.08 per share on October 2, 2012 to a closing price of $6.82 per share on October 3, 2012.

On October 22, 2012, the Company announced, in a Form 8-K filing with the SEC, that the Company's previously issued financials statements for at least the three years ended December 31, 2011 and associated interim periods, and for the fiscal quarters ended March 31 and June 30, 2012 should no longer be relied upon. Following the Company's October 22, 2012 announcement, OSG's share price plummeted. The Company's common stock closed at $3.25 per share on October 19, 2012, the last day of trading prior to the announcement of the need for financial restatement. OSG closed on October 22, 2012 at $1.23 per share, representing a loss of

over 62% of the value of OSG shares. Finally, on November 14, 2012, OSG filed a voluntary petition for bankruptcy in the United States Bankruptcy Court for the District of Delaware.

As detailed in the *Porzio* complaint, Defendants issued press releases, Form 10-Ks, Form 10-Qs and Form 8-Ks, that made materially false and misleading statements and omissions regarding the Company's internal financial controls and its accounting for certain loan provisions and its tax treatments relating to its U.S. domiciliary and international operations.

Accordingly, Movants seek to be appointed lead plaintiffs to allege causes of action under the 1934 Act and the 1933 Act on behalf of the Class.

## ARGUMENT

### I. The Court Should Consolidate The Actions

The *Porzio*, *Myatt* and *Paul Otto* actions should be consolidated pursuant to Rule 42(a), which provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Broad discretion is given to the court under this rule to consolidate cases pending within the District. *See* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2385 (2d ed. 1987).

The actions assert claims against many of the same defendants and involve common questions of law and fact. Specifically, the actions allege that throughout the Class Period Defendants intentionally misrepresented material facts about the business and operations of OSG in violation of federal securities laws, causing investors to purchase and/or sell the Company's securities at artificially inflated prices and sustain damages. When actions involving a common question of law or fact are pending before a court, the court may order all the actions

consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cost or delay. *Stone v. Agnico-Eagle Mines, Ltd.*, 280 F.R.D. 142, 143-144 (S.D.N.Y. 2012). In so doing, a district court has discretion in determining whether consolidation is appropriate. Here, there is no reason to proceed with multiple class actions covering the same putative classes and alleged wrongdoing. Moreover, the consolidation of related proceedings pursuant to Rule 42(a) will avoid the unnecessary waste of judicial resources and additional cost and delay to the parties: it would make little sense to have two competing class actions litigating the same dispute. *See Manual for Complex Litigation* ("*Manual*") § 10.123 (in complex litigation, related proceedings should be coordinated to further efficiency and effective case administration).

Movants further request, for the purpose of efficient and effective case administration, that additional class actions filed in or transferred to this district, arising out of the same operative facts and alleging causes of action under PSLRA, be similarly consolidated herewith and subject to the Court's order, as set forth in the [Proposed] Pretrial Order No. 1. *See* Kolker Decl., Ex. 11. In addition to providing for consolidation, the proposed order establishes orderly procedures for the captioning, filing, and docketing of papers in the actions, and in any cases that may hereafter be filed in or transferred to this Court. These procedures include the establishment of a uniform caption and master docket for the filing of documents relating to the consolidated actions. Such procedures, designed to enhance efficiency, are particularly necessary and appropriate in complex class action litigation such as this. *See Manual* § 11.21.

## II. Movants Should Be Appointed Lead Plaintiffs

### A. The Procedure Required by the PSLRA

The PSLRA governs the appointment of a lead plaintiff in "each private action arising under the [1933 and 1934 Act] that is brought as a plaintiff class action pursuant to the Federal

Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i); 15 U.S.C. § 77z-4(a)(1) and (a)(3)(B)(i). *First*, the plaintiff who files the initial action must publish notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i); 15 U.S.C. § 77z-4(a)(3)(A)(i). Here, Wolf Haldenstein and Block & Leviton published a notice of the *Porzio* action via *PRNewswire* on October 25, 2012.[5] *See* Kolker Decl., Ex. 1. *Second*, within 60 days after publication of the first notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) and (B); 15 U.S.C. § 77z-4(a)(3)(A) and (B). That period of time expires on December 26, 2012. *Third*, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B); 15 U.S.C. § 77z-4(a)(3)(B).

> In determining the "most adequate plaintiff," the PSLRA provides that:
>
> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that --
>
> (aa)    has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

---

[5] A similar notice under the PSLRA was published by the law firm of Pomerantz Grossman Hufford Dahlstrom & Gross LLP on October 24, 2012 in the action captioned *Bhim v. Overseas Shipholding*, Case No. 12-cv-07938, which was filed on behalf of a class consisting of all persons or entities who purchased or otherwise acquired securities of Overseas Shipholding between May 4, 2009 and October 19, 2012, inclusive. The *Bhim* action was thereafter dismissed. In any event, the deadline for filing lead plaintiffs motions in this action is December 26, 2012. *See* Endorsed Letter addressed to Judge Shira A. Scheindlin from David A. Rosenfeld dated 12/21/2012. No. 12-cv-07948 (Docket No. 23).

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); 15 U.S.C. § 77z-4(a)(3)(B)(iii).

### B. Movants Have Satisfied the Lead Plaintiff Requirements of the PSLRA

#### 1. Movants Have Complied with the PSLRA and Should Be Appointed Lead Plaintiffs

Pursuant to the provisions of the PSLRA, Movants have timely moved to be appointed lead plaintiffs within the requisite time frame on behalf of all members of the Class. Movants have duly signed and filed certifications stating that they have reviewed the complaint filed in the action and are willing to serve as representative parties on behalf of the Class. *See* Kolker Decl., Exs. 2, 4, 6. In addition, Movants have selected and retained experienced and competent counsel to represent themselves and the Class. *See* Kolker Decl., Exs. 9, 10.

Accordingly, Movants have satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-4(a)(3)(B) and are entitled to have their application for appointment as lead plaintiffs and selection of counsel, as set forth herein, considered and approved by the Court.

#### 2. Movants Have the Largest Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii) and 15 U.S.C. § 77z-4(a)(3)(B)(iii), the Court should appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action. During the Class Period, as evidenced by, among other things, the accompanying signed certifications, Movants Abe and Norma Hedaya acquired 95,000 shares of OSG common stock during the Class Period and suffered $2,077,291.13 in losses as a result of Defendants' misconduct. *See* Kolker Decl., Ex. 3. Also, as evidenced by, among other things, the accompanying signed certifications, Movant William

Mills acquired $25,000 in OSG bonds during the Class Period and suffered $9,413.44 in losses as a result of Defendants' misconduct. *See* Kolker Decl., Ex. 5. In addition, as evidenced by, among other things, the accompanying signed certifications, Movant Kristin Mondo acquired $50,000 in OSG bonds during the Class Period and has suffered approximately $33,260.45 in losses as a result of Defendants' misconduct. *See* Kolker Decl., Ex. 7. Movants therefore have a significant financial interest in this case. Movants have not received notice of any other applicant having a greater financial interest.

### 3. Movants Otherwise Satisfy Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted). "'Typicality' 'requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* at 173-74 (citation omitted). "'The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class. . . .'" *Id.* at 174 (citation omitted).

Here, Movants purchased OSG common stock or bonds during the Class Period, at prices artificially inflated by Defendants' materially false and misleading statements or omissions, and suffered damages as a consequence. Movants' claims therefore arise from the same common factual background as those of all other Class members. *See Sgalambo*, 268 F.R.D. at 174. In

9

this regard, Movants are similar to all other members of the Class. Movants are not subject to unique defenses and there is no evidence that they seek anything other than the greatest recovery for the Class, consistent with the merits of the claims. In addition, Movants have submitted Declarations stating that they have conferred and agreed to work together as a group in asserting the Class' claims. *See* Kolker Decl., Ex. 8. Consequently, Movants satisfy the typicality and adequacy requirements at this stage.

### III.    The Court Should Approve Movants' Choice of Counsel

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v) and 15 U.S.C. § 77z-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to court approval, select and retain counsel to represent the class they seek to represent. Movants have selected and retained Wolf Haldenstein and Block & Leviton to serve as Co-Lead Counsel for the Class. Wolf Haldenstein has more than four decades of extensive experience in successfully prosecuting complex securities actions and has frequently served as lead counsel in major actions in this and other courts. *See* Kolker Decl., Ex. 9. Wolf Haldenstein is unquestionably qualified to serve as Co-Lead Counsel for the Class. Similarly, the attorneys at Block & Leviton have collectively prosecuted securities class action cases for more than fifty years and have recovered well in excess of $1.0 billion for shareholders. *See* Kolker Decl., Ex. 10. Block & Leviton is unquestionably qualified to serve as Co-Lead Counsel for the Class.

Because there is nothing to suggest that Movants or their proposed Co-Lead Counsel will not fairly and adequately represent the Class, or that Movants are subject to unique defenses, the Court should appoint Movants as Co-Lead Plaintiffs and approve Movants' selection of Wolf Haldenstein and Block & Leviton as Co-Lead Counsel for the Class.

## CONCLUSION

Movants have satisfied each of the PSLRA's requirements for appointment as lead plaintiffs. Therefore, Movants respectfully request that the Court grant their motion for appointment as Co-Lead Plaintiffs, approve their selection of Co-Lead Counsel, consolidate related the actions, and grant such other relief as the Court may deem just and proper.

Dated:  December 26, 2012

Respectfully submitted,

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

/s/  Lawrence P. Kolker
Lawrence P. Kolker
Gregory M. Nespole
Giti Baghban
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
kolker@whafh.com
nespole@whafh.com
baghban@whafh.com

**BLOCK & LEVITON LLP**

/s/  Jeffrey C. Block
Jeffrey C. Block
Jason M. Leviton (*pro hac vice* forthcoming)
Steven P. Harte
Jeff@blockesq.com
Jason@blockesq.com
Steven@blockesq.com
155 Federal Street, Suite 1303
Boston, MA 02110
Telephone: 617.398.5600

*Counsel for Movants and Proposed Co-Lead Counsel*

11