UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT PORZIO, Individually And On Behalf Of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> vs.<br><br>OVERSEAS SHIPHOLDING GROUP, INC., MORTEN ARNTZEN, and MYLES R. ITKIN,<br><br>    Defendants. | Civil Action: 1:12-cv-7948-SAS |
| BRUCE MYATT, Individually And On Behalf Of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>MORTEN ARNTZEN, and MYLES R. ITKIN,<br><br>    Defendants. | Civil Action: 1:12-cv-08547-LLS |
| PAUL OTTO KOETHER IRA ROLLOVER, on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>MORTEN ARNTZEN, MYLES R. ITKIN, OUDI RACANATI, G. ALLEN ANDREAS II, ALAN R. BATKIN, THOMAS B. COLEMAN, CHARLES A. FRIBOURG, STANLEY KOMAROFF, SOLOMON N. MERKIN, JOEL I. PICKET, ARIEL RECANATI, THOMAS F. ROBARDS, JEAN-PAUL VETTIER, MICHAEL ZIMMERMAN, CITIGROUP GLOBAL MARKETS INC., MORGAN STANLEY & CO. INCORPORATED, HSBC | Civil Action: 1:12-cv-9104-JU |

SECURITIES (USA) INC., DEUTSCHE BANK
SECURITIES INC., DnB NOR MARKETS,
INC.; GOLDMAN, SACHS & CO., ING
FINANCIAL MARKETS LLC,
PRICEWATERHOUSECOOPERS, LLP

                              Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
THE RILEY GROUP'S MOTION CONSOLIDATING RELATED CASES,
APPOINTING LEAD PLAINTIFF FOR THE REGISTRATION STATEMENT CLASS
AND APPROVING SELECTION OF COUNSEL**

## PRELIMINARY STATEMENT

Movants Richard W. Riley, Francis E. McGurk, Jr., Kenneth Mittelberg, David Michaels, and Carol Reff (the "Riley Group") assert claims arising from their purchase of Overseas Shipholding Group, Inc.'s ("OSG" or the "Company") 8 1/8% Senior Notes due 2018 ("2018 Senior Notes") pursuant and/or traceable to the Company's prospectus, dated March 22, 2010 (the "Prospectus"), against the directors of OSG[1] and the underwriters of the Prospectus. The Riley Group respectfully submits this memorandum of law in support of its motion for an order (i) consolidating the related actions; (ii) appointing it as Lead Plaintiff to represent a class (hereafter, the "Registration Statement Class"), consisting of purchasers of OSG's 2018 Senior Notes pursuant and/or traceable to the Prospectus, under § 27(a)(3)(B)(i) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B)(i); and (iii) approving its selection of Gainey & McKenna as lead counsel, under § 27(a)(3)(B)(v), 15 U.S.C. § 77z-l(a)(3)(B)(v) of the Securities Act.

The Securities Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), requires that courts appoint as lead plaintiffs those members of the putative class that have satisfied certain procedural prerequisites and who constitute the "most adequate representative" of the prospective class. The Riley Group satisfies all of the criteria for selection as a lead plaintiff to represent the Registration Statement Class. Its claims are typical of the claims of other Registration Statement Class members and it will fairly and adequately represent the interests of the Registration Statement Class in the Securities Act action. Accordingly, the Riley Group should be appointed Lead Plaintiff on behalf of the Registration Statement Class.

---

[1]    OSG is not a defendant in the Section 11 Securities Act action. On November 14, 2012, OSG filed voluntary petitions for reorganization for itself and 180 of its subsidiaries under Chapter 11 of Title 11 of the United States Code in the U.S. Bankruptcy Court for the District of Delaware. The docket number for OSG bankruptcy proceeding is 12-20000.

The Riley Group also respectfully requests that the Court approve its choice of counsel (Gainey & McKenna) to serve as lead counsel, in accordance with the Securities Act claims. Gainey & McKenna has extensive experience and is well-qualified to represent the interests of all Registration Statement Class members.

## PROCEDURAL BACKGROUND

Pending before this Court are three (3) related federal securities class actions against certain officers and directors of OSG and the underwriters of OSG's 2018 Senior Notes Prospectus that raise common issues of law or fact. Two of the actions have been brought on behalf of purchasers of OSG common stock and allege that certain officers of the Company violated Sections 10(b) and 20(a) of the Exchange Act, and Rule 10(b)-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"). The third action was filed by Paul Otto Koether IRA Rollover and has been brought on behalf of purchasers of 2018 Senior Notes of OSG. The third action alleges that the Company's Board of Directors and the underwriters of the Prospectus violated claims under sections 11, 12(a)(2) and 15 of the Securities Act as the Registration Statement and Prospectus contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation.

The Riley Group purchased 2018 Senior Notes of OSG pursuant to a Registration Statement issued by OSG in connection with a Prospectus. The Riley Group seeks to represent a class of purchasers of 2018 Senior Notes of OSG who have claims under the Securities Act. The Riley Group has statutory claims under sections 11, 12(a)(2) and 15 of the Securities Act against the persons who signed the Registration Statement, and the underwriters.

## STATEMENT OF FACTS

The Complaint alleges that OSG is a major international shipping company incorporated in Delaware and headquartered in New York City.  ¶ 14.[2]  On or about March 22, 2010, OSG filed with the SEC a Form S-3 Registration Statement for the sale of 2018 Senior Notes.  On that same date, a Prospectus with respect to the Offering of $300,000,000 OSG 8 1/8% Senior Notes due 2018, which forms part of the Registration Statement, was filed with the SEC.  ¶¶ 3, 49.  The Registration Statement and Prospectus contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation.

In particular, the Complaint alleges that (1) the Company improperly accounted for certain tax liabilities; (2) as a result, the Company's financial results were misstated; (3) the Company lacked adequate internal and financial controls; and (4) as a result, the Registration Statement and Prospectus were materially false and misleading.  ¶¶ 63-72.

On October 22, 2012 the Company filed a Form 8-K with the SEC disclosing that on October 19, 2012 "the Audit Committee of the Board of Directors of the Company, on the recommendation of management, concluded that the Company's previously issued financial statements for at least the three years ended December 31, 2011 and associated interim periods, and for the fiscal quarters ended March 31 and June 30, 2012, should no longer be relied upon."

## ARGUMENT

## I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Under the traditional principles of consolidation, complaints may be consolidated when they arise from a common nucleus of facts even though the individual claims or causes of action

---

[2]      Citations to "¶___," are to paragraphs of the Class Action Complaint filed in *Paul Otto Koether IRA Rollover v. Arntzen et al.*, 1:12-cv-09104-UA.

are different and based on different laws.  As one court has recently noted, "neither Rule 42 nor

the PSLRA demands that the actions be identical." *Takeda v. Turbodyne Techs. Inc.*, 67 F. Supp.

2d 1129, 1133 (C.D. Cal. 1999).  Indeed, it has long been routine in federal securities actions to

consolidate such complaints, and considered prejudicial to defendants not to consolidate such

actions. *See, e.g., Fields v. Wolfson*, 41 F.R.D. 329, 330 (S.D.N.Y. 1967).

      Here, the allegations in the above-captioned actions are based on the same underlying

facts and events.  The consolidation of these actions will expedite pretrial proceedings, reduce

duplication, avoid contacting of parties and witnesses for inquiries in multiple proceedings and

minimize the expenditure of time and money by all persons concerned.  Moreover, consolidation

will reduce the confusion and delay that may result from prosecuting these related class action

cases separately.

## II.    THE RILEY GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A.    The Riley Group Has Satisfied The Procedural Requirements Of The PSLRA

      Under the Securities Act, as amended by the PSLRA, a person seeking to serve as lead

plaintiff must fulfill certain procedural prerequisites prior to being appointed to serve in such a

capacity.  The first plaintiff who commences a securities class action must publish a notice to the

class, within twenty days of filing the action, informing class members of the pendency of the

action and their right to file a motion for appointment as lead plaintiff.  *See* § 27(a)(3)(A)(i), 15

U.S.C. § 77-l(a)(3)(A)(i).  Next, within sixty days after the publication of notice, any person or

group of persons who are members of the proposed class may apply to the court to be appointed

as lead plaintiffs, whether or not they have previously filed a complaint in the action.  *Id.*

      All the procedural requirements set forth in the Securities Act have been fulfilled.  On

October 24, 2012, a complaint was filed against OSG and certain officers of the Company,

asserting claims that they violated Sections 10(b) and 20(a) of the Exchange Act, and Rule l0(b)-5 promulgated thereunder.[3]   On that same day, a notice of the pendency of the action was published and disseminated over *Globe Newswire* – a widely circulated, national, business-oriented wire service (the "Notice") – informing purchasers of OSG *securities* that a class action had been filed.   A copy of the Notice is attached as Exhibit C to the Declaration of Thomas J. McKenna in Support of the Riley Group's Motion Consolidating Related Cases, Appointing Lead Plaintiff for the Registration Statement Class, and Approving Selection of Counsel (the "McKenna Declaration" or "McKenna Decl."), filed concurrently herewith.   As required by the Securities Act, the Notice advised members of the proposed Registration Statement Class of their right to move the court to serve as lead plaintiffs no later than sixty days after the publication of Notice.   The present motion has been made within sixty days of the issuance of the Notice. Thus, the Riley Group has satisfied all procedural prerequisites.

### B.   The Riley Group Constitutes "The Most Adequate Plaintiff"

The Securities Act, as amended by the PSLRA, mandates that not more than ninety days after publication of the initial notice a court shall consider any motion made by any class member, and appoint as lead plaintiff, the member(s) of the class that the court determines to be most capable of adequately representing the class members' interests.   *See* § 27(a)(3)(B)(i), 15 U.S.C. § 77z-(a)(3)(B)(i).   Under the Securities Act, such persons are referred to as the "most adequate plaintiff."   *Id.*

The Securities Act dictates that courts ***must presume*** that:

> [T]he most adequate plaintiff in any private action arising under this title is ***the person or group of persons*** that –

---

[3]   *Bhim v. Overseas Shipholding Group, Inc. et al.*, 12-cv-07938-LLS was filed on October 24, 2012 (the "*Bhim Action*").   On December 7, 2012, the *Bhim Action* was voluntarily dismissed with prejudice. *See* Docket Entry 8.

(aa)    has either filed the complaint or made a motion in response to a notice,

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Securities Act § 27(a)(3)(B)(iii)(I), 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) (emphasis added).

The Riley Group, who is entitled to this presumption, is demonstrably the most adequate plaintiff for the Registration Statement Class.

### (i)    The Riley Group Has Moved to be Appointed as Lead Plaintiff

The Riley Group has fulfilled the first prong of the foregoing statutory test for determining the most adequate plaintiff. The Riley Group has attested to its willingness to serve as a representative on behalf of the Registration Statement Class and has made its motion in response to the published Notice of the action.[4] Therefore, this element is satisfied.

### (ii)    The Riley Group Has the Largest Financial Interest in the Section 11 Claims Asserted

The second prong of the test for the "most adequate plaintiff" requires the proposed lead plaintiff to have the largest financial interest in the relief sought by the action. The Riley Group suffered damages of approximately $383,551.35 on its purchase of OSG's 2018 Senior Notes. *See* Riley Group's certifications, attached as Exhibit A to the McKenna Declaration, and a chart of the Riley Group's damages, attached as Exhibit B to the McKenna Declaration. The Riley Group is unaware of any other person or group of persons moving for lead plaintiff status with respect to the Section 11 claims on behalf of the Registration Statement Class. Thus, the Riley

---

[4]    The Riley Group members have executed certifications attesting to, *inter alia*, their willingness to serve as a lead plaintiff in this action, and listing their transactions in OSG's 2018 Senior Notes. The Riley Group's certifications are attached as Exhibit A to the McKenna Declaration.

Group is presumptively the most adequate plaintiff. *See* Securities Act, § 27(a)(3)(B)(iii)(I)(bb), 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb).

(iii)    <u>**The Riley Group Satisfies Rule 23**</u>

The Securities Act, as amended by the PSLR, dictates that the proposed lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* § 27(a)(3)(B)(iii)(I)(cc), 15 U.S.C. § 77z- l(a)(3)(B)(iii)(I)(cc). To satisfy Rule 23, plaintiffs seeking class certification must demonstrate that: (1) the number of class members is so large that joinder of all class members is impracticable; (2) common issues of law and fact exist and predominate over individual questions; (3) the class representatives are typical of class members; (4) the class representatives will fairly and adequately protect the interests of the class; and (5) a class action is superior to individual actions. *See* Fed. R. Civ. P. 23(a) and (b)(3).

Courts have consistently held that in a motion for appointment of lead plaintiff, such a plaintiff need only make a preliminary showing of typicality and adequacy under Rule 23(a). *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

(a)    <u>**The Riley Group Fulfills the Typicality Requirement**</u>

Under Rule 23(a), typicality is satisfied when the moving plaintiff has (1) suffered the same injuries as the absent class members; (2) as a result of the same course of conduct by defendants; and (3) their claims are based on the same legal issues. *See, e.g., Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007); *see also Blackmoss Investments, Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 191 (S.D.N.Y. 2008) ("At this stage of the litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met."). The questions of law and fact common to the

members of the Registration Statement Class which predominate over any other questions include:

      (a)     whether Defendants violated federal securities laws;

      (b)     whether the Registration Statement, and financial statements incorporated therein, issued by OSG in connection with the 2018 Senior Notes made misrepresentations or omissions of material information (the "Registration Statement");

      (c)     whether Plaintiff and the members of the Registration Statement Class have been damaged; and

      (d)     the proper measure of damages.

As a result, there is a well-defined community of interest in the questions of law and fact involved in this case, and the claims asserted by the Riley Group are typical of the claims of the proposed Registration Statement Class members.   The Riley Group and members of the Registration Statement Class allege that Defendants violated the Securities Act by publicly disseminating materially false and misleading statements about OSG to the investing public via the Registration Statement.  The Riley Group acquired OSG's 2018 Senior Notes pursuant to the Registration Statement without knowledge that OSG's financial statements incorporated in the Registration Statement were false and misleading.  Because the claims asserted by the Riley Group are based on the same legal theories and arise "from the same event or course of conduct giving rise to the claims of other class members," typicality is satisfied.  *See Barnet v. Elan Corp.*, 236 F.R.D. 158, 163 (S.D.N.Y. 2005).

### (b)     The Riley Group Fulfills the Adequacy Requirement

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class."  In order to satisfy adequacy of representation, counsel must be qualified, experienced, and able to prosecute the action vigorously, and the class representatives

must not have interests antagonistic to the class members. *See, e.g.*, *In re General Elec. Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009).

The Riley Group's interests are clearly aligned with the members of the proposed Registration Statement Class and there is no evidence of any antagonism between the interests of the Riley Group and the proposed Registration Statement Class members. As detailed above, the Riley Group shares substantially similar questions of law and fact with the members of the proposed Registration Statement Class and its claims are typical of the members of the Registration Statement Class. The Riley Group has amply demonstrated its adequacy as class representative by signing sworn certifications affirming its willingness to serve as, and assume the responsibilities of, a class representative. *See* McKenna Declaration, Exhibit A. In addition, the Riley Group has selected a law firm that is highly experienced in prosecuting securities class actions such as this to represent him. *See* Part C below. The Riley Group satisfies the adequacy requirement under Rule 23(a)(4).

C.    **The Court Should Approve The Riley Group's Choice Of Counsel**

The Securities Act, as amended by the PSLRA, vests authority in the lead plaintiff to select and retain counsel, subject to court approval. *See* § 27(a)(3)(B)(v), 15 U.S.C. § 77z-l(a)(3)(B)(v); *see also In re Peregrine Sys., Inc. Sec. Litig.*, No. Civ.02 CV 870-J(RBB), 2002 WL 32769239, at *11 (S.D. Cal. Oct. 11, 2002) ("The court finds that these issues are appropriately addressed at this stage of the litigation by appointment of co-lead plaintiffs, one to lead litigation with respect to the section 11 plaintiffs and another to lead litigation with respect to the section 10(b) plaintiffs."); *In re Nanophase Tech. Corp. Litig.*, Nos. 98 C 3450, 98 C 7447, 1999 U.S. Dist. LEXIS 16171, at *16 (N.D. Ill. Sept. 27, 1999) (appointing co-lead plaintiffs on section 10 and section 11 claims because the legal standards and facts were "exceedingly

11

different"); *Miller v. Ventro Corp.*, No. 01-CV-1287, 2001 WL 34497752, at *11 (N.D. Cal. Nov. 28, 2001) (appointing one stockholder and one bondholder co-lead plaintiffs, with each having decision-making power for their subclass on issues only concerning them); *Harold Roucher Trust U/A DTD 09/21/72 v. Franklin Bank Corp.*, Civil Action No. 4:08–cv–1810, 2009 WL 1941864 (S.D. Tex. July 6, 2009) (Ellison, J.) (appointing separate lead plaintiff after lead plaintiff did not include preferred stockholders in Consolidated Amended Complaint because "it d[id] not have standing to pursue their claims"). *In re BP, PLC Secs. Litig.*, 758 F. Supp. 2d 428, 441 (S.D. Tex. 2010) (". . . contrary to those courts that have held that co-lead plaintiffs and subclasses should be avoided, the PSLRA clearly envisions the appointment of multiple lead plaintiffs in some cases.").

Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interests of the plaintiff class." *See* Statement of Managers – The "Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H13691-08, at H13700, H. R. Conf Rpt. No. 104-369, at 62, 104th Cong. 1st Sess. (Nov. 28, 1995). The Riley Group has selected Gainey & McKenna as lead counsel to represent it and the proposed Registration Statement Class. Gainey & McKenna has extensive experience in prosecuting securities class action litigation, as detailed in the firm's resume attached as Exhibit D to the McKenna Declaration. As a result of its extensive experience in class action litigation involving issues similar to those raised in this action, the Riley Group's counsel has skills and knowledge which will enable it to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by granting this motion, the members of the Registration Statement Class will receive adequate legal representation.

## CONCLUSION

For all of the above reasons, the Riley Group respectfully requests that this Court enter an order (i) consolidating the actions; (ii) appointing the Riley Group as Lead Plaintiff to represent the Registration Statement Class and (iii) approving its selection of the law firm of Gainey & McKenna as lead counsel for the Registration Statement Class.

Dated: December 26, 2012

Respectfully submitted,

**GAINEY & McKENNA**

By: *Thomas J. McKenna*
Thomas J. McKenna
Gregory M. Egleston (of counsel)
440 Park Avenue South, 5th Floor
New York, NY 10016
Telephone: 212-983-1300
Facsimile: 212-983-0380
Email: tjmlaw2001@yahoo.com
Email: tjmckenna@gaineyandmckenna.com
Email: egleston@gme-law.com

*Proposed Lead Counsel for the*
*Registration Statement Class*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 26, 2012.

/s/ Thomas J. McKenna
Thomas J. McKenna