**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PAUL OTTO KOETHER IRA ROLLOVER, On Behalf of Itself and All Others Similarly Situated,<br><br>          Plaintiff,<br><br>     v.<br><br>MORTEN ARNTZEN, MYLES R. ITKIN, OUDI RECANATI, G. ALLEN ANDREAS III, ALAN R. BATKIN, THOMAS B. COLEMAN, CHARLES A. FRIBOURG, STANLEY KOMAROFF, SOLOMON N. MERKIN, JOEL I. PICKET, ARIEL RECANATI, THOMAS F. ROBARDS, JEAN-PAUL VETTIER, MICHAEL J. ZIMMERMAN, CITIGROUP GLOBAL MARKETS, INC., MORGAN STANLEY & CO. INCORPORATED, HSBC SECURITIES (USA) INC., DEUTSCHE BANK SECURITIES INC., DNB NOR MARKETS, INC., GOLDMAN, SACHS & CO., ING FINANCIAL MARKETS LLC, PRICEWATERHOUSECOOPERS LLP,<br><br>          Defendants. | Civil Action No. 12-cv-9104 |
| BRUCE MYATT, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>     v.<br><br>MORTEN ARNTZEN and MYLES R. ITKIN,<br><br>          Defendants. | Civil Action No. 12-cv-8547 |

| | |
|---|---|
| ROBERT PORZIO, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>OVERSEAS SHIPHOLDING GROUP, INC., MORTAN ARNTZEN, and MYLES R. ITKIN,<br><br>      Defendants. | Civil Action No. 12-cv-7948 |
| INDIANA TREASURER OF STATE, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>G. ALLEN ANDREAS III, MORTEN ARNTZEN, ALAN R. BATKIN, THOMAS B. COLEMAN, CHARLES A. FRIBOURG, MYLES R. ITKIN, STANLEY KOMAROFF, SOLOMON N. MERKIN, JOEL I. PICKET, ARIEL RECANATI, OUDI RECANATI, THOMAS F. ROBARDS, JEAN-PAUL VETTIER, MICHAEL J. ZIMMERMAN, CITIGROUP GLOBAL MARKETS, INC., DEUTSCHE BANK SECURITIES INC., DNB NOR MARKETS, INC., GOLDMAN, SACHS & CO., HSBC SECURITIES (USA) INC., ING FINANCIAL MARKETS LLC, MORGAN STANLEY & CO.  INC. and PRICEWATERHOUSECOOPERS LLP,<br><br>      Defendants. | Civil Action No. 12-cv-9363 |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF PAUL OTTO KOETHER IRA ROLLOVER FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF ITS SELECTION OF LEAD COUNSEL, AND CONSOLIDATION OF ALL RELATED ACTIONS**

## <u>TABLE OF CONTENTS</u>

Page (s)

TABLE OF AUTHORITIES ...................................................................................... ii

PRELIMINARY STATEMENT ................................................................................. 1

SUMMARY OF THE ACTIONS ............................................................................... 4

ARGUMENT ............................................................................................................. 5

    I.      Koether Has a Significant Financial Interest In The Outcome of the Litigation .... 6

    II.    Koether Otherwise Satisfies the Relevant Requirements of Rule 23 .................... 6

    III.   The Court Should Approve Koether's Selection of Lead Counsel ........................ 8

    IV.   All Related Actions Should be Consolidated ....................................................... 10

CONCLUSION ........................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Bank of America Corp. Sec., Deriv., and ERISA Litig.*,
    No. 09-md-02058-PKC (S.D.N.Y.) ...................................................................9

*Bhim v. Arntzen*,
    No. 12-cv-7938 (S.D.N.Y.) ..............................................................................2

*Canson v. WebMD Health Corp.*,
    No. 11-cv-5382-JFK, 2011 WL 5331712 (S.D.N.Y. Nov. 7, 2011)....................6

*In re Citigroup, Inc. Bond Litig.*,
    No. 08 Civ. 9522 (SHS)......................................................................................9

*Glauser v. EVCI Center Colleges Holding Corp.*,
    236 F.R.D. 184 (S.D.N.Y. 2006) ......................................................................10

*Indiana Treasurer of State et al. v. G. Allen Andreas III et al.*,
    No. 12 Civ. 09363 (S.D.N.Y.) ...........................................................................2

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ........................................................................10

*Michael Bhim et al. v. Morten Arntzen et al.*,
    No. 12-cv-7938-LLS (S.D.N.Y.) ........................................................................5

*Myatt et al. v. Morten Arntzen  et al.*,
    No. 12-cv-8547-LLS (S.D.N.Y.) ................................................................2, 3, 5, 6

*In re Nortel Networks Corp. Sec. Litig.*,
    No. 05-md-1659-LAP (S.D.N.Y.) ......................................................................9

*Paul Otto Koether IRA Rollover et al.  v. Morten Arntzen, et al.*,
    12-cv-9104 (S.D.N.Y.)....................................................................................2, 3

*Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin.*
    *Holdings Ltd.*,
    No. 11-cv-5097-JFK, 2011 WL 4831209 (S.D.N.Y. Oct. 12, 2011)........................7

*Porzio v. Overseas Shipholding Group, Inc.*,
    No. 12-cv-7948-SAS (S.D.N.Y.) ................................................................1, 3, 5, 6

*Public Employees' Retirement Sys. of Miss. v. Merrill Lynch & Co., Inc.*,
   No. 09-cv-1392-JSR (S.D.N.Y.) ............................................................................9

*In re Refco, Inc. Sec. Litig.*,
   No. 05-cv-8626-JSR (S.D.N.Y.) ............................................................................9

*Vale v. McGuinn*,
   No. 09-cv-3807-RMB, 2009 WL 3297490 (S.D.N.Y. Oct. 13, 2009) ....................6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008)..................................................................7, 8

*Vijayan v. Overseas Shipholding Group, Inc.*,
   No. 12-cv-8043 (S.D.N.Y.)....................................................................................2

*In re Wachovia Preferred Securities and Bond/Notes Litigation*,
   No. 09 Civ. 6351 (RJS)..........................................................................................9

*Weltz v. Lee*,
   199 F.R.D. 129 (S.D.N.Y. 2001) ..........................................................................10

*In re WorldCom, Inc. Sec. Litig.*,
   02-cv-03288-DLC (S.D.N.Y.) ................................................................................9

*Xianglin Shi v. Sina Corp.*,
   No. 05-cv-2154-NRB, 2005 WL 1561438 (S.D.N.Y. July 1, 2005) ........................7

## STATUTES

15 U.S.C. § 77 ............................................................................................ passim

15 U.S.C. § 78 ............................................................................................ passim

## OTHER AUTHORITIES

Fed. R. Civ. P. 23 .................................................................................3, 6, 7

Fed. R. Civ. P. 42 ....................................................................................10

Plaintiff Paul Otto Koether IRA Rollover ("Koether") respectfully submits this memorandum in support of its motion (1) to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), and Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) for approval of its selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class; (3) for consolidation of all related actions; and (4) for any such further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

There are four securities class actions currently pending in this District that have been filed on behalf of investors in Overseas Shipholding Group, Inc. ("Overseas" or the "Company"). These cases arise out of allegations of substantial wrongdoing at Overseas, including alleged materially false and misleading statements to investors by, *inter alia*, reporting materially overstated net income and earnings per share. The truth regarding Overseas' financial results began to be revealed on October 3, 2012, when Overseas announced the resignation of a director and audit committee member because of a "disagreement with the Board" relating to "a tax issue." Later, on October 22, 2012, the Company further revealed that, in connection with the investigation into the tax issues raised on October 3, its financial results for "at least" the period from 2009 through mid-2012 "should no longer be relied upon" and had to be withdrawn. Overseas filed for bankruptcy on November 14, 2012.

Two of the three currently pending class actions assert solely fraud-based claims arising under the Securities Exchange Act of 1934 (the "Exchange Act") on behalf of Overseas' common stock investors. *See Porzio v. Overseas Shipholding Group, Inc.*, No. 12-cv-7948-SAS

1

(S.D.N.Y.) (filed Oct. 25, 2012) (the "Porzio Action"); and *Myatt v. Arntzen*, No. 12-cv-8547-LLS (S.D.N.Y.) (filed Nov. 21, 2012) (the "Myatt Action").[1]

The third pending class action is the Koether Action, which was the first action to assert non-fraud claims pursuant to Sections 11, 12(a)(2), and 15 (15 U.S.C. §§ 77k and 77o) of the Securities Act.  The Koether Action alleges that the offering materials for the Company's March 24, 2010 $300 million registered public offering of 8.125% Senior Notes due 2018 (the "Bond Offering") contained materially false and misleading statements, and names as defendants certain of Overseas' executive officers and directors, and the underwriters who sold the Company's bonds to the public.  *See Paul Otto Koether IRA Rollover v. Morten Arntzen, et al.,* 12-cv-9104 (S.D.N.Y.) (the "Koether Action").[2]  The fourth pending class action was publicly filed on December 24, 2012, near the very end of the PSLRA notice period and more than one month after the Koether Action was originally filed.  This last action, captioned *Indiana Treasurer of State v. G. Allen Andreas III*, No. 12 Civ. 09363 (S.D.N.Y.), is essentially identical to the Koether Action, as it arises out of the same conduct as alleged in the Koether Action, asserts identical Securities Act claims, and names the same Defendants as were named in the Koether Action.

---

[1] Two other securities class actions asserting claims under the Exchange Act were filed in this District but subsequently dismissed.  *Bhim v. Arntzen*, No. 12-cv-7938 (S.D.N.Y.) (voluntarily dismissed Dec. 7, 2012); *Vijayan v. Overseas Shipholding Group, Inc.*, No. 12-cv-8043 (S.D.N.Y.) (voluntarily dismissed Nov. 14, 2012).

[2] The Securities Act Defendants named in the Koether Action include officer and director defendants Morten Arntzen, Myles R. Itkin, Oudi Recanati, G. Allen Andreas III, Alan R. Batkin, Thomas B. Coleman, Charles A. Fribourg, Stanley Komaroff, Solomon N. Merkin, Joel I. Picket, Ariel Recanati, Thomas F. Robards, Jean-Paul Vettier, and Micahel J. Zimmerman.  The underwriter defendants are Citigroup Global Market's Inc., Morgan Standley & Co. Incorporated, HSBC Securities (USA) Inc. Deutsche Bank Securities Inc., DnB Nor Markets, Inc., Goldman, Sachs & Co., ING Financial Markets LLC, and the auditor defendant is PricewaterhouseCoopers LLP.

The Koether Action was originally filed on November 21, 2012 in the Supreme Court for the State of New York, County of New York.  On December 12, 2012, Defendants filed a Notice of Removal contending that the Koether Action is (1) "related to" ongoing bankruptcy proceedings in federal court; and (2) should be in federal court pursuant to the Securities Litigation Uniform Standards Act ("SLUSA").  *See Koether Action*, ECF Doc. No. 1 (Notice of Removal).  Defendants simultaneously filed a Statement of Relatedness contending that that the Koether Action was related to the Porzio Action and the Myatt Action.  *See id.*, ECF Doc. No. 2 (Statement of Relatedness).  On December 13, 2012, the Koether Action was referred to this Court as possibly related to the Porzio Action.

Pursuant to the PSLRA, this Court should appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. §§ 77z-1(a)(3)(B)(i), 78u-4(a)(3)(B)(i).  In that regard, the Court should assess which movant has the "largest financial interest" in the relief sought by the Class in this litigation and which movant has made a prima facie showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I).  For the reasons set forth below, Koether believes that it is the "most adequate plaintiff" by virtue of its substantial losses on its investments in Overseas securities, as well as by virtue of its demonstrated willingness to take affirmative steps to represent the interests of the class.

Indeed, as discussed herein, Koether has already (a) retained counsel; (b) directed counsel to investigate potential claims under the federal securities laws; and (c) filed the first class action complaint to assert claims under the Securities Act on behalf of investors in Overseas' bond securities.[3]   Further, Koether fully understands the obligations of a Lead Plaintiff under the

---

[3] Koether's PSLRA-required Certification is attached as Exhibit A to the Declaration of John C.

PSLRA and is willing and able to undertake these responsibilities to guarantee vigorous prosecution of this action. Koether has selected Bernstein Litowitz, a law firm with substantial experience in successfully prosecuting securities class actions, to serve as Lead Counsel for the Class. Accordingly, Koether respectfully requests that the Court appoint it as Lead Plaintiff and otherwise grant its motion.

## SUMMARY OF THE ACTIONS

Overseas is one of the world's largest international shipping companies, and is primarily engaged in the ocean transport of crude oil and petroleum products. The Company is headquartered in New York City. Overseas is alleged to have made a series of materially false and misleading statements concerning its financial results, including its tax position, net income, and diluted earnings per share. The Company made these alleged misstatements in its public filings, including in offering materials filed with the Securities and Exchange Commission in respect of the Company's March 24, 2010 $300 million registered public offering of 8.125% Senior Notes due 2018 (defined above as the "Bond Offering"). The truth regarding Overseas' financial results was revealed beginning on October 3, 2012, when the Company disclosed that a member of the Board's Audit Committee, G. Allen Andreas III, had resigned from the Board and all of its committees effective immediately. Mr. Andreas letter of resignation stated that his "resignation result[ed] from a disagreement with the Board as to the process the Board [was] taking in reviewing a tax issue," urge[d] [the Board's Chairman] to report this issue to [the Company's outside] auditors, PricewaterhouseCoopers LLP" and explained that Mr. Andreas "had hoped in prior discussions to convince the Board and Audit Committee to follow a different

---

Browne in Support of the Motion of Paul Otto Koether IRA Rollover For Appointment as Lead Plaintiff, Approval of its Selection of Lead Counsel, and Consolidation of All Related Actions (the "Browne Decl."). The class action complaint filed by Koether is attached as Exhibit B to the Browne Decl.

direction," but that he "was unsuccessful in those efforts" and "[a]s a result, [he had] decided to tender [his] resignation."  In response to Mr. Andreas' letter of resignation, Overseas denied that there was disagreement with Mr. Andreas, and stated that the Company and the board "do not understand" why Mr. Andreas stated that he was resigning because of a disagreement with the Board.  On October 22, 2012, Overseas revealed that, in connection with the investigation into the tax issues raised by Mr. Andreas' resignation, its financial results for "at least" the period from 2009 through mid-2012 "should no longer be relied upon" and had to be withdrawn.  In the wake of these disclosures, Standard & Poor's Rating Service downgraded Overseas to "CCC-" and the price of the Company's securities dropped precipitously.  On November 14, 2012, Overseas filed for bankruptcy protection under Chapter 11, Title 11 of the United States Code.

## ARGUMENT

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting similar claims has been filed. *See* 15 U.S.C. §§ 77z-1(a)(3)(A), 78u-4(a)(3)(A).  Here, the first class action against Overseas was filed on October 24, 2012 and captioned *Michael Bhim et al. v. Morten Arntzen et al.,* No. 12 Civ. 7938 (LLS) (S.D.N.Y.) (the "Bhim Action").  Although the Bhim Action was later voluntarily dismissed, the plaintiff in the Bhim Action published notice of the pendency of the action to investors on the same day, which provided a deadline to seek Lead Plaintiff status by December 26, 2012.[4]  On October 25, 2012, the Porzio Action was filed, and the plaintiff in that action also published a notice of pendency of the action, which also provided a deadline to seek Lead Plaintiff status by December 26, 2012.  On November 5, 2012, Plaintiff in the Myatt Action published a similar notice, which also provided a December 26, 2012 deadline to move for

---

[4] A copy of the notice of the notice issued in the Bhim Action is attached as Exhibit C to the Browne Decl.

appointment as Lead Plaintiff, and the Myatt Action was subsequently filed on November 21, 2012.[5]

Koether satisfied the 60-day deadline by filing this Motion on December 26, 2012, within 60 days of the first-published notice of the pendency of the first-filed class action. *See Vale v. McGuinn*, No. 09-cv-3807-RMB, 2009 WL 3297490, at *3 n. 2 (S.D.N.Y. Oct. 13, 2009) (explaining that motions seeking Lead Plaintiff appointment must be filed "[N]ot later than 60 days after the date on which the [initial notice of filing] is published").

**I.      Koether Has a Significant Financial Interest In The Outcome of the Litigation**

Koether has a significant financial interest in the outcome of this case.  As demonstrated herein, Koether purchased 100,000 units of the Notes on May 22, 2012 and sold these shares on October 5, 2012, for a total loss of $6,575.  *See* Exhibit A to the Browne Decl.

**II.      Koether Otherwise Satisfies the Relevant Requirements of Rule 23**

In addition to possessing a significant financial interest in the outcome of the litigation, Koether otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I)(cc), 78u-4(a)(3)(B)(iii)(I)(cc).  On a motion to serve as Lead Plaintiff, the movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements.  *See Canson v. WebMD Health Corp.*, No. 11-cv-5382-JFK, 2011 WL 5331712, at *4 (S.D.N.Y. Nov. 7, 2011) ("In addition to possessing a significant financial interest, in this District a lead plaintiff must make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements.").  Koether unquestionably satisfies both requirements.

---

[5] A copy of the notices in the Porzio Action and Myatt Action are attached as Exhibits D and E to the Browne Decl.

Koether's claims are typical of the claims of other purchasers of Overseas' securities. Typicality can be established by showing that the proposed Class representative's individual circumstances and legal theories upon which its claims are based are not markedly different from those of other Class members. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.,* 589 F. Supp. 2d 388, at 397 (S.D.N.Y. 2008) (setting out typicality requirement). Here, Koether, like all Class members: (1) purchased Overseas' bond securities during the Class Period; (2) which were issued pursuant to offering documents that contained materially false statements or omissions; and (3) was damaged thereby. *See Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, No. 11-cv-5097-JFK, 2011 WL 4831209, at *2 (S.D.N.Y. Oct. 12, 2011) (finding typicality requirement "easily met" when proposed Lead Plaintiff "asserted that it purchased [the company's] securities during the class period and was injured by false and misleading representations made by defendants"). Thus, Koether is a typical Class representative.

Koether likewise satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interests of the Class." *Varghese,* 589 F. Supp. 2d at 397. In order for the Class' interests to be fairly and adequately represented, "(1) there should be no conflict between the proposed lead plaintiff and the members of the class, (2) the selected counsel should be qualified, experienced, and able to conduct the litigation, and (3) the lead plaintiff should have a sufficient interest in the outcome to insure vigorous advocacy." *Xianglin Shi v. Sina Corp.*, No. 05-cv-2154-NRB, 2005 WL 1561438, at *3 (S.D.N.Y. July 1, 2005). Koether satisfies these elements because its substantial financial stake in the litigation provides the ability and incentive to vigorously represent the Class' claims. Koether's interest is also perfectly aligned with those of the other

Class members and is not antagonistic in any way.  There are no facts to suggest any actual or potential conflict of interest or other antagonism between Koether and other Class members. Indeed, Koether has already (a) retained counsel; (b) directed counsel to investigate potential claims under the federal securities laws; and (c) filed the first class action complaint asserting Securities Act claims on behalf of investors in Oversea's bond securities.  Koether also submitted a Certification affirming its understanding of the duties owed to Class members through its commitment to oversee and monitor the prosecution of this action in the best interests of the Class.  *See* Browne Decl. at Exhibit A.  Thus, Koether has demonstrated that it accepts the fiduciary obligations it will assume if appointed Lead Plaintiff in this action.  *See id.*

Finally, Koether has further demonstrated its adequacy through its selection of Bernstein Litowitz as Lead Counsel to represent the Class in this action.  As discussed more fully below, Bernstein Litowitz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

### III.    **The Court Should Approve Koether's Selection of Lead Counsel**

The Court should approve Koether's selection of Bernstein Litowitz as Lead Counsel for the Class.  Pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v), a movant shall, subject to Court approval, select and retain counsel to represent the class they seek to represent, and the Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *Varghese*, 589 F. Supp. 2d at 398 ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.") (internal quotations and citations omitted).  Here, Koether retained Bernstein Litowitz as proposed Lead Counsel to represent the Class.

Bernstein Litowitz is among the preeminent securities class action law firms in the country.  *See* Bernstein Litowitz Firm Biography, attached as Exhibit F to the Browne Decl. Bernstein Litowitz served as Co-Lead Counsel in *In re WorldCom, Inc. Sec. Litig.*, 02-cv-03288-DLC (S.D.N.Y.), in which settlements totaling in excess of $6 billion – one of the largest recoveries in securities class action history – were obtained for the Class.  Bernstein Litowitz also serves as Co-Lead Counsel in *In re Bank of America Corp. Sec., Deriv., and ERISA Litig.*, No. 09-md-02058-PKC (S.D.N.Y.), which has reached a preliminary settlement, subject to approval of the Court, of $2.425 billion in cash along with corporate governance enhancements. Other significant examples in which courts in this District have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include *In re Nortel Networks Corp. Sec. Litig.*, No. 05-md-1659-LAP (S.D.N.Y.) (recovering $1.3 billion for investors); and *In re Refco, Inc. Sec. Litig.*, No. 05-cv-8626-JSR (S.D.N.Y.) (recovering over $420 million for investors).

In addition, Bernstein Litowitz has significant experience pursuing recoveries on behalf of investors in debt securities, as Bernstein Litowitz is currently prosecuting *In re Citigroup, Inc. Bond Litig.,* Master File No. 08 Civ. 9522 (SHS) on behalf of investors who purchased bonds and preferred securities issued by Citigroup, Inc. in approximately 43 separate securities offerings.  Bernstein Litowitz also has a demonstrated record of achieving substantial recoveries in class action litigations on behalf of bond holders.  *See also Public Employees' Retirement Sys. of Miss. v. Merrill Lynch & Co., Inc.*, No. 09-cv-1392-JSR (S.D.N.Y.) (recovering $315 million for investors) and *In re Wachovia Preferred Securities and Bond/Notes Litigation,* No. 09 Civ. 6351 (RJS) (recovering $627 million for bond and preferred securities investors).  Accordingly, the Court can be assured that the appointment of Bernstein Litowitz will provide the Class

efficient representation of the highest caliber.  As such, Koether respectfully requests that the Court approve its selection of Bernstein Litowitz to serve as Lead Counsel for the Class.

### IV.    All Related Actions Should be Consolidated

Presently pending in this District are four related securities class actions (the "Related Actions") brought pursuant to Sections 11, 12(a)(2) and 15 of the Securities Act,  or Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder.  The Related Actions are as follows:

| Case | Civil No. | Date Filed |
|------|-----------|------------|
| *Porzio v. Overseas Shipholding Group, Inc. et al.* | 12-cv-7948-SAS | Oct. 25, 2012 |
| *Myatt v. Morten Arntzen and Myles R. Itkin* | 12-cv-8547-LLS | Nov. 21, 2012 |
| *Paul Otto Koether IRA Rollover v. Morten Arntzen, et al.* | 12-cv-9104 | Dec. 13, 2012 (in District Court) |
| *Indiana Treasurer of State et al., v. G. Allen Andreas III, et al.* | 12-cv-9363 | Dec. 24, 2012 |

These actions arise out of the same alleged misstatements regarding Overseas' financial results and business operations.  Accordingly, consolidation is appropriate under Rule 42(a) of the Federal Rules.  *See, e.g., Glauser v. EVCI Center Colleges Holding Corp.*, 236 F.R.D. 184, 186 (S.D.N.Y. 2006) ("[T]his Court has recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports.") (internal quotation marks omitted); *Kaplan v. Gelfond*, 240 F.R.D. 88, 92 (S.D.N.Y. 2007) (ordering consolidation where actions contained overlapping factual allegations that "defendants' statements to the investing public misrepresented or omitted to state material facts about the financial status of [the defendants]"); *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) ("In securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced.") (internal citation omitted).

## <u>CONCLUSION</u>

For the reasons set forth above, Koether respectfully requests that the Court: (1) appoint it to serve as Lead Plaintiff for the Class; (2) approve its selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel; (3) consolidate all related actions; and (4) grant such other relief as the Court may deem just and proper.

Dated:  December 26, 2012                      Respectfully Submitted,

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**

<u>/s/  John C. Browne   </u>
John C. Browne
Jeremy P. Robinson
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
JohnB@blbglaw.com
Jeremy@blbglaw.com

*Counsel for Proposed Lead Plaintiff Paul
Otto Koether IRA Rollover and Proposed
Lead Counsel for the Class*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of December, 2012, I caused a true and correct copy of the MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF PAUL OTTO KOETHER IRA ROLLOVER FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF ITS SELECTION OF LEAD COUNSEL, AND CONSOLIDATION OF ALL RELATED ACTIONS to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses listed on the Electronic Mail Notice List.

/s/     Jeremy P. Robinson
Jeremy P. Robinson
