UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT PORZIO, Individually and on Behalf of Others Similarly Situated,<br><br>    Plaintiff,<br><br> vs.<br><br>OVERSEAS SHIPHOLDING GROUP, INC., et al.,<br><br>    Defendants. | Civil Action No. 1:12-cv-07948-SAS<br><br><u>CLASS ACTION</u> |
| BRUCE MYATT, Individually and on Behalf of Others Similarly Situated,<br><br>    Plaintiff,<br><br> vs.<br><br>MORTEN ARNTZEN, et al.,<br><br>    Defendants. | Civil Action No. 1:12-cv-08547-LLS<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]


MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

800720_1

```
┌─────────────────────────────────────────── x
PAUL OTTO KOETHER IRA ROLLOVER,            :   Civil Action No. 12-cv-9104
on behalf of itself and all others similarly  :
situated,                                    :
                                             :
                    Plaintiff,               :
                                             :
    vs.                                      :
                                             :
MORTEN ARNTZEN, et al.,                      :
                                             :
                    Defendants.              :
└─────────────────────────────────────────── x
┌─────────────────────────────────────────── x
INDIANA TREASURER OF STATE,                  :   Civil Action No. 12-cv-9363
Individually and On Behalf of All Others     :
Similarly Situated,                          :
                                             :
                    Plaintiff,               :
                                             :
    vs.                                      :
                                             :
G. ALLEN ANDREAS III, et al.,                :
                                             :
                    Defendants.              :
└─────────────────────────────────────────── x
```

Stichting Pensioenfonds DSM Nederland ("DSM") and Indiana Treasurer of State ("Indiana Treasurer"), joined by Lloyd Crawford, respectfully submit this memorandum of law in support of the motion for: (1) appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (2) approval of lead plaintiff's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class.

## I. INTRODUCTION

Presently pending in this district are numerous actions on behalf of purchasers of Overseas Shipholding Group, Inc. securities. The PSLRA requires the Court to "appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. §77z-1(a)(3)(B)(ii); 15 U.S.C. §78u-4(a)(3)(B)(ii).[1] The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §77z-1(a)(3)(B)(i). Movants should be appointed as lead plaintiff because: (1) they timely filed this motion; (2) to their counsel's knowledge, they have the largest financial interest in the relief sought by the class; and (3) they will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §77z-1(a)(3)(B)(iii). In addition, lead plaintiff's selection of Robbins Geller as lead counsel for the class should be approved. *See* 15 U.S.C. §77z-1(a)(3)(B)(v).

## II. ARGUMENT

### A. Movants Should Be Appointed as Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action . . . that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."

---

[1] The PSLRA amended the Securities Act of 1933 (the "1933 Act") and Securities Exchange Act of 1934 (the "1934 Act") in substantially similar respects. *Compare* 15 U.S.C. §77z-1(a)(3)(B) *with* 15 U.S.C. §78u-4(a)(3)(B). For brevity and consistency, only the 1933 Act provisions are cited herein.

15 U.S.C. §77z-1(a)(1); *see also* 15 U.S.C. §77z-1(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. *See* 15 U.S.C. §77z-1(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii). Movants meet these requirements and should therefore be appointed as lead plaintiff.

### 1. Movants' Motion Is Timely

The notice published in this action on October 24, 2012 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed Class Period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days of publication, or by December 26, 2012. *See* Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A.

### 2. Movants Have the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, movants purchased a substantial amount of OSG securities and suffered approximately $1 million in losses as a result of defendants' alleged wrongdoing. *See* Rosenfeld Decl., Ex. B. To the best of their counsel's knowledge, there are no other plaintiffs with a

larger financial interest. Therefore, movants satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. Movants Satisfy Rule 23 of the Federal Rules of Civil Procedure at This Stage

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc). "At this stage of the litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met." *Freudenberg*, 2008 U.S. Dist. LEXIS 62767, at *14 (citations omitted). "Typicality is established where each class member's claim 'arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* (citations omitted). "'The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class . . . .'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173-74 (S.D.N.Y. 2010) (Scheindlin, J.) (citations omitted).

Movants purchased OSG securities and were harmed by the omitted and/or misrepresented material facts. Movants' claims therefore arise from the same factual predicate as those in the actions. *See Freudenberg*, 2008 U.S. Dist. LEXIS 62767, at *14. Movants are committed to vigorously and responsibly litigating the action in the best interests of the class.[2] In addition,

---

[2] There is no "legal bar to a lead plaintiff asking other plaintiffs to join a lawsuit as named plaintiffs in order to represent more broadly the interests of the class at the time of the filing of the consolidated class complaint." *In re WorldCom, Inc. Sec. Litig.*, 294 F. Supp. 2d 392, 422 (S.D.N.Y. 2003) (Cote, J.). Indeed, "[l]ong before passage of the PSLRA, it was well established that named plaintiffs may jointly represent the class and it is their claims that determine whether there is standing to bring the claims alleged on behalf of the class." *Id.*; *see also In re Initial Pub. Offering*

3

800720_1

movants are not subject to unique defenses and there is no evidence that they seek anything other than the greatest recovery for the class consistent with the merits of the claims. As such, movants satisfy the typicality and adequacy requirements at this stage.

### B. The Court Should Approve the Lead Plaintiff's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §77z-1(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa).

Movants selected Robbins Geller to serve as lead counsel. *See* Rosenfeld Decl., Ex. C. Robbins Geller has "substantial experience in the prosecution of shareholder and securities class actions." *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 191 (S.D.N.Y. 2008) (Sweet, J.). Indeed, Robbins Geller has served as lead or co-lead counsel in numerous securities class actions, including serving as lead counsel in *In re Enron Corp. Securities Litigation*, No. H-01-3624 (S.D. Tex.), in which Robbins Geller achieved the largest recovery ever obtained in a shareholder class action. *See* Rosenfeld Decl., Ex. C. Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities. . . throughout this suit.

---

*Sec. Litig.*, 214 F.R.D. 117, 123 (S.D.N.Y. 2002); *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82-83 (2d Cir. 2004). Prior to making this motion, representatives with DSM and Indiana conferred, and consistent with the duties they have undertaken as lead plaintiff movants, and as further evidence of their adequacy, DSM and Indiana have identified an individual, Mr. Crawford – who purchased 17,000 shares of OSG common stock and suffered more than $500,000 in losses as a result of defendants' wrongdoing – who joins in this motion and is willing to serve as a representative of the class.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006). Moreover, Robbins Geller attorneys have served as lead counsel in hundreds of securities cases, including many before this Court such as *Gusinsky v. Barclays PLC*, No. 1:12-cv-05329-SAS; *Sgalambo v. McKenzie*, No. 1:09-cv-10087-SAS; and *Hall v. The Children's Place Retail Stores, Inc.*, No. 07-cv-8252-SAS, and have recovered billions of dollars for defrauded shareholders.

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, movants' selection of Robbins Geller as lead counsel should be approved.

### III. CONCLUSION

Movants have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Therefore, movants respectfully request that the Court grant their motion for appointment as lead plaintiff, approve their selection of counsel and grant such other relief as the Court may deem just and proper.

DATED: December 26, 2012

Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA, JR.

    /s/ David A. Rosenfeld
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
malba@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 26, 2012.

*/s/ David A. Rosenfeld*
DAVID A. ROSENFELD

800720_1

# Mailing Information for a Case 1:12-cv-07948-SAS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Giti Baghban**
  baghban@whafh.com

- **Jeffrey Craig Block**
  jeff@blockesq.com,jason@blockesq.com

- **Malcolm Todd Brown**
  brown@whafh.com

- **Ashley J. Burden**
  ashley.burden@dechert.com,nycmanagingclerks@dechert.com,nicole.ladue@dechert.com

- **Joseph Peter Guglielmo**
  jguglielmo@scott-scott.com,tcrockett@scott-scott.com,efile@scott-scott.com,aslaughter@scott-scott.com

- **Steven P. Harte**
  steven@blockesq.com

- **Joni S. Jacobsen**
  joni.jacobsen@dechert.com

- **Phillip C. Kim**
  pkim@rosenlegal.com

- **David H. Kistenbroker**
  david.kistenbroker@dechert.com,nycmanagingclerks@dechert.com

- **Lawrence Paul Kolker**
  kolker@whafh.com

- **Jason Mathew Leviton**
  jason@blockesq.com

- **Lewis J. Liman**
  lliman@cgsh.com,maofiling@cgsh.com,gmokodean@cgsh.com

- **Thomas James McKenna**
  tjmlaw2001@yahoo.com,tjmckenna@gaineyandmckenna.com

- **Gregory Mark Nespole**
  nespole@whafh.com

- **Kenneth Mark Rehns**
  krehns@cohenmilstein.com,efilings@cohenmilstein.com

- **Scott B. Schreiber**
  scott.schreiber@aporter.com,anthony.boccanfuso@aporter.com

- **Craig A. Stewart**
  craig_stewart@aporter.com,anthony_boccanfuso@aporter.com

- **Curtis Victor Trinko**
  ctrinko@gmail.com

- **Elizabeth Vicens**
  evicens@cgsh.com

# Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`