# EXHIBIT B

# CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

STICHTING PENSIOENFONDS DSM NEDERLAND ("Plaintiff") declares:

1. Plaintiff has reviewed a complaint and authorized its filing.

2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff has made the following transaction(s) during the Class Period in the securities that are the subject of this action:

| Security | Transaction | Date | Price Per Share |
|---|---|---|---|

*See* attached Schedule A.

5. Plaintiff has not sought to serve or served as a representative party in a class action that was filed under the federal securities laws within the three-year period prior to the date of this Certification except as detailed below:

6. The Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery,

OVERSEAS SHIPHOLDING

except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 21 day of december, 2012.

STICHTING PENSIOENFONDS DSM NEDERLAND

By: _____

Its: G.v.Meer    B. Puijn

OVERSEAS SHIPHOLDING

## SCHEDULE A

## SECURITIES TRANSACTIONS

### Acquisitions

| Date Acquired | Type of Debt | Face Amount | Price |
|---|---|---|---|
| 03/24/2010 | 8.125% due 03/30/2018, 690368AH8 | 385,000 | $98.56 |
| 03/25/2010 | 8.125% due 03/30/2018, 690368AH8 | 25,000 | $99.52 |
| 03/25/2010 | 8.125% due 03/30/2018, 690368AH8 | 40,000 | $99.52 |
| 05/06/2010 | 8.125% due 03/30/2018, 690368AH8 | 20,000 | $100.20 |
| 04/12/2011 | 8.125% due 03/30/2018, 690368AH8 | 180,000 | $99.34 |
| 04/13/2011 | 8.125% due 03/30/2018, 690368AH8 | 20,000 | $99.16 |
| 04/13/2011 | 8.125% due 03/30/2018, 690368AH8 | 100,000 | $99.16 |
| 04/20/2011 | 8.125% due 03/30/2018, 690368AH8 | 160,000 | $98.84 |
| 04/28/2011 | 8.125% due 03/30/2018, 690368AH8 | 60,000 | $98.62 |



# CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

INDIANA TREASURER OF STATE ("Plaintiff") declares:

1. Plaintiff has reviewed a complaint and authorized its filing.

2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff has made the following transaction(s) during the Class Period in the securities that are the subject of this action:

| Security | Transaction | Date | Price Per Share |
|---|---|---|---|

*See* attached Schedule A.

5. Plaintiff has not sought to serve or served as a representative party in a class action that was filed under the federal securities laws within the three-year period prior to the date of this Certification except as detailed below:

*Wong v. Accretive Health, Inc., et al.*, No. 1:12-cv-03102 (N.D. Ill.)
(Office of the Treasurer on behalf of the Indiana State Police Benefit System)

6. The Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery,

except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 21st day of December, 2012.

INDIANA TREASURER OF STATE

By: _____
James R. Holden

Its: Chief Deputy and General Counsel

OVERSEAS SHIPHOLDING

## SCHEDULE A

## SECURITIES TRANSACTIONS

Acquisitions

| Date Acquired | Type of Debt | Face Amount | Price |
|---|---|---|---|
| 03/24/2010 | 8.125% due 03/30/2018, 690368AH8 | 220,000 | $98.56 |
| 03/24/2010 | 8.125% due 03/30/2018, 690368AH8 | 250,000 | $98.56 |
| 07/12/2010 | 8.125% due 03/30/2018, 690368AH8 | 250,000 | $99.00 |
| 01/05/2011 | 8.125% due 03/30/2018, 690368AH8 | 75,000 | $101.00 |
| 01/06/2011 | 8.125% due 03/30/2018, 690368AH8 | 25,000 | $101.00 |

Sales

| Date Sold | Type of Debt | Face Amount | Price |
|---|---|---|---|
| 03/25/2010 | 8.125% due 03/30/2018, 690368AH8 | 250,000 | $99.38 |
| 04/21/2010 | 8.125% due 03/30/2018, 690368AH8 | 175,000 | $101.75 |
| 10/15/2010 | 8.125% due 03/30/2018, 690368AH8 | 15,000 | $104.25 |
| 12/20/2011 | 8.125% due 03/30/2018, 690368AH8 | 30,000 | $60.00 |

# Certification and Authorization of Named Plaintiff Pursuant to Federal Securities Laws

The individual or institution listed below (the "Plaintiff") authorizes and, upon execution of the accompanying retainer agreement by Robbins Geller, retains Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to file an action under the federal securities laws to recover damages and to seek other relief against Overseas Shipholding Group, Inc. ("Overseas Shipholding"). Robbins Geller will prosecute the action on a contingent fee basis and will advance all costs and expenses. The Overseas Shipholding Group, Inc. Retention Agreement provided to the Plaintiff is incorporated by reference, upon execution by Robbins Geller.

| | |
|---|---|
| First name: | LLOYD |
| Last name: | CRAWFORD |
| Address: | |
| City: | |
| State: | REDACTED |
| Zip: | |
| Country: | |
| Email: | |
| Phone: | |

Plaintiff certifies that:

1. Plaintiff has reviewed the complaint and authorized its filing.
2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.
3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.
4. Plaintiff represents and warrants that he/she/it is fully authorized to enter into and execute this certification.
5. Plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.
6. Plaintiff has made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action except those set forth below:

Acquisitions:

| Date Acquired | Number of Shares | Price per Share |
|---|---|---|
| 01/11/2011 | 1000 | 36.25 |
| 01/13/2011 | 1000 | 35.05 |
| 01/25/2011 | 1000 | 32.10 |
| 04/11/2011 | 198 | 29.56 |
| 04/12/2011 | 802 | 29.50 |
| 04/18/2011 | 1000 | 27.10 |
| 05/24//2011 | 1000 | 27.50 |
| 06/01/2011 | 1000 | 26.50 |
| 06/01/2011 | 1000 | 26.00 |
| 07/26/2011 | 1000 | 24.00 |

## Certification for LLOYD CRAWFORD (cont.)

| Date | Shares | Price |
|---|---|---|
| 08/02/2011 | 1000 | 21.00 |
| 08/08/2011 | 1000 | 19.05 |
| 01/28/2010 | 1000 | 46.10 |
| 02/02/2010 | 1000 | 44.10 |
| 02/03/2010 | 1000 | 44.10 |
| 02/05/2010 | 1000 | 41.10 |
| 05/21/2010 | 300 | 35.26 |
| 05/25/2010 | 700 | 35.01 |
| 03/30/2009 | 1000 | 23.95 |

7. During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except if detailed below:

| | |
|---|---|
| I declare under penalty of perjury, under the laws of the United States, that the information entered is accurate: | YES |
| By clicking on the button below, I intend to sign and execute this agreement: | YES |

Clicked to Participate in the Overseas Shipholding Group, Inc. Action

Signed pursuant to California Civil Code Section 1633.1, et seq. - Uniform Electronic Transactions Act