**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT PORZIO, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>    v.<br><br>OVERSEAS SHIPHOLDING GROUP, INC., MORTEN ARNTZEN, and MYLES R. ITKIN,<br><br>      Defendants. | **No. 12 Civ. 07948-SAS** |
| BRUCE MYATT, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>    v.<br><br>MORTEN ARNTZEN and MYLES R. ITKIN,<br><br>      Defendants. | **No. 12 Civ. 08547-LLS** |
| PAUL OTTO KOETHER IRA ROLLOVER, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>    v.<br><br>MORTEN ARNTZEN, MYLES R. ITKIN, OUDI RECANATI, G. ALLEN ANDREAS III, ALAN R. BATKIN, THOMAS B. COLEMAN, CHARLES A. FRIBOURG, STANLEY KOMAROFF, SOLOMON N. MERKIN, JOEL I. PICKET, ARIEL RECANATI, THOMAS F. ROBARDS, JEAN-PAUL VETTIER, MICHAEL J. ZIMMERMAN, CITIGROUP GLOBAL MARKETS INC., MORGAN STANLEY & CO. INCORPORATED, HSBC SECURITIES (USA) INC., DEUTSCHE BANK SECURITIES INC., DNB NOR MARKETS, INC., GOLDMAN, SACHS & CO., ING FINANCIAL MARKETS LLC, PRICEWATERHOUSECOOPERS LLP,<br><br>      Defendants. | **No. 12 Civ. 09104-UA** |

| | |
|---|---|
| INDIANA TREASURER OF STATE, Individually and on Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>                v.<br><br>G. ALLEN ANDREAS III, MORTEN ARNTZEN, ALAN R. BATKIN, THOMAS P. COLEMAN, CHARLES A. FRIBOURG, MYLES R. ITKIN, STANLEY KOMAROFF, SOLOMON N. MERKIN, JOEL I. PICKET, ARIEL RECANATI, OUIDI RECANATI, THOMAS F. ROBARDS, JEAN-PAUL VETTIER, MICHAEL J. ZIMMERMAN, CITIGROUP GLOBAL MARKETS INC., DEUTSCHE BANK SECURITIES INC., DNB NOR MARKETS, INC., GOLDMAN SACHS & CO., HSBC SECURITIES (USA) INC., ING FINANCIAL MARKETS LLC, MORGAN STANLEY & CO. INCORPORATED and PRICEWATERHOUSECOOPERS LLP,<br><br>                        Defendants. | No. 12 Civ. 09363-UA |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION BY THE OVERSEAS INVESTOR GROUP TO CONSOLIDATE THE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

Robert Kawula ("Kawula"); Ben Reuben ("Reuben"); Nikos Georgalakis ("Georgalakis"); Patrick Cummins ("Cummins"); and Douglas G. Fixter ("Fixter") (the "Overseas Investor Group") respectfully submit this memorandum in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3) and Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995[1] (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an Order: (1) consolidating all related securities class actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing

---

[1] The Lead Plaintiff provisions of the Exchange Act and the Securities Act are identical. For the purpose of uniformity, all citations to these provisions will be to the Exchange Act.

2

the Overseas Investor Group as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired securities of Overseas Shipholding Group, Inc. ("OSG" or the "Company") during the Class Period, including through the Company's registered public offering of 8 1/8% Senior Notes due 2018; (3) approving Lead Plaintiff's selection of The Rosen Law, P.A. ("Rosen") and Glancy Binkow & Goldberg LLP ("Glancy") as Co-Lead Counsel for the Class and (4) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Four securities class actions[2] are pending in the Southern District of New York. Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The Overseas Investor Group, with total losses of $809,773 in connection with its purchases of OSG during the Class Period, is adequate and typical to serve as lead plaintiff. The Overseas Investor Group believes that it is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff in this action. The Overseas Investor Group has the largest financial interest in the

---

[2] The actions are entitled: *Porzio v. Overseas Shipholding Group, Inc.,* 12 Civ. 07948-SAS; *Myatt v. Arntzen,* 12 Civ. 08547-LLS; *Paul Otto Koether IRA Rollover v. Arntzen,* 12 Civ. 09104-UA; and *Indiana Treasurer of State v. Andreas*, 12 Civ. 09363-UA. The *Porzio* action is on behalf of all persons who purchased or otherwise acquired OSG's common stock between April 28, 2008 and October 22, 2012. The *Myatt* action is on behalf of all persons who purchased or otherwise acquired OSG's common stock between March 1, 2010 and October 19, 2012. The *Porzio* and *Myatt* actions allege violations of Sections 10(b) and 20(a) of the Exchange Act. The *Paul Otto Koether IRA Rollover* and *Indiana Treasurer of State* actions allege violations of Sections 11, 12 and 15 of the Securities Act on behalf of all persons or entities who purchased or otherwise acquired securities in or traceable to OSG's $300 million registered public offering of 8 1/8% Senior Notes due 2018. The following actions were also filed, but have been voluntarily dismissed: *Bhim v. Overseas Shipholding Group, Inc.*, 12 Civ. 07938-LLS; and *Vijayan v. Overseas Shipholding Group, Inc.*, 12 Civ. 8043-LLS.

Accordingly, the longest and most inclusive class period based on the pending actions is April 28, 2008 through October 22, 2012 (the "Class Period"). For the purpose of determining the lead plaintiff, it is proper to use "the longer, most inclusive class period … as it encompasses more potential class members." *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp.2d 398, 402 (S.D.N.Y. 2006). *See also HCL Partners Limited P'ship. v. Leap Wireless Int'l., Inc.,* 2008 U.S. Dist. LEXIS 43615, at *4 n.2 (S.D. Cal. May 22, 2008) (using the longest class period to determine the lead plaintiff.).

relief sought in this action by virtue of its substantial investments in OSG during the Class Period and the losses it suffered as a result of Defendants' misconduct.  The Overseas Investor Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as its members are adequate representatives with claims typical of the other Class members.  Accordingly, the Overseas Investor Group respectfully submits that it should be appointed Lead Plaintiff.

## FACTUAL BACKGROUND

OSG maintains a fleet of marine transport vessels.  The Company charters its ships to oil companies, traders and governmental agencies.  The Company's ships transport crude oil, refined petroleum products and gas.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company improperly accounted for certain tax liabilities arising from the fact that it is domiciled in the United States and has substantial international operations, and relating to the interpretation of certain provisions contained in its loan agreements; (ii) the Company lacked adequate internal and financial controls; and (iii) as a result of the above, the Company's financial statements were materially false and misleading at all relevant times.

On October 3, 2012, the Company disclosed the resignation of a Board member due to "a disagreement with the Board as to the process the Board is taking in reviewing a tax issue."  On this news, OSG stock declined $0.26 per share, to close at $6.82 per share on October 3, 2012.

On October 16, 2012, it was reported in the media that the Company might be facing a liquidity crisis and its Chief Executive Officer confirmed that the Company had hired a financial

adviser and was in talks with its lenders. On this news, OSG stock declined $1.77 per share or over 34% within two trading sessions, to close at $3.40 per share on October 17, 2012.

On October 22, 2012, the Company disclosed that it was reviewing a tax issue arising from it being domiciled in the United States and having substantial international operations, and relating to the interpretation of provisions in its loan agreements. Moreover, the Company's Audit Committee concluded that the financial statements for at least the three years ended December 31, 2011 and associated interim periods, and for the quarters ended March 31 and June 30, 2012, should no longer be relied upon and is evaluating if it will need to restate for those periods. The Company further disclosed that it is negotiating with creditors and is evaluating its strategic options including filing for bankruptcy. On this news, OSG stock declined $2.02 per share or 62%, to close at $1.23 per share on October 22, 2012.

On November 14, 2012, the Company filed for bankruptcy under Chapter 11, Title 11 of the United States Code. In its bankruptcy filing, the Company disclosed that its October 22 announcement concerning the inaccuracy of its previously issued financial statements was one of the "main factors" that caused it to file for bankruptcy.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is appropriate, where as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

Moreover, the PSLRA also calls for consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed…." *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc*., 252 F.R.D. 188 (S.D.N.Y. 2008). Here, all of the related actions allege claims stemming from disclosures concerning the improper accounting for certain tax liabilities and relating to the interpretation of certain provisions contained in its loan agreements. Accordingly, consolidation of the related actions is appropriate. *Lintz v. Agria Corp*., 2008 U.S. Dist. LEXIS 99846 (S.D.N.Y. Dec. 3, 2008) (consolidating actions that all alleged federal securities law violations arising out of defendants' alleged issuance of false and misleading financial statements).

## II. THE OVERSEAS INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiffs filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial
>     interest in the relief sought by the class; and

>> (cc) otherwise satisfies the requirements of Rule 23 of the Federal
>> Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re UBS Auction Rate Sec. Litig.*, 2008 U.S. Dist. LEXIS 56016 (S.D.N.Y. July 16, 2008).

As set forth below, the Overseas Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A. Members of the Overseas Investor Group Are Willing to Serve as Class Representatives

On October 24, 2012, counsel in the *Bhim* action caused a notice ("Notice") to be published over Globe Newswire pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of OSG that they had until December 26, 2012, to file a motion to be appointed as Lead Plaintiff. *See* Notice attached hereto as Exhibit A.

The Overseas Investor Group has filed the instant motion pursuant to the Notice, and has attached Certifications attesting that it is willing to serve as Lead Plaintiff for the Class and is willing to provide testimony at deposition and trial, if necessary. *See* Certifications attached hereto as Exhibit B. Accordingly, the Overseas Investor Group satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. The Overseas Investor Group Has The "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Davidson v. E*Trade Fin. Corp.*,

2008 U.S. Dist. LEXIS 61265 (S.D.N.Y. July 16, 2008); *In re Donkenny, Inc. Sec. Litig.*, 171 F.R.D. 156, 157 (S.D.N.Y. 1997).

As of the time of the filing of this motion, the Overseas Investor Group believes that it has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[3] Movant's financial interest based upon these factors is demonstrated in the chart below:

| Movant | Shares Purchased | Funds Expended | Shares Retained End of Class Period | Loss |
|---|---|---|---|---|
| Cummins | 40,000 | $278,909 | 40,000 | $228,065 |
| Kawula | 55,500 | $265,975 | 55,500 | $207,439 |
| Georgalakis | 36,206 | $585,666 | 4,525 | $144,528 |
| Reuben | 12,500 | $205,000 | 500 | $137,738 |
| Fixter | 31,000 | $236,169 | 21,000 | $92,002 |
| **Total** | **175,206** | **$1,571,720** | **121,525** | **$809,773** |

As demonstrated above, The Overseas Investor Group suffered total losses of approximately $809,773 in their Class Period investments in OSG. *See* Chart attached hereto as Exhibit C. Because the Overseas Investor Group possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

---

[3] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors.

### C. The Overseas Investor Group Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification, instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *Olsten*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). "A class is typical if it arises from the same event or course of conduct that gives rise to claims of other class members and all claims are based on the same legal theory." *Id.* Indeed, the "similarity of legal theory may control even where factual distinctions exist between the claims of the named

9

representatives and the other class members." *Id.* *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (The typicality requirement serves to "assure that the interest of the named representative aligns with the interests of the class.") (citation omitted).

The Overseas Investor Group's claims are typical of those of the Class. It alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning OSG, or omitted to state material facts necessary to make the statements they did make not misleading. The Overseas Investor Group, as did all members of the Class, purchased OSG during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosure of the truth regarding those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986).

The Overseas Investor Group's members are adequate representatives for the Class. There is no antagonism between their interests and those of the Class, and the Overseas Investor Group's losses demonstrate that it has a sufficient interest in the outcome of this litigation. Moreover, it has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

> **D.    The Overseas Investor Group Will Fairly and Adequately Represent Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing the Overseas Investor Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

    (aa)    will not fairly and adequately protect the interest of the class; or

    (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movants' ability and desire to fairly and adequately represent the Class have been discussed above. The Overseas Investor Group is not aware of any unique defenses defendants could raise that would render it inadequate to represent the Class. Accordingly, the Overseas Investor Group should be appointed Lead Plaintiff for the Class.

### III. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Overseas Investor Group has selected the Rosen and Glancy law firms as Co-Lead Counsel. The firms are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firms' resumes. *See* Rosen and Glancy Resumes attached hereto as Exhibits D and E. As a result of the firms' extensive experience in litigation involving issues similar to those raised in this action, Lead Plaintiff's counsel has the

skill and knowledge which will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving their selection of Co-Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the Overseas Investor Group respectfully requests the Court to issue an Order (1) consolidating the related actions; (2) appointing the Overseas Investor Group as Lead Plaintiff for the Class; (3) approving the Rosen and Glancy firms as Co-Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:   December 26, 2012
            New York, New York

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Laurence Rosen (LR 5733)
Phillip Kim (PK 9384)
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: 212-686-1060
Facsimile: 212-202-3827

**GLANCY BINKOW & GOLDBERG LLP**
Michael M. Goldberg
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:    (310) 201-9150
Facsimile:     (310) 201-9160

*Counsel for Movants and Proposed Co-Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 26th day of December, 2012 a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


/s/ Phillip Kim
Phillip Kim