**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Master File No. 1:12-cv-07948-SAS (KNF) |
| OSG SECURITIES LITIGATION | ECF CASE |
|  | <u>CLASS ACTION</u> |
|  | ORAL ARGUMENT REQUESTED |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT PRICEWATERHOUSECOOPERS LLP

Miles N. Ruthberg
Jamie L. Wine
Kevin M. McDonough
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY  10022-4834
Tel: (212) 906-1200
Fax: (212) 751-4864

Attorneys for Defendant
PricewaterhouseCoopers LLP

Date:  April 19, 2013

**TABLE OF CONTENTS**

Page

I.  PRELIMINARY STATEMENT ...................................................................................1

II.  BACKGROUND .......................................................................................................3

  A.  PwC's 2009 Audit Opinion...........................................................................3

  B.  The Tax Issue And Andreas's Resignation From The OSG Board Of
     Directors And Audit Committee....................................................................3

  C.  Plaintiffs' Conclusory Allegations Against PwC...........................................5

III.  STANDARD OF LAW ...........................................................................................6

IV.  ARGUMENT...........................................................................................................7

  A.  Plaintiffs Must Plead That The 2009 Audit Opinion Was Subjectively
     False..............................................................................................................7

  B.  Plaintiffs Fail To And Cannot Plead That PwC Disbelieved The 2009
     Audit Opinion................................................................................................8

V.  CONCLUSION .......................................................................................................11

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*,
   888 F. Supp. 2d 431 (S.D.N.Y. 2012) ...................................................................... 1, 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................... 2, 6, 11

*ATSI Commc'ns., Inc. v. Shaar Fund, Ltd.*,
   493 F.3d 87 (2d Cir. 2007) ...................................................................... 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................... 6, 7

*City of Omaha, Neb. Civilian Emps. Ret. Sys. v. CBS Corp.*,
   679 F.3d 64 (2d Cir. 2012) ...................................................................... 1

*Estate of Whitlock v. Comm'r*,
   59 T.C. 490 (T.C. 1972) ...................................................................... 4

*Fait v. Regions Fin. Corp.*,
   655 F.3d 105 (2d Cir. 2011) ...................................................................... 1, 7, 8

*In re Fannie Mae 2008 Sec. Litig.*,
   742 F. Supp. 2d 382 (S.D.N.Y. 2010) ...................................................................... 4

*In re Gen. Elec. Co. Sec. Litig.*,
   856 F. Supp. 2d 645 (S.D.N.Y. 2012) ...................................................................... 2, 8, 9

*In re Global Crossing, Ltd. Sec. Litig.*,
   313 F. Supp. 2d 189 (S.D.N.Y. 2003) ...................................................................... 9

*In re IndyMac Mortgage-Backed Sec. Litig.*,
   718 F. Supp. 2d 495 (S.D.N.Y. 2010) ...................................................................... 8-9

*In re Initial Public Offering Sec. Litig.*,
   544 F. Supp. 2d 277 (S.D.N.Y. 2008) ...................................................................... 6

*In re Lehman Bros. Sec. & ERISA Litig.*,
   799 F. Supp. 2d 258 (S.D.N.Y. 2011) ...................................................................... 1, 7, 8, 10

*In re Longtop Fin. Techs. Ltd. Sec. Litig.*,
   --- F. Supp. 2d ----, 2012 WL 5512176 (S.D.N.Y. 2012) ...................................................................... 1, 7, 8, 10

*In re Longtop Fin. Techs. Ltd. Sec. Litig.*,
  --- F. Supp. 2d ----, 2013 WL 1410147 (S.D.N.Y. 2013)........................................................ 2, 7

*Lighthouse Fin. Grp. v. The Royal Bank of Scotland Grp., PLC*,
  No. 11 Civ. 398, 2012 WL 4616958 (S.D.N.Y. Sept. 28, 2012).................................................. 8

*New Jersey Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*,
  709 F.3d 109 (2d Cir. 2013) .............................................................................................6-7, 9, 10

*Tsereteli v. Residential Asset Securitization*,
  692 F. Supp. 2d 387 (S.D.N.Y. 2010) ...................................................................................... 8

*Virginia Bankshares v. Sandberg*,
  501 U.S. 1083 (1991) ................................................................................................................ 7

**STATUTES**

26 U.S.C. § 956............................................................................................................................. 4

26 U.S.C. § 956(c)(1)(C) .............................................................................................................. 5

ii

Defendant PricewaterhouseCoopers LLP ("PwC") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' Consolidated Amended Complaint (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.  PRELIMINARY STATEMENT

The Complaint's only claim against PwC is under Section 11 of the Securities Act of 1933, based solely on the alleged falsity of PwC's 2009 audit opinion.  This claim fails because Plaintiffs do not (and cannot) plead the subjective falsity required with respect to an opinion statement.  As the Second Circuit held in *Fait v. Regions Financial Corp.*, 655 F.3d 105 (2d Cir. 2011), there is no Section 11 liability for an opinion unless it "was both objectively false and *disbelieved* by the defendant at the time it was expressed."  *Id.* at 110 (emphasis added); *see also Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 888 F. Supp. 2d 431, 454-55 (S.D.N.Y. 2012) (stating that "*Fait* held that opinions may be actionable *if* they are disbelieved when made" and that *Fait*'s reasoning "applies to both section 10(b) and section 11 claims") (emphasis in original) (citing *City of Omaha, Neb. Civilian Emps. Ret. Sys. v. CBS Corp.*, 679 F.3d 64, 67-68 (2d Cir. 2012)).

This Court has recently and specifically applied *Fait* to audit opinions, holding that to satisfy the subjective falsity requirement, the "'[plaintiff must] allege facts that, if true, would permit a conclusion that [the auditor] either did not in fact hold that opinion or knew that it had no reasonable basis for it.'"  *In re Longtop Fin. Techs. Ltd. Sec. Litig.*, --- F. Supp. 2d ----, 2012 WL 5512176, at *10 (S.D.N.Y. 2012) (*Longtop I*) (brackets in original) (citing *In re Lehman Bros. Sec. & ERISA Litig.*, 799 F. Supp. 2d 258, 302 (S.D.N.Y. 2011)).

The Complaint here does not come close to satisfying the subjective falsity requirement.  To the contrary, the Complaint "affirmatively state[s]" that it does not claim any "intentional or reckless misconduct" by PwC.  Compl. ¶ 92.  This concession is not only

accurate, it is fatal to Plaintiffs' claim against PwC.  *See In re Gen. Elec. Co. Sec. Litig.*, 856 F.

Supp. 2d 645, 656-57 (S.D.N.Y. 2012) (finding that plaintiff had "not alleged subjective falsity"

of an opinion statement under Section 11 because complaint expressly disclaimed allegations of

"knowing misconduct"); *see also In re Longtop Fin. Techs. Ltd. Sec. Litig.*, --- F. Supp. 2d ----,

2013 WL 1410147, at *22 (S.D.N.Y. Apr. 8, 2013) (*Longtop II*) (holding that the analysis

regarding falsity and scienter is "substantially the same" in the context of a Section 10(b) claim

where there are no allegations of motive).  Further, Plaintiffs' own allegations make clear that

PwC was not aware of the tax problem here until October 2012, long after its 2009 audit opinion.

*See* Compl. ¶ 40 (quoting September 2012 resignation letter of Defendant G. Allen Andreas

urging OSG[1] "to report this issue to our auditors, PricewaterhouseCoopers LLP"). Thus, the

Complaint does not plead that PwC "disbelieved" its 2009 audit opinion; it pleads the opposite.

What the Complaint does contain are boilerplate and wholly conclusory allegations

that PwC violated Generally Accepted Auditing Standards ("GAAS"), s*ee id.* ¶¶ 80-89, and "did

not possess reasonable grounds for believing" the truth of its audit opinion, *id*. ¶ 100.  The

generic nature of these allegations is underscored by the fact that Plaintiffs rely on the identical

allegations (in the very same paragraphs) in their attempt to state a Section 11 claim against

Defendant Ernst & Young LLP ("EY") for its separate audits of OSG.  In any event, these

conclusory allegations do not provide any "factual content" whatsoever to support any inference,

let alone a reasonable inference, that PwC disbelieved its audit opinion.  *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009).

Accordingly, Plaintiffs' claim against PwC should be dismissed with prejudice.

---

[1] "OSG" refers to Overseas Shipholding Group, Inc.

II.     BACKGROUND

      A.      PwC's 2009 Audit Opinion

PwC became OSG's independent registered public accounting firm on June 17, 2009. *See* Compl. ¶ 13. On March 1, 2010, PwC issued an unqualified audit opinion on OSG's financial statements for the year ended December 31, 2009 (the "2009 Audit Opinion"). *See id.* ¶ 13. The 2009 Audit Opinion is the only PwC statement at issue in this case. It states, in relevant part, that (1) in PwC's opinion, OSG's financial statements were presented fairly, in all material respects, in conformity with generally accepted accounting principles ("GAAP") and that OSG maintained, in all material respects, an effective system of internal controls over financial reporting; and (2) that PwC's 2009 audit was conducted in accordance with GAAS.[2] *See id.* ¶ 75. With the consent of PwC on March 22, 2010, the 2009 Audit Opinion was incorporated by reference in the Registration Statement for the offering at issue in the Section 11 claim here—OSG's March 24, 2010 Offering of 8.125% Senior Notes Due 2018 (the "March 2010 Offering"). *See id.* ¶ 13.

      B.      The Tax Issue And Andreas's Resignation From The OSG Board Of Directors And Audit Committee

On October 3, 2012, OSG filed a Form 8-K with the Securities and Exchange Commission stating that Defendant G. Allen Andreas had resigned, effective September 27, 2012, from the OSG Board of Directors and Audit Committee. *See* Compl. ¶ 40. In his resignation letter (the "Andreas Letter"), which was attached to the Form 8-K and is quoted in the Complaint, Andreas wrote:

> My resignation results from a disagreement with the Board as to the process the Board is taking in reviewing a tax issue.

---

[2] GAAS in this context refers to audit and review standards of the Public Company Accounting Oversight Board.

> **In taking this action, I urge you to report this issue to our auditors, PricewaterhouseCoopers LLP**, prior to the Company disclosing my resignation with the SEC.
>
> I very much regret having to take this action. **I had hoped in prior discussions to convince the Board and Audit Committee to follow a different direction.**

*Id.* (emphasis added).  By Plaintiffs' own allegation, the tax issue forming the basis for their claim did not come "to light" until OSG filed the October 3, 2012 Form 8-K, and there is no allegation (nor could there be) that PwC was aware of this issue until the time of Andreas's resignation.  *Id.*  A few weeks after Andreas' resignation, OSG announced that it had concluded that its financial statements for the three years ended December 31, 2011 "should no longer be relied upon."  *Id.* ¶ 41.  OSG filed for bankruptcy protection on November 14, 2012.  *See id.* ¶ 44.

The "issue" that Defendant Andreas urged the Board to report to PwC involves complex tax accounting under the provisions of the Internal Revenue Code and GAAP, including the recognition of U.S. taxable income based upon the relationship between OSG and its international affiliates, and the subjective standards governing accounting for deferred tax assets and liabilities and income tax credits.  *See generally* Compl. ¶¶ 30-36; *see, e.g.*, *In re Fannie Mae 2008 Sec. Litig.*, 742 F. Supp. 2d 382, 409 (S.D.N.Y. 2010) (characterizing the accounting standard for deferred taxes as "very subjective").

In short, Plaintiffs allege that OSG erred in its treatment of income from controlled foreign corporations ("CFC") under Section 956 of the Internal Revenue Code.  *See* Compl. ¶¶ 30-36.  Section 956 is a subsection of Subpart F, an extremely complex provision of the Internal Revenue Code that pertains to the circumstances in which a U.S. parent corporation must recognize the foreign earnings of its CFCs in its U.S. taxable income.  *See* 26 U.S.C. § 956; *Estate of Whitlock v. Comm'r*, 59 T.C. 490, 512 (T.C. 1972) (Simpson, J., dissenting) (stating

that "[t]he statutory provisions of subpart F are extremely complex").  Section 956 requires a

U.S. shareholder of a CFC to include in its income portions of the earnings and profits of the

CFC when, among other things, the CFC is a guarantor of an "obligation of a United States

person."  26 U.S.C. § 956(c)(1)(C).  Neither Section 956 nor the corresponding Treasury

Regulations expressly define what it means to be a "guarantor" for purposes of Section 956.

  Plaintiffs allege that prior to and after the March 2010 Offering, OSG entered into

various debt arrangements for which OSG International, Inc. ("OIN"), a wholly owned foreign

subsidiary of OSG and a CFC, was jointly and severally liable.  *See* Compl. ¶ 37.  According to

the Complaint, these debt arrangements triggered U.S. income tax liability under Section 956

because OIN, through its joint and several liability, guaranteed the debt obligation of a United

States person (OSG).  *See id.* ¶¶ 34-38.  Based on OSG's tax error, Plaintiffs claim that OSG had

material weaknesses in its internal controls, although Plaintiffs do not identify any such

weaknesses, and that the 2009 financial statements materially misstated OSG's reported credit

for federal income taxes and its current and deferred tax assets and liabilities, in violation of

Accounting Standards Codification 740 (previously Statement of Financial Accounting

Standards No. 109).  *See id.* ¶¶ 56-58.

### C. Plaintiffs' Conclusory Allegations Against PwC

  Plaintiffs do not attempt to plead that PwC disbelieved its 2009 Audit Opinion.  *See*

*generally* Compl.  To the contrary, the Complaint "affirmatively" disclaims any allegation that

PwC "committed intentional or reckless misconduct or that Defendants acted with scienter or

fraudulent intent."  *Id.* ¶ 92.  Further, the Complaint claims only that OSG's 2009 financial

statements violated GAAP and that "PwC did not perform the requisite procedures and did not

possess reasonable grounds for believing that [its] representations in [its] unqualified audit

opinion[] with respect to OSG's financial statements were true."  *Id.* ¶ 100.

The only allegations of fact with respect to PwC are the Andreas Letter and the fact that PwC was compensated for the work it performed for OSG.  *See id.* ¶¶ 40, 74.  Plaintiffs' remaining "allegations" merely recite various GAAS provisions and then offer hindsight conclusions that PwC must have violated those standards because, according to Plaintiffs, OSG's 2009 financial statements did not comply with GAAP and there were material weaknesses in OSG's internal controls.  *See id.* ¶¶ 71-89.  Plaintiffs lump together their generic and conclusory GAAS allegations and assert them against both PwC and EY, claiming that the two auditors committed the exact same GAAS violations in their separate audits of OSG.  *See id.* ¶¶ 80-89.

## III.    STANDARD OF LAW

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must "accept as true all of the factual allegations contained in the complaint and draw all inferences in the light most favorable to the non-moving party."  *In re Initial Public Offering Sec. Litig.*, 544 F. Supp. 2d 277, 284 (S.D.N.Y. 2008).  Dismissal is proper, however, unless plaintiffs "provide the grounds upon which [their] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"  *ATSI Commc'ns., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A plaintiff cannot state a claim for relief based merely on conclusory statements and instead must plead sufficient "factual content" to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (requiring a claim to be "plausible on its face").  As the Second Circuit recently observed, "factual content that is 'merely consistent with,' rather than suggestive of, a finding of liability will not support a reasonable inference" of liability.  *New Jersey Carpenters Health Fund v.*

*Royal Bank of Scotland Grp., PLC*, 709 F.3d 109, 121 (2d Cir. 2013) (quoting *Twombly*, 550

U.S. at 556).

## IV.    ARGUMENT

### A.    Plaintiffs Must Plead That The 2009 Audit Opinion Was Subjectively False

Plaintiffs' Section 11 claim against PwC must be dismissed because Plaintiffs fail to

plead an actionable statement by PwC.  Plaintiffs' claim is limited to the 2009 Audit Opinion,

which states that (1) "in [PwC's] opinion," the 2009 financial statements "present[ed] fairly, in

all material respects, the financial position of [OSG] . . . in conformity with [GAAP]," and OSG

"maintained, in all material respects, effective internal control over financial reporting"; and (2)

that PwC "conducted [its] audit in accordance with [GAAS]."  Compl. ¶ 75.  As this Court has

held, audit opinions are, by definition, opinion statements.  *See Longtop I*, 2012 WL 5512176, at

*10 (finding that audit opinion, including statement of GAAS compliance, was opinion

statement); *see also Lehman Bros.*, 799 F. Supp. 2d at 302-03 (finding that auditor's GAAP and

GAAS statements are opinions); *Longtop II*, 2013 WL 1410147, at *22 (dismissing second

amended complaint on the ground, among others, of failure to plead falsity of audit opinion).

In order for an opinion to be actionable as a misstatement under the federal

securities laws, the opinion must be both subjectively and objectively false.  *Virginia Bankshares

v. Sandberg*, 501 U.S. 1083, 1095 (1991) ("A statement of belief [may be proven false or

misleading] . . . solely as a misstatement of the psychological fact of the speaker's belief in what

he says."); *Fait*, 655 F.3d at 110 (requiring Section 11 plaintiffs to plead that opinion statement

is "both objectively false and disbelieved by the defendant at the time it was expressed");

*Longtop I*, 2012 WL 5512176, at *10 (stating that "'[plaintiff must] allege facts that, if true,

would permit a conclusion that [the auditor] either did not in fact hold that opinion or knew that

it had no reasonable basis for it'") (brackets in original) (quoting *Lehman Bros.*, 799 F. Supp. 2d

7

at 302); *Abu Dhabi Commercial Bank*, 888 F. Supp. 2d at 455-56 (finding opinions actionable only where plaintiffs adequately allege that opinion was disbelieved by the speaker and false or misleading with respect to the underlying subject matter).  Accordingly, to state an actionable Section 11 claim, Plaintiffs must plead facts to show that the 2009 Audit Opinion was subjectively false, *i.e.*, that PwC disbelieved the opinion at the time it was issued.

> **B.      Plaintiffs Fail To And Cannot Plead That PwC Disbelieved The 2009 Audit Opinion**

Plaintiffs do not plead subjective falsity of the 2009 Audit Opinion, as they fail to allege in any way that PwC disbelieved its opinion.  Their failure to do so is dispositive.  *Fait*, 655 F.3d at 112-13 (affirming dismissal of Section 11 claim because there were not sufficient factual allegations that the opinion at issue was subjectively false); *Longtop I*, 2012 WL 5512176, at *10 (dismissing claim against auditor for failure to plead subjective falsity with respect to audit opinion); *In re Gen. Elec. Co. Sec. Litig.*, 856 F. Supp. 2d at 657 (dismissing Section 11 claim under Rule 8 because the complaint contained no allegation that the defendant "disbelieved" his opinion statement and instead expressly disclaimed allegations of knowing misconduct on the part of the defendant); *Lehman Bros.*, 799 F. Supp. 2d at 302 (dismissing Section 11 claims attacking audit opinion where plaintiffs failed "to allege facts that, if true, would permit a conclusion that [the auditor] either did not in fact hold that opinion or knew that it had no reasonable basis for it").[3]

---

[3] *See also Tsereteli v. Residential Asset Securitization*, 692 F. Supp. 2d 387 (S.D.N.Y. 2010) (dismissing a Section 11 claim against defendant underwriters based on property appraisals because the appraisals were opinions and plaintiffs failed to plead facts showing that the underwriters "did not truly" hold those opinions at the time they were made); *Lighthouse Fin. Grp. v. The Royal Bank of Scotland Grp., PLC*, No. 11 Civ. 398, 2012 WL 4616958, at *11 (S.D.N.Y. Sept. 28, 2012) (dismissing Section 11 claim for failure to plead subjective falsity and observing that "[a]llegations that Defendants should have known that their valuations were inaccurate no longer suffice"); *In re IndyMac Mortgage-Backed Sec. Litig.*, 718 F. Supp. 2d 495

Moreover, any attempt by Plaintiffs to plead subjective falsity would fail for

multiple reasons.  *First*, Plaintiffs' own allegations on their face demonstrate that PwC was not

aware of the alleged tax issue at OSG until more than two years after it issued the 2009 Audit

Opinion.  Indeed, the Andreas Letter, submitted in September 2012, urges the Board to inform

PwC of the alleged tax issue and makes clear that PwC was not included in the "prior

discussions" regarding that issue.  Compl. ¶ 40 (excerpt of the Andreas Letter referring to "prior

discussions" about "reviewing a tax issue," and urging the Board to report that issue to PwC).

The Andreas Letter and the fact that PwC was compensated for its work are the only non-

conclusory allegations of fact with respect to PwC, and they are not consistent with, let alone

suggestive of, misconduct on the part of PwC.  The only reasonable inference from these

allegations is that PwC was unaware when it issued the 2009 Audit Opinion that there was any

tax issue that might render OSG's 2009 financial statements to be in violation of GAAP.  *See*

*New Jersey Carpenters Health Fund*, 709 F.3d at 121 (stating that there is inference of liability

only when the alleged facts are suggestive of, rather than merely consistent with, a finding of

misconduct).

Second, as noted, the Complaint expressly disclaims any allegation of "intentional

or reckless misconduct" on the part of PwC.  Compl. ¶ 92.  Thus, by definition, Plaintiffs do not

and cannot allege that the 2009 Audit Opinion was subjectively false.  *See In re Gen. Elec. Co.*

*Sec. Litig.*, 856 F. Supp. 2d at 656-57 (finding that plaintiff had "not alleged subjective falsity"

---

(S.D.N.Y. 2010) (dismissing Section 11 claims based on opinion statements, including real estate
appraisals and credit ratings, because the complaint failed to allege that defendants did not truly
believe the statements at the time they were issued); *In re Global Crossing, Ltd. Sec. Litig.*, 313
F. Supp. 2d 189 (S.D.N.Y. 2003) (dismissing Section 11 claim based on fairness opinion for
failure to plead subjective falsity).

of an opinion statement under Section 11 because complaint expressly disclaimed allegations of

"knowing misconduct").

*Third*, Plaintiffs' conclusory allegations that PwC violated various GAAS

provisions do not create any inference whatsoever that PwC did not truly hold the opinions

reflected in the 2009 Audit Opinion.  These allegations merely catalogue various provisions of

GAAS and conclude, without any factual allegations in support, that PwC must have violated

those provisions.  *See Lehman Bros.*, 799 F. Supp. 2d at 300-01 (stating that "more is necessary

to make out a claim that the statement of opinion is false than a quarrel with whether [GAAS]

ha[s] been satisfied").  This pleading failure is especially pronounced where, as here, the GAAS

provisions that Plaintiffs allege were violated—*i.e.*, the requirement to obtain sufficient

competent evidential matter, exercise due professional care, and exercise independence in mental

attitude—are inherently subjective, and the alleged GAAP violations involve complex and

subjective tax accounting standards.  *See Longtop I*, 2012 WL 5512176, at *10 (stating that

"strong circumstantial evidence of subjective falsehood" is required where the "alleged auditing

standard violations [are] inherently subjective"); *see also Lehman Bros.*, 799 F. Supp. 2d at 300

(characterizing the type of GAAS provisions allegedly violated here to be are inherently

subjective).

*Fourth*, underscoring their inability to provide "a fairly specific account" of how

PwC violated GAAS, through reference to confidential witness statements or other "substantial

sources," Plaintiffs simply lump together the same generic allegations in their failed attempt to

state claims against PwC and EY for their entirely separate audits.  *See New Jersey Carpenters

Health Fund*, 709 F.3d at 122-24 (finding that plaintiffs stated a Section 11 claim because they

provided "a fairly specific account" of the defendants' misconduct through reference to

10

statements from former employees); Compl. ¶¶ 80-89.  Plaintiffs thus ask this Court to draw an

inference, without any factual support, that two different accounting firms committed the exact

same violations on multiple different audits of OSG.  But Plaintiffs present no factual allegations

to support such an inference under any standard, let alone under *Iqbal*.

Plaintiffs have failed at the most basic level to plead an actionable false statement

by PwC, and the allegations in their Complaint demonstrate that Plaintiffs cannot remedy that

defect.

## V.    CONCLUSION

For the reasons stated above, Plaintiffs' claim against PwC should be dismissed

with prejudice.


Dated:  April 19, 2013                              Respectfully submitted,

                                                   LATHAM & WATKINS LLP

                                                   By /s/  Miles N. Ruthberg
                                                        Miles N. Ruthberg
                                                        885 Third Avenue
                                                        New York, NY  10022
                                                        Tel: (212) 906-1200
                                                        Miles.Ruthberg@lw.com
                                                        [*additional counsel listed on cover page*]

                                                        Attorneys for Defendant
                                                        PricewaterhouseCoopers LLP