UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE OSG SECURITIES LITIGATION | ) ) ) ) No. 1: 12-cv-07948-SAS (KNF) ) ECF Case ) ) |

# MEMORANDUM OF ERNST & YOUNG LLP
# IN SUPPORT OF ITS MOTION TO DISMISS

| | |
|---|---|
| Stanley J. Parzen<br>MAYER BROWN LLP<br>1675 Broadway<br>New York, New York 10019-5820<br>(212) 506-2500 | James C. Schroeder<br>Justin A. McCarty<br>MAYER BROWN LLP<br>71 S. Wacker Dr.<br>Chicago, IL  60606<br>(312) 782-0600 |

*Attorneys for Defendant Ernst & Young LLP*

May 23, 2013

# **TABLE OF CONTENTS**

Page

INTRODUCTION ........................................................................................................................ 1
BACKGROUND .......................................................................................................................... 2
ARGUMENT ................................................................................................................................ 4
I. The Claim Against E&Y Is Not Plausible Because The IRS Is Not Seeking Any Unpaid Taxes For 2007 And 2008 .................................................................................... 4
II. The Claim Against E&Y Also Fails Because Plaintiffs Do Not Allege Objective And Subjective Falsity, As Second Circuit Law Requires ............................................... 6
III. The Complaint On Its Face Shows That E&Y's Audit Opinion Did Not Cause The Alleged Losses ........................................................................................................... 7
CONCLUSION ............................................................................................................................. 9

## **TABLE OF AUTHORITIES**

Page

**CASES**

*AIG 2008 Sec. Litig.*, *In re*,
  2013 WL 1787567 (S.D.N.Y. Apr. 26, 2013) .................................................................7

*Alamosa Holdings*, *In re*,
  382 F. Supp. 2d 832 (N.D. Tex. 2005) ..........................................................................8

*Amorosa v. AOL Time Warner*,
  409 F. App'x 412 (2d Cir. 2011) ................................................................................7, 9

*Apple REITSs Litig.*, *In re*,
  2013 WL 1386202 (E.D.N.Y. Apr. 3, 2013) ..................................................................8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .......................................................................................................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .......................................................................................................4

*Blackmoss Inv. v. ACA Cap. Holdings*,
  2010 WL 148617 (S.D.N.Y. Jan. 14, 2010) ..................................................................8

*Britannia Bulk Holdings Inc. Sec. Litig.*, *In re*,
  665 F. Supp. 2d 404 (S.D.N.Y. 2009) ............................................................................9

*Dura Pharms. v. Broudo*,
  544 U.S. 336 (2005) .......................................................................................................9

*Fait v. Regions Fin. Corp.*,
  712 F. Supp. 117 (S.D.N.Y. 2010),
  *aff'd*, 655 F.3d 105 .........................................................................................................7

*Fait v. Regions Fin. Corp.*,
  655 F.3d 105 (2d Cir. 2011) .....................................................................................1, 6

*Herman & MacLean v. Huddleston*,
  459 U.S. 375 (1983) .......................................................................................................4

*Lattanzio v. Deloitte & Touche LLP*,
  476 F.3d 147 (2d Cir. 2007) ..........................................................................................9

# TABLE OF AUTHORITIES
(continued)

**Page**

*Lehman Bros. Sec. Litig.*, In re,
    799 F. Supp. 2d 258 (S.D.N.Y. 2011) ................................................................................... 4, 6

*Longtop Fin. Techs. Ltd. Sec. Litig.*, In re,
    2012 WL 5512176 (S.D.N.Y. Nov. 14, 2012) ....................................................................... 4, 6

*Pani v. Empire Blue Cross Blue Shield*,
    152 F.3d 67 (2d Cir. 1998) ........................................................................................................ 7

*State Street Bank & Trust Co. Investment Litig.*, In re,
    774 F. Supp. 2d 584 (S.D.N.Y. 2011) ....................................................................................... 8

*Tricontinental Indus. v. PricewaterhouseCoopers, LLP*,
    475 F.3d 824 (7th Cir. 2007) .................................................................................................... 9

*Virginia Bankshares v. Sandberg*,
    501 U.S. 1083 (1991) ................................................................................................................ 6

**STATUTES**

15 U.S.C. § 77k ............................................................................................... 1, 2, 3, 4, 5, 6, 7, 8, 9

15 U.S.C. § 77k(a) ................................................................................................................... 5, 6

15 U.S.C. § 77k(a)(4) ................................................................................................................... 4

15 U.S.C. § 77k(e) ........................................................................................................................ 7

## INTRODUCTION

The plaintiffs did not sue Ernst & Young LLP ("E&Y") in their original complaint, but their Consolidated Amended Complaint ("CAC") added a claim against E&Y under Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k. That claim, arising out of a registration statement for a March 2010 offering of notes from Overseas Shipholding Group ("OSG"), is legally deficient for several reasons and should be dismissed with prejudice.

First, the only E&Y report included in the registration statement—and thus the only report for which E&Y might be sued under § 11—was its audit report providing E&Y's opinion on OSG's 2007 and 2008 financial statements. The entire complaint is based on the theory that OSG failed because of undisclosed federal income tax liability of tens of millions of dollars under § 956 of the Internal Revenue Code, but there are no allegations that there was a mistake in OSG's income tax liabilities for 2007 and 2008. In fact, the complaint admits that the IRS is not seeking any unpaid income taxes for 2007 and 2008. Plaintiffs allege that the IRS filed proofs of claim in OSG's bankruptcy asserting that OSG owes $463 million in unpaid taxes for the years 2004-2005 and 2009-2011, but the IRS is not claiming that OSG had any unpaid taxes for 2007 and 2008. Because plaintiffs have not alleged an error in OSG's tax liabilities for 2007 and 2008, they have not alleged a plausible claim against E&Y.

Second, for the reasons explained in the motion to dismiss filed by PricewaterhouseCoopers ("PwC"), which we adopt, the plaintiffs are required to—but do not—allege that E&Y did not believe its audit opinion at the time E&Y issued its report. This failure to allege subjective falsity, mandated for § 11 claims by *Fait v. Regions Fin. Corp.*, 655 F.3d 105 (2d Cir. 2011), requires dismissal of the claim against E&Y.

Finally, although the absence of loss causation is an affirmative defense for § 11 claims, it is a proper basis to dismiss the claim when it is evident from the face of the complaint that

1

there is no causal connection between the defendant's alleged misrepresentations or omissions and the alleged harm. That is the case here for two independent reasons. First, the complaint's admission that the IRS is not claiming that OSG owes any unpaid taxes for 2007 and 2008 establishes that E&Y's audit report on OSG's 2007 and 2008 financial statements did not cause the alleged losses that plaintiffs purportedly suffered because of § 956 issues. Second, the complaint alleges that the OSG notes lost their value as a result of disclosures concerning OSG's tax issues under § 956. But because the complaint does not allege that any disclosures of § 956 issues for 2007 and 2008 caused that drop in value, it does not allege loss causation as to E&Y.

## BACKGROUND

The § 11 claim against E&Y is based on a March 24, 2010 public offering of OSG debt securities (notes), which two plaintiffs allegedly purchased. CAC ¶¶ 1, 6-7, 48-49, 93. E&Y's audit report on OSG's 2007 and 2008 financial statements was incorporated by reference in the registration statement for the March 2010 offering. *Id*. ¶¶ 12, 75. E&Y did not audit the company's later financial statements, as OSG dismissed E&Y as its auditor in June 2009. *Id*. ¶ 12. PwC audited OSG's financial statements for 2009—which were also included in the registration statement and were the most current financial statements at the time. *Id*. ¶ 13. PwC also audited OSG's 2010 and 2011 financial statements. *Id*.

OSG owns a fleet of vessels that transport oil and petroleum products worldwide. *Id*. ¶¶ 9, 20-24. The ships are all owned or operated by foreign subsidiaries of OSG International ("OIN"), which is itself a foreign subsidiary of OSG. *Id*. ¶ 25.

The essence of plaintiffs' claim is that OSG's financial statements materially misstated OSG's reported credit for federal income taxes and its current and deferred income tax assets and liabilities. *Id*. ¶¶ 51, 56. Specifically, plaintiffs allege that OSG entered into certain credit facilities; that OIN was jointly and severally liable for those obligations, thus guaranteeing them;

that under § 956 of the Internal Revenue Code, OIN's participation triggered U.S. income tax liability for OSG for undistributed foreign income earned by OIN's foreign subsidiaries; and that OSG's failure to report that foreign income as taxable income meant that it underpaid its U.S. tax obligations. *Id*. ¶¶ 30-38, 60. Plaintiffs claim "that OIN's guarantees of OSG's debt obligations then subjected OSG to tens of millions of dollars in undisclosed federal income taxes" under § 956. *Id*. ¶ 60(c). Similarly, Plaintiffs assert that the tax issue involved in their complaint relates to the "IRS adjustment to [OSG's] prior federal income tax as a result of the IRC Section 956 issue." *Id*. ¶ 45. Plaintiffs contend that they were damaged as a result of OSG's misstated tax liabilities. *Id*. ¶ 101.

The § 956 tax issue first came to light in October 2012. *Id*. ¶ 40. OSG investigated and then filed for bankruptcy in November 2012. *Id*. ¶¶ 41, 44.

The Internal Revenue Service filed two proofs of claim in OSG's bankruptcy case. *Id*. ¶¶ 46-47. The IRS filed both proofs of claim after the initial complaints were filed in this litigation, but before plaintiffs filed the Consolidated Amended Complaint, which added a claim against E&Y. In December 2012, the IRS filed a proof of claim asserting that OSG owed more than $48 million in unpaid income taxes and interest for the tax years 2004, 2005, and 2009 through 2011. *Id*. ¶ 46. However, the IRS did not claim that OSG owed any unpaid income taxes for the years 2007 and 2008—the years of the only OSG financial statements audited by E&Y that were included in the registration statement. *Id*. In February 2013, the IRS filed an amended proof of claim in the bankruptcy, which asserted that OSG owed $463 million in unpaid income taxes and interest for the years 2004, 2005, and 2009 through 2011; $424 million of that amount was attributable to the years 2009-2011. *Id*. ¶ 47. Once again, the IRS made no claim that there were any tax problems with respect to the years 2007 and 2008. *Id*.

Against E&Y, plaintiffs allege only a § 11 claim arising out of the March 24, 2010

3

offering. *Id*. ¶¶ 91-103. Plaintiffs "affirmatively state that they do not claim that Defendants committed intentional or reckless misconduct or that Defendants acted with scienter or fraudulent intent." *Id*. ¶ 92. As noted, plaintiffs added E&Y to the Consolidated Amended Complaint after learning that the IRS was not claiming that OSG owed any income taxes as a result of § 956 for 2007 and 2008.

## ARGUMENT

### I. The Claim Against E&Y Is Not Plausible Because The IRS Is Not Seeking Any Unpaid Taxes For 2007 And 2008.

To state a claim, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is not plausible unless the complaint "'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *In re Longtop Fin. Techs. Ltd. Sec. Litig.*, 2012 WL 5512176, at *10 (S.D.N.Y. Nov. 14, 2012) (Scheindlin, J.) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Determining whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The complaint must be dismissed when the facts alleged "'stop[] short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678.

The allegations here show that there is no plausible claim against E&Y. Under § 11, E&Y cannot be liable for statements in the registration statement that it did not make; "[a]ccountants are liable under § 11 only for those matters which purport to have been prepared or certified by them." *Herman & MacLean v. Huddleston*, 459 U.S. 375, 381 n.11 (1983) (citing 15 U.S.C. § 77k(a)(4)). Accountants are not subject to § 11 liability for "parts of a registration statement which they are not named as having prepared or certified." *Id*. at 386 n.22. See also *In*

*re Lehman Bros. Sec. Litig.*, 799 F. Supp. 2d 258, 300, 303 (S.D.N.Y. 2011) (holding that a § 11 claim against an auditor must be based on the auditor's "opinion that the audit complied with the[] broadly stated standards" that comprise generally accepted auditing standards (GAAS) or its "opinion" stating "the auditor's *belief* that the financial statements, taken as a whole, are not materially misstated" under generally accepted accounting principles (GAAP)). The only statements made by E&Y that are incorporated in the registration statement are in its audit report on OSG's 2007 and 2008 financial statements; that audit report expressed E&Y's "opinion on [OSG's] financial statements based on our audits." CAC ¶¶ 12, 75. Thus, to state a claim against E&Y, plaintiffs would have to allege that E&Y's 2007 and 2008 audit report contained an "untrue" or "misleading" statement of a material fact. 15 U.S.C. § 77k(a).

The predicate for plaintiffs' entire case is that OSG's financial statements materially misstated the company's federal income tax liabilities (CAC ¶¶ 51, 56) because OSG was subject to "tens of millions of dollars in undisclosed federal income taxes" under § 956 of the Internal Revenue Code (*id.* ¶ 60(c)). However, there is no allegation in the complaint that OSG in fact owed a material amount of federal income taxes under § 956 in 2007 and 2008—and hence no plausible allegation of a misstatement or omission in the financial statements upon which E&Y's audit report opined. To the contrary, plaintiffs admit that the IRS, in two proofs of claim filed in OSG's bankruptcy, does not assert that OSG had any unpaid taxes for 2007 and 2008. *Id.* ¶¶ 46-47. The IRS claims that OSG owes millions of dollars in unpaid taxes for years before (2004-2005) and after (2009-2011) that, but not for 2007 and 2008. *Id.*

As a result, the complaint does not state a plausible claim that the financial statements upon which E&Y's audit report expressed an opinion for 2007 and 2008 contained a material misstatement or omission. Quite the opposite: the only plausible conclusion from the complaint's allegations is that there was no material misstatement or omission in E&Y's 2007 and 2008 audit

5

report with respect to OSG's tax liabilities under § 956. Accordingly, the claim against E&Y should be dismissed because of the absence of plausible allegations that E&Y's report contained "untrue" or "misleading" statements of material fact. 15 U.S.C. § 77k(a).

## II. The Claim Against E&Y Also Fails Because Plaintiffs Do Not Allege Objective And Subjective Falsity, As Second Circuit Law Requires.

Plaintiffs sue E&Y here because it consented to have its "unqualified audit opinion" incorporated into the Registration Statement. CAC ¶¶ 12, 97. Yet only an untrue statement or omission of a "material fact" is actionable under § 11. 15 U.S.C. § 77k(a). As a result, there can be a § 11 claim against E&Y only if its audit opinion misstated or omitted a material "fact." But as PwC explained in its brief in support of its motion to dismiss (Dkt. No. 96)—which we adopt—an auditor's judgment concerning § 956, which is expressed in its opinion on the company's financial statements, cannot be an actionable misstatement of "fact" under § 11 unless the plaintiffs allege that the auditor's statement was "both objectively false and disbelieved by the defendant at the time it was expressed." *Fait v. Regions Fin. Corp.*, 655 F.3d 105, 110 (2d Cir. 2011) (citing *Virginia Bankshares v. Sandberg*, 501 U.S. 1083, 1095-96 (1991)); see also, *e.g.*, *Longtop*, 2012 WL 5512176, at *10 (citing *Lehman Bros.*, 799 F. Supp. 2d at 302); PwC Br. at 1, 7-8 (citing additional cases). This is particularly true here because the tax issues with respect to § 956 are complex and require a considerable amount of professional judgment to evaluate.  See PwC Br. at 1, 7-8.

For the reasons just explained, the § 11 claim against E&Y does not allege objective falsity—there is no plausible allegation that E&Y made a false statement with respect to OSG's tax liabilities under § 956 for 2007 and 2008.

The claim against E&Y is also defective because plaintiffs do not allege subjective falsity—the complaint does not allege that E&Y disbelieved its opinions on the 2007 and 2008

6

financial statements at the time it issued the report. In fact, plaintiffs admit that they do not allege subjective falsity: they "affirmatively state that they do not claim that Defendants committed intentional or reckless misconduct or that Defendants acted with scienter or fraudulent intent." CAC ¶ 92. As a result, it is clear that the claim against E&Y should be dismissed for failure to allege subjective falsity. See *Fait v. Regions Fin. Corp.*, 712 F. Supp. 117, 124-25 & n.56 (S.D.N.Y. 2010) (holding that a very similar disclaimer meant that the complaint was "devoid of any allegation that defendants did not truly hold those opinions at the time"), *aff'd*, 655 F.3d 105, 113 (holding that "the complaint does not plausibly allege subjective falsity"). See also PwC Br. at 2, 9-10 (citing additional cases); *In re AIG 2008 Sec. Litig.*, 2013 WL 1787567, at *5 (S.D.N.Y. Apr. 26, 2013) (dismissing § 11 claim for not alleging subjective falsity where complaint stated that it "'expressly exclude[s] and disclaim[s] any allegation that could be construed as alleging … intentional or reckless misconduct'").

### III.   The Complaint On Its Face Shows That E&Y's Audit Opinion Did Not Cause The Alleged Losses.

There is an additional reason for dismissing the claim against E&Y: the complaint on its face shows that E&Y's audit report did not cause the plaintiffs' alleged losses. Section 11 provides defendants with an affirmative defense—namely, a plaintiff cannot recover if the defendant establishes that the alleged losses did not result from the defendant's purported misstatements or omissions in the "part of the registration statement" for which the defendant is being sued. 15 U.S.C. § 77k(e). And although "[t]he absence of loss causation is an affirmative defense to a section 11 claim," it is "a proper basis on which to dismiss the claim" when the absence of causation is "apparent from the face of the complaint." *Amorosa v. AOL Time Warner*, 409 F. App'x 412, 417 (2d Cir. 2011) (affirming dismissal of § 11 claim against E&Y and award of sanctions). See also, *e.g.*, *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74

7

(2d Cir. 1998) ("An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint").

Thus, when the "Plaintiffs' own allegations demonstrate that any loss experienced by Plaintiffs could not be attributable to [the defendant's] alleged misrepresentation or omission," the § 11 claim must be dismissed. *In re Alamosa Holdings*, 382 F. Supp. 2d 832, 866 (N.D. Tex. 2005) (dismissing § 11 claim). A § 11 claim is similarly subject to dismissal "if a defendant can prove that it is apparent on the face of the complaint that the alleged loss is not causally connected to the misrepresentations at issue." *In re State Street Bank & Trust Co. Inv. Litig.*, 774 F. Supp. 2d 584, 588 (S.D.N.Y. 2011) (dismissing § 11 claim); accord, *e.g.*, *In re Apple REITs Litig.*, 2013 WL 1386202, at *16 (E.D.N.Y. Apr. 3, 2013); *Blackmoss Inv. v. ACA Cap. Holdings*, 2010 WL 148617, at *11 (S.D.N.Y. Jan. 14, 2010).

For two independent reasons, it is apparent from the complaint here that E&Y's audit opinion on OSG's 2007 and 2008 financial statements was not causally connected to the plaintiffs' alleged losses. First, the complaint alleges that OSG's § 956 tax problems caused the company's bankruptcy, but it further alleges that the IRS has not asserted that there were any tax problems for 2007 and 2008—which is especially telling because the IRS is claiming hundreds of millions of dollars in unpaid taxes for other years. CAC ¶¶ 46-47. In light of these allegations, it is "apparent on the face of the complaint that the alleged loss is not causally connected to" E&Y's audit report. *State Street Bank*, 774 F. Supp. 2d at 588.

Second, the complaint alleges that the value of the OSG notes at issue declined because of OSG's October 2012 disclosures concerning its tax position with regard to § 956. CAC ¶¶ 198, 200-01. But the complaint does not point to any disclosure of any issue with respect to income tax liability under § 956 for 2007 and 2008; thus, it affirmatively shows that there was no

8

disclosure of a material misstatement concerning 2007 and 2008. Instead, the complaint only contains allegations that would call into play 2009 and other years. Given these allegations, there is no basis to conclude that the price drop alleged had anything to do with 2007 and 2008, and hence there is no loss causation under *Dura Pharms. v. Broudo,* 544 U.S. 336 (2005). See *Tricontinental Indus. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 844 (7th Cir. 2007) (allegations that the plaintiff was harmed by "exposure of misrepresentations contained in [the company's] 1998 and 1999 financial statements," which allegedly caused a drop in the stock price, did not allege loss causation "for losses suffered as a result of alleged misrepresentations in the 1997 audited financial statements"); *In re Britannia Bulk Holdings Inc. Sec. Litig.*, 665 F. Supp. 2d 404, 419 (S.D.N.Y. 2009) (allegations that plaintiff was harmed by the company's issuance of certain freight agreements ("FFAs") in a manner inconsistent with the company's historic use of FFAs failed to allege loss causation because the disclosure related only to FFAs entered into after the IPO and "did *not* disclose even 'partially' that any of the FFAs in effect at the time of the IPO had diverged from historic practices of using FFAs as economic hedges"). Indeed, the alleged years at issue as to E&Y (2007 and 2008) are so old that causation is precluded for the losses that plaintiffs allegedly suffered in October 2012. See generally *Lattanzio v. Deloitte & Touche LLP*, 476 F.3d 147, 157-58 (2d Cir. 2007) (holding that plaintiffs did not allege loss causation against an auditor where others' misstatements were "much more consequential and numerous," while the auditor's two alleged misstatements were "sporadic" and less than 10% of the amount misstated by others). Because the "absence of loss causation" is evident from the complaint's allegations, the § 11 claim against E&Y should be dismissed. *Amorosa*, 409 F. App'x at 417.

## CONCLUSION

The claim against E&Y should be dismissed with prejudice.

9

May 23, 2013                                      Respectfully submitted,

                                                                                                      /s/ Stanley J. Parzen

| | |
|---|---|
| James C. Schroeder | Stanley J. Parzen |
| Justin A. McCarty | MAYER BROWN LLP |
| MAYER BROWN LLP | 1675 Broadway |
| 71 S. Wacker Dr. | New York, New York 10019-5820 |
| Chicago, IL 60606 | (212) 506-2500 |
| (312) 782-0600 | |

*Attorneys for Defendant Ernst & Young LLP*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2013, I caused a true and correct copy of the foregoing document to be served by electronic filing via the Court's CM/ECF system, on all counsel registered to receive electronic notification.

   /s/ Stanley J. Parzen
*Attorney for Defendant Ernst & Young LLP*