**Dechert**
LLP

**ARNOLD & PORTER** LLP

February 4, 2014

Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Courtroom 15C
New York, NY 10007-1312

RE:   *In re OSG Securities Litigation,* Master File No. 1:12-cv-07948-SAS

Dear Judge Scheindlin:

      We write on behalf of Defendants Myles Itkin and Morten Arntzen in response to Lead Plaintiffs' letter dated January 28, 2014 ("Plaintiffs' Letter") regarding Proskauer Rose LLP's motion to dismiss a legal malpractice complaint filed by non-party Overseas Shipholding Group, Inc. in bankruptcy court (the "Proskauer motion").[1]

      Plaintiffs' Letter does not contend that the Proskauer motion warrants denial of Defendants' motion to dismiss Plaintiffs' second consolidated amended complaint. Instead, Plaintiffs' Letter asserts that to the extent that the Court grants Defendants' motion, Plaintiffs should be given leave to file a third consolidated amended complaint arguing that such an amendment "would not be futile based on the facts and evidence contained in the Proskauer motion."

      Plaintiffs are mistaken that the Proskauer motion provides a basis for granting them yet another opportunity to amend. The Proskauer motion does not contain any new evidence of scienter against either Arntzen or Itkin. On the contrary, the Proskauer motion does not make reference to either Defendant.

      Nor does the Proskauer motion give rise to a strong inference that anyone else at Overseas Shipholding Group, Inc. ("OSG") acted with scienter. The motion merely argues that OSG employees (other than Arntzen or Itkin) failed to provide Proskauer with complete and accurate information relevant to the Section 956 tax issue. And even this argument is questionable. The "documentary evidence" that purportedly supports Proskauer's contention is a draft credit agreement from 2006. Proskauer points out that this draft (i) states that OSG and a foreign subsidiary "will be joint and several borrowers under the Credit Facility" and (ii)

---

[1] On February 3, 2014, OSG filed a memorandum in opposition to defendants' motion to dismiss the adversary complaint. Upon request, Defendants will provide the Court a copy of OSG's memorandum. *See Overseas Shipholding Grp., Inc. v. Parnes et al. (In re Overseas Shipholding Grp., Inc.),* No. 12-20000-PJW, Adv. No. 13-52492-PJW (Bankr. D. Del.) (Dkt. No. 20).

contains a footnote saying "Discuss tax implications of guarantees from non-US subsidiaries." Dkt. 135-1 at 16. But the draft does not establish that OSG understood the "joint and several" language to constitute a guarantee, much less to trigger a deemed dividend under Section 956 of the Internal Revenue Code. Nor does the draft show what, if any, advice was rendered by outside counsel regarding potential tax liability. The draft does, however, suggest that OSG consulted with outside counsel regarding the tax consequences of the Company's credit agreements, and lends further credence to the inference that OSG employees relied in good faith on the advice of professional advisors and would not have knowingly incurred a significant tax liability.[2]

Proskauer's unproven and highly contested allegations—which, again, do not implicate Arntzen or Itkin—cannot support an inference of scienter that is "cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007). *See also In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003) ("Second Circuit case law makes it clear that references to preliminary steps in [other] litigations ... that did not result in an adjudication on the merits or legal or permissible findings of fact are, as a matter of law, immaterial...."); *Oughtred v. E*Trade Fin. Corp.*, No. 08 Civ. 3295, 2011 WL 1210198, at *11 n.5 (S.D.N.Y. Mar. 31, 2011) ("Simply put, the mere existence of allegations, without any determination of liability, does not support an inference of scienter."). Accordingly, further amendment would be futile. *See Pub. Emps. Ret. Ass'n of N.M. v. Pricewaterhouse Coopers LLP*, 305 F. App'x 743, 744 (2d Cir. 2009) (affirming denial of leave to amend where "new evidence" that plaintiff presented "was not the proverbial 'smoking gun' that plaintiffs claim it is").

As demonstrated in Arntzen and Itkin's Memorandum and Reply in support of their pending motion to dismiss, the securities fraud claims against them should be dismissed with prejudice.

Respectfully,

| **DECHERT LLP** | **ARNOLD & PORTER LLP** |
|---|---|
| /s/ David H. Kistenbroker | /s/ Scott B. Schreiber |
| David H. Kistenbroker | Scott B. Schreiber |
| Joni S. Jacobsen | Craig A. Stewart |
| Ashley Burden | Daniel R. Bernstein |
| 77 W. Wacker Dr., Suite 3200 | 399 Park Avenue |
| Chicago, IL 60601 | New York, NY 10022-4690 |
| Tel. (312) 646-5800 | Tel. (212) 715-1142 |
| Fax (312) 646-5858 | Fax (212) 715-1399 |
| *Attorneys for Defendant Myles R. Itkin* | *Attorneys for Defendant Morten Arntzen* |

---

[2] As with the 2006 credit agreement, none of the other documents attached as exhibits to the Proskauer motion provide evidence of scienter.