UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

IN RE OSG SECURITIES LITIGATION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/7/14

MEMORANDUM
OPINION AND ORDER

12 Civ. 7948 (SAS)

------------------------------------------------------------ X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

On January 28, 2014, plaintiffs submitted a letter apprising this Court of new developments in Overseas Shipping Group's ("OSG's") bankruptcy proceedings. Specifically, on November 18, 2013, OSG filed a malpractice lawsuit against its outside counsel, Proskauer Rose LLP ("Proskauer"), in Delaware Bankruptcy Court. On January 17, 2014, Proskauer filed a motion to dismiss OSG's claims. Plaintiffs argue that Proskauer's motion reveals factual information that strengthens plaintiffs' scienter allegations against two of the defendants here, Morten Arntzen and Myles Itkin, former officers of OSG. Therefore, they request another opportunity to amend their complaint if the Court is inclined to grant Arntzen and Itkin's pending motion to dismiss. Although the Court has not yet

1

considered defendants' motion to dismiss and expresses no opinion on its merits, plaintiffs' request to amend their complaint is granted.

Proskauer's motion to dismiss OSG's malpractice action does not mention Arntzen or Itkin by name. However, it does allege that another top officer of OSG withheld from Proskauer a number of documents relevant to the company's tax liability under Section 956.[1] It also alleges that OSG asked Proskauer to issue a formal tax opinion about the company's Section 956 liability despite knowing there were contradictory documents in its files.[2]

Defendants point out that some district courts in this Circuit have adopted the broad rule that a complaint may never reference allegations from a separate proceeding that has not been decided on the merits.[3] However, no Second

---

[1] *See* Memorandum of Law in Support of Defendants' Motion to Dismiss Adversary Complaint, Ex. 1 to 1/28/14 Letter of David Rosenfeld, Dkt. No. 135, at 12.

[2] *See id.* at 13.

[3] *See, e.g., In re CRM Holdings, Ltd. Sec. Litig.*, No. 10 Civ. 975, 2012 WL 1646888 (S.D.N.Y. May 10, 2012) (finding that plaintiffs' citation to unproven allegations made in other complaints do not constitute factual allegations and must be stricken); *Low v. Robb*, No. 11 Civ. 2321, 2012 WL 173472 (S.D.N.Y. Jan. 20, 2012) (noting that "[i]t is well settled under Second Circuit law that allegations in a complaint that are either based on, or rely on, complaints in other actions that have been dismissed, settled, or otherwise not resolved, are, as a matter of law, immaterial within the meaning of Fed. R. Civ. P. 12(f)") (quotation marks and citations omitted); *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 403 (S.D.N.Y. 2009), *aff'd on other grounds*, 387 Fed. App'x 72 (2d Cir. 2010)

Circuit precedent indicates such a broad rule. In 1976, in *Lipsky v. Commonwealth United Corporation*, the Second Circuit held that "neither a complaint nor references to a complaint which results in a consent judgment may properly be cited in the pleadings under the facts of this case."[4] However, *Lipsky* relied on the fact that Federal Rule of Evidence ("FRE") 410 "prohibits a plea of nolo contendere from being later used against the party who so pleaded," and noted that "nolo pleas have been equated with consent decrees" for purposes of the provision at issue.[5] Because the consent decree could not be used as evidence in a subsequent lawsuit, the court reasoned that the complaint from that action was also immaterial under Federal Rule of Civil Procedure 12(f).[6]

However, *Lipsky* emphasized the general rule that motions to strike

---

(striking references to complaints filed in other actions that had not been resolved on the merits); *In re Merrill Lynch & Co., Inc. Research Reports Secs. Litig.*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003) (stating that "references to preliminary steps in litigations and administrative proceedings that did not result in an adjudication on the merits or legal or permissible findings of fact are, as a matter of law, immaterial under Rule 12(f)").

[4]  551 F.2d 887, 893 (2d Cir. 1976).

[5]  *Id.* (quotation marks and citations omitted).

[6]  *See id.* at 894 ("Since it is clear that the SEC-CUC consent judgment, itself, can have no possible bearing on the [present] action, the SEC complaint which preceded the consent judgment is also immaterial, for the purposes of Rule 12(f).").

3

pleadings as immaterial should be denied "unless it can be shown that no evidence in support of the allegation would be admissible."[7] *Lipsky* did not hold that a complaint may never reference allegations from a separate proceeding under any circumstances.[8] Instead, its holding was limited to complaints that ultimately resulted in a consent decree or nolo contendere plea protected by FRE 410.

The Second Circuit later clarified in *United States v. Gilbert* that civil

---

[7] *Id.* at 893. The court noted that "[e]videntiary questions . . . should especially be avoided at such a preliminary stage of the proceedings. Usually the questions of relevancy and admissibility in general require the context of an ongoing and unfolding trial in which to be properly decided." *Id.*

[8] *Lipsky* noted in dicta that a consent decree could not be "used as evidence in subsequent litigation" because it was "not the result of an actual adjudication of any of the issues." *Id.* at 893. Many lower courts have interpreted this dicta to preclude any reference to an action or complaint that has not yet been decided on the merits. *See* supra note 3. However, several district courts have recognized the limited holding of *Lipsky* and the illogic of a bright line rule against citing allegations from other proceedings. *See VNB Realty, Inc. v. Bank of Am. Corp.*, No. 11 Civ. 6805, 2013 WL 5179197 (S.D.N.Y. Sept. 16, 2013) (declining to strike portions of a complaint citing a complaint in another ongoing action, and noting that whether the allegations met plaintiffs' pleading burden was a separate question); *In re Bear Stearns Mortg. Pass-Through Certificates Litig.*, 851 F. Supp. 2d 746, 768 n. 24 (S.D.N.Y. 2012) ("some courts in this district have stretched the holding in *Lipsky* to mean that any portion of a pleading that relies on unadjudicated allegations in another complaint is immaterial under Rule 12(f). . . . Neither Circuit precedent nor logic supports such an absolute rule."); *Johnson v. M & M Commc'ns, Inc.*, 242 F.R.D. 187, 189 (D. Conn. 2007) (allowing allegations from another lawsuit to remain in the complaint and noting that "whether evidence of the prior investigations will be admissible at trial is an issue to be resolved at a later stage of the litigation").

settlements and consent decrees are governed by FRE 410, not FRE 408.⁹ While settlements are inadmissible as evidence of liability, they are admissible for other purposes, including proof of knowledge.¹⁰ It follows that reference to the complaints or allegations in such actions would be permissible for the same reasons. Thus, it would make little sense to strike references to pleadings in ongoing actions, which do not trigger the protections or policy concerns of FRE 410 or FRE 408.¹¹

While allegations from another lawsuit are not evidence and cannot be "introduced in a later trial for collateral estoppel purposes,"¹² plaintiffs need not provide admissible proof at this stage. The Federal Rules of Civil Procedure permit discovery on relevant matters that appear "reasonably calculated to lead to the discovery of admissible evidence."¹³ Similarly, plaintiffs may plead facts

---

⁹ *See* 668 F.2d 94, 97 (2d Cir. 1981).

¹⁰ *See id. See also Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 136 (2d Cir. 2008) ("A consent decree may properly be admitted to demonstrate that a defendant was aware of its legal obligations.").

¹¹ Although the allegations plaintiffs wish to add are from a motion to dismiss in another proceeding rather than a complaint, the same arguments apply.

¹² *Lipsky*, 551 F.2d at 894.

¹³ Fed. R. Civ. P. 26(b)(1) (permitting discovery on "any nonprivileged matter that is relevant to any party's claim or defense" and noting that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence").

5

contained in the Proskauer motion upon information and belief, and find admissible evidence to support those allegations at a later stage.[14] Even allegations of fraud can be made upon information and belief where the matters alleged are "peculiarly within the opposing party's knowledge,"[15] as long as plaintiffs "provide a statement of facts upon which the belief is founded."[16]

Therefore, plaintiffs' request to amend is granted.[17] Plaintiffs may amend their complaint to add factual allegations from the Proskauer lawsuit by February 14, 2014. Arntzen and Itkin may submit a supplemental memorandum of law on their pending motion to dismiss, limited to five (5) double-spaced pages, by

---

[14] *See* Fed. R. Civ. P. 11 ("By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.").

[15] *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990). *Accord Wood ex rel. U.S. v. Applied Research Assoc., Inc.*, 328 Fed. App'x 744, 747 n.1 (2d Cir. 2009); *Schaeffer v. Kessler*, No. 12 Civ. 8576, 2013 WL 1155587 (S.D.N.Y. Mar. 20, 2013). The confidential communications between OSG and its outside counsel are peculiarly within defendants' knowledge, although such communications are likely to become public as a result of the malpractice lawsuit.

[16] *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 664 (2d Cir. 1997).

[17] I express no opinion on whether the allegations will ultimately meet plaintiffs' burden under Rule 9(b) or the Private Securities Litigation Reform Act.

February 21, 2014. Plaintiffs may submit a response of the same length by February 28, 2014.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   February 7, 2014
         New York, New York

## - Appearances -

**For Lead Plaintiffs:**

Samuel H. Rudman, Esq.
David A. Rosenfeld, Esq.
Mark T. Millkey, Esq.
Christopher M. Barrett, Esq.
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100


**For Defendants Morten Arntzen:**

Scott B. Schreiber, Esq.
Craig A. Stewart, Esq.
Arnold & Porter
Thurman Arnold Building
555 Twelfth Street, N.W.
Washington, DC 20004-1206
(202) 942-5000


**For Defendant Myles R. Itkin:**

David H. Kistenbroker, Esq.
Joni S. Jacobsen, Esq.
Ashley J. Burden, Esq.
Neil A. Steiner, Esq.
Dechert LLP
115 S.Lasalle Street
Chicago, IL 60661
(312) 646-5800