USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/2/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re OSG SECURITIES LITIGATION | **SCHEDULING ORDER** |
| This Document Relates To: ALL ACTIONS. | NO. 1:12-CV-07948-SAS |
| | Conference Date: July 2, 2014 |

SHIRA A. SCHEINDLIN, U.S.D.J.:

WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) (the "Order"); and

WHEREAS, the Order requires that the parties jointly prepare and sign a proposed Scheduling Order containing certain information;

NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

1. **the date of the conference and the appearances for the parties:**

The initial pre-trial conference took place on May 22, 2014 at 4:30 p.m.

The second pre-trial conference is scheduled for July 2, 2014 at 2:30 p.m.

*For Lead Plaintiffs Stichting Pensioenfonds DSM Nederland, Indiana Treasurer of State and Lloyd Crawford ("Plaintiffs"):*
Samuel H. Rudman, Esq.
David A. Rosenfeld, Esq.
Alan I. Ellman, Esq.
Christopher M. Barrett, Esq.
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100

*For defendant Morten Arntzen ("Arntzen"):*
Scott B. Schreiber, Esq.
Craig A. Stewart, Esq.

Daniel R. Bernstein, Esq.
Arnold & Porter
Thurman Arnold Building
555 Twelfth Street, N.W.
Washington, DC 20004-1206
(202) 942-5000

*For defendant Myles R. Itkin("Itkin"):*
David H. Kistenbroker, Esq.
Joni S. Jacobsen, Esq.
Ashley J. Burden, Esq.
Dechert LLP
77 W. Wacker Drive, Suite 3200
Chicago, IL 60601
(312) 646-5800

*For defendants Alan R. Batkin ("Batkin"), Thomas P. Coleman ("Coleman"), Charles A. Fribourg ("Fribourg"), Stanley Komaroff ("Komaroff"), Solomon N. Merkin ("Merkin"), Joel I. Picket ("Picket"), Ariel Recanati ("A. Recanati"), Oudi Recanati ("O. Recanati"), Thomas F. Robards ("Robards"), Jean-Paul Vettier ("Vettier") and Michael J. Zimmerman ("Zimmerman")*(collectively the "Director Defendants"):
Richard A. Rosen, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3305
Fax: (212) 373-2359

*For defendants Citigroup Global Markets Inc. ("Citigroup"), Deutsche Bank Securities Inc. ("Deutsche Bank"), DNB Markets, Inc. (f/k/a DnB NOR Markets, Inc.) ("DNB"), Goldman, Sachs & Co. ("Goldman Sachs"), HSBC Securities (USA) Inc. ("HSBC"), ING Financial Markets LLC ("ING"), and Morgan Stanley & Co. LLC (f/k/a Morgan Stanley Incorporated) ("Morgan Stanley")* (collectively the "Underwriters"):
Adam S. Hakki, Esq.
Stuart J. Baskin, Esq.
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
(212) 848-4000
Fax: (212) 848-7179

*For defendant PricewaterhouseCoopers LLP:*

Miles N. Ruthberg, Esq.
Jamie L. Wine, Esq.
Kevin M. McDonough, Esq.
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY 10022
(212) 906-1200
Fax: (212) 751-4864

*For defendant Ernst & Young LLP:*
Stanley J. Parzen, Esq.
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
Fax: (312) 706-8668

2. **the date by which automatic disclosures will be exchanged:**

The parties exchanged automatic disclosures on June 6, 2014.

3. **(a) a concise statement of the issues as they appear to Plaintiffs[1]:**

- whether the Registration Statement issued in connection with the Company's $300 million public offering conducted on or about March 24, 2010 negligently omitted and/or misrepresented material facts about Overseas Shipholding Group, Inc. ("OSG") and its business;
- whether Defendants' statements issued during the putative class period were materially false and misleading;
- whether such statements were made with scienter;
- whether such statements proximately caused the losses suffered by the Class; and
- the extent of injuries sustained by members of the Class and the appropriate measure of damages;

**(b) a concise statement of the issues as they appear to Defendants:**

[1] The parties' statements of issues reflect their current assessment of the primary issues to be litigated and are not intended to be an exhaustive list of issues, defenses or arguments that may be asserted or arise.

- whether a class and/or classes should be certified;

- whether the Registration Statement issued in connection with the Company's $300 million public offering conducted on or about March 24, 2010 contained an untrue statement of a material fact about OSG and its business or omitted to state a material fact about OSG and its business required to be stated therein or necessary to make the statements therein not misleading;

- whether the portion of the Registration Statement for which one of the auditor defendants can be held responsible under Section 11 contained a material misstatement of fact;

- whether the Plaintiffs have proven damages under Section 11(e);

- whether the statements at issue made during the class period were materially false and misleading, or omitted to state a material fact about OSG and its business required to be stated therein or necessary to make the statements therein not misleading;

- whether any of the Defendants have established a due diligence defense that bars Plaintiffs from recovering against them;

- whether the Underwriters were entitled as matter of law to rely on OSG's audited financial statements and the opinions of OSG's expert accountants, tax counsel, and other experts and are thus exempt from liability under the Securities Act of 1933 (the "Securities Act");

- what percentage of any liability can be properly attributed to the Director Defendants or defendants Arntzen or Itkin (collectively, the "Individual Defendants") under the proportionate fault regime of the Private Securities Litigation Reform Act of 1995;

- what percentage of any liability under the Securities Act is appropriately attributable to each Defendant under principles of proportionate fault;

- whether the Individual Defendants reasonably relied on the advice of outside counsel, outside auditors, and outside accountants and other tax professionals;

- whether Arntzen or Itkin acted with scienter;

- whether any individual whose mental state is attributable to OSG acted with scienter;

- whether any Defendants named in the Section 12 claim are "statutory sellers" for the purposes of Section 12(a)(2) of the Securities Act;

- whether the Individual Defendants are control persons within the meaning of Section 15 of the Securities Act;

- whether Arntzen and Itkin are control persons within the meaning of Section 20(a) of the Securities Exchange Act of 1934;

- whether Arntzen or Itkin were culpable participants in any alleged wrongdoing by OSG;

- whether the conduct of persons or entities other than each respective Defendant was a superseding or intervening cause of any damage, loss, or injury sustained by Plaintiffs or the putative class members;

- whether the Plaintiffs or other members of the putative class relied on any of the alleged misstatements or omissions;

- whether the Plaintiffs or other members of the putative class suffered any damages;

- whether the Plaintiffs or other members of the putative class purchased securities in or traceable to the offering at issue with respect to Plaintiffs' Securities Act claims; and

- whether and to what extent any claimed damages should be reduced pursuant to the negative causation defense.

4.  **a schedule including:**

    (a)  **the names of persons to be deposed and a schedule of planned depositions:**

The parties believe that the circumstances of the litigation require that the number of depositions that may be taken by each side exceeds the limitations set forth in Fed. R. Civ. P. 30(a)(2)(A). The parties further agree to use their best efforts to avoid double tracking of depositions, that double tracking will only be used in exceptional circumstances in which the depositions cannot be otherwise scheduled, and that in any event double tracking will not be used for deponents that are represented by the same counsel.

The parties have conferred regarding the list of deponents in the litigation, and have reached agreement regarding 12 witnesses sought to be deposed by both sides (Section I below); 15 witnesses sought to be deposed by Plaintiffs only (Section II below); and nine witnesses to be deposed by Defendants only (Section III below). Plaintiffs seek to depose seven additional witnesses, whose depositions Defendants believe are or will be unnecessary and/or excessive (Section IV below). In Plaintiffs' view, and based on Plaintiffs' review of documents produced to date by non-party OSG in connection with OSG's bankruptcy proceeding, Plaintiffs have good cause to take these seven depositions. Defendants disagree. Defendants seek to depose four

additional witnesses, whose depositions Plaintiffs believe are unnecessary; however, Plaintiffs do not object to these depositions (Section V below).

For the purpose of providing the Court a joint list of deponents at this time, the parties submit the following:

## I. Witnesses Whom Plaintiffs and Some or All of the Defendants Wish to Depose

OSG, and Current and/or Former Employees of OSG

1. OSG – Rule 30(b)(6) deposition
2. Janice Smith, VP, Chief Risk Officer & Gov't Affairs at OSG
3. G. Allen Andreas III, Former OSG Director
4. James Edelson, OSG General Counsel
5. Jerry Miller, OSG Controller and Chief Accounting Officer

Outside Counsel

6. Alan Parnes, Partner, Proskauer Rose LLP
7. Peter Samuels, Partner, Proskauer Rose LLP
8. Avrohom Gelber, Partner, Clifford Chance LLP
9. Simon Lew, Former Partner, Clifford Chance LLP

Tax Advisors/Consultants

10. Alan Frankel, Partner, Frankel Loughran Starr & Vallone

Lenders to Credit Agreements and/or Lenders' Counsel

11. Lender and/or Lenders' Counsel to the 2000 and 2001 Credit Agreements
12. Lender and/or Lenders' Counsel to the 2006 Credit Agreement

## II. Witnesses Whom Plaintiffs Wish to Depose, With Defendants' Consent

A. Defendants

Officer Defendants

1. Morten Arntzen
2. Myles Itkin

Outside Director Defendants

3. Michael Zimmerman
4. Thomas Robards
5. Ariel Recanati

6. Stanley Komaroff

Auditor Defendants

PricewaterhouseCoopers LLP

7. Kenneth Evans (Lead Engagement Partner 2009-2011)
8. Andre Chabanel (Engagement Partner 2009-2011, Lead Engagement Partner 2012)
9. Stephen Murphy (Tax Partner 2009-2012)

Ernst & Young LLP

10. Tim Tracy (Senior responsible auditor on 2007 and 2008 Audits)
11. Stuart Eichler (Senior responsible tax person on 2007 and 2008 Audits)
12. Brooke (Steinheiser) Leroy (Audit manager on 2007 and 2008 Audits)

Underwriter Defendants

Joint Bookrunners

13. Citigroup Global Markets – Rule 30(b)(6) deposition
14. Morgan Stanley & Co. LLC – Rule 30(b)(6) deposition
15. HSBC Securities (USA) Inc. – Rule 30(b)(6) deposition

## III. Witnesses Whom Defendants Wish to Depose, With Plaintiffs' Consent

A. Plaintiffs and Plaintiffs' Investment Advisors

1. Ger H.C. van Neer, Investment Manager for Stichting Pensioenfonds DSM Nederland
2. Indiana Treasurer of State – Rule 30(b)(6) deposition
3. Lloyd Crawford
4. Western Asset Management Company – Rule 30(b)(6) deposition[2]
5. Capital Guardian Asset Management – Rule 30(b)(6) deposition
6. Logan Circle Partners – Rule 30(b)(6) deposition
7. SEIX Investment Advisors LLC – Rule 30(b)(6) deposition

B. Third Parties

[2] Defendants anticipate seeking Rule 30(b)(6) testimony from plaintiffs' investment advisors regarding, without limitation, the decision to invest in OSG securities or dispose of that investment, the factors considered in taking those decisions, and any representations made or received regarding OSG securities.

8. The "Former Treasurer" of OSG referenced in Plaintiffs' Third Amended Complaint
9. Frankel Loughran Starr & Vallone – Rule 30(b)(6) deposition[3]

## IV. Witnesses Whom Plaintiffs Wish to Depose, But Who Defendants Believe Are or Will Be Unnecessary And/Or Excessive

Ernst & Young LLP

1. Michelle Stanchina (International tax manager 2005-2011)
2. Senior responsible tax person on 2000 Credit Agreement
3. Tax manager responsible for performing analysis of OSG's intercompany transactions (2006-2007)

Third Parties

4. Henry Flinter, OSG Treasury Department
5. Abraham Gutwein, Senior Tax Counsel, Proskauer Rose LLP
6. Counsel to OSG regarding restructuring of OSG International in 2005
7. Lender and/or Lenders' Counsel to the 2011 Forward Start Agreement

## V. Additional Witnesses Whom Defendants Wish to Depose, But Who Plaintiffs Believe Are or Will Be Unnecessary[4]

Third Parties

1. Lisa Hill, Financial and Tax Reporting Manager at OSG
2. Erik Broekhuizen, Vice President of Corp. Development at OSG
3. Steven Weise, Partner, Proskauer Rose LLP
4. Richard Rowe, Partner, Proskauer Rose LLP

The identities of additional/alternative deponents will be determined following the parties' review of relevant discovery, including documents and deposition testimony. The parties reserve the right to seek the Court's approval to notice the depositions of additional witnesses for good cause shown, as well as the right to object to such additional depositions,

---

[3] Defendants anticipate seeking the Rule 30(b)(6) deposition of Frankel Loughran Starr & Vallone from the person most knowledgeable about that entity's work for OSG including, without limitation, the tax advice rendered to OSG (including advice regarding Section 956), the materials and analysis underlying that advice, and the preparation of any communications or statements regarding the tax advice sent or made to OSG or its directors, officers, auditors, or agents.

[4] Plaintiffs do not object to depositions of these witnesses.

provided however, that the parties may agree that a witness who is not listed above may be substituted for a witness who is so listed, without a showing of good cause.

Depositions of fact witnesses to be completed by April 1, 2015.

(a) **a schedule for the production of documents:**

The parties will serve initial written discovery requests on each other no later than June 27, 2014. The parties' rolling production will begin 30 days after service of document requests. Document production will be substantially completed by September 30, 2014.

(b) **time when fact and merits expert discovery is to be completed:**

All fact discovery to be completed by April 1, 2015; all merits expert discovery to be completed by July 22, 2015.

(c) **time when class discovery is to be completed and a schedule for the briefing on any motions for class certification:**

Depositions of class representatives and class representatives' investment advisors to commence on September 29, 2014 with the depositions of the class representatives to be completed by October 21, 2014 and the depositions of their investment advisers to be completed by November 7, 2014. Motion for class certification to be filed by November 14, 2014; depositions of Plaintiffs' class certification experts to be completed by December 12, 2014. Briefs in opposition to class certification to be filed by December 22, 2014; depositions of Defendants' class certification experts to be completed by January 19, 2015. Any reply to be filed by January 28, 2015.

(d) **dates by which (i) each merits expert's reports will be supplied to the adverse side and (ii) each expert's deposition will be completed:**

Parties will supply merits expert reports on claims or defenses on which they bear the burden of proof no later than May 5, 2015; responsive merits expert reports due no later than June 1, 2015; and merits expert depositions to be completed by July 22, 2015.

(e) **a schedule for the briefing of any motions for summary judgment:**

Motions for summary judgment to be filed by September 10, 2015; responsive briefs to be filed by November 9, 2015; any reply to be filed by December 9, 2015.

Subject to result of pre-motion conference

(f) **the date by which plaintiff will supply its pre-trial order matters to defendant:**

Date will be discussed at future status conference at the close of all discovery.

(g) **the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed**

**findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial:**

Date will be discussed at future status conference at the close of all discovery.

(h) **a space for the date for a ~~final~~ pre-trial conference ~~pursuant to Fed. R. Civ. P. 16(d)~~, to be filled in by the Court at the conference:**

9/22 at 4:30 (leave blank)

5. **a statement of any limitations to be placed on discovery, including any protective or confidentiality orders:**

The ~~parties anticipate moving for entry of a general protective order. The parties~~ are not aware of any ~~other limitations.~~

6. **a statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement:**

None identified as of this time.

7. **anticipated fields of expert testimony, if any:**

The Plaintiffs anticipate expert testimony will be required for issues regarding: (a) damages and causation; (b) efficiency of the market for OSG's securities (for purposes of class certification); (c) accounting and taxation; and (d) credit agreements.

The Defendants hereby incorporate by reference the subjects of anticipated expert testimony described above by Plaintiffs, and additionally anticipate expert testimony on issues regarding (a) the various due diligence defenses and appropriate standards of care; and (b) corporate governance, including the duties of outside directors and audit committees.

8. **anticipated length of trial and whether to court or jury:**

Counsel for the parties are not presently able to estimate the length of trial, and propose addressing this issue at a status conference at the close of all discovery. Plaintiffs have demanded a trial by jury.

9. **a statement that the Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires:**

This Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

10. **In light of the detailed nature of this Scheduling Order and the parties' understanding of the issues in this case, the parties believe that this case should not be designated for inclusion in the Pilot Project Regarding Case Management Techniques for**

**Complex Civil Cases in the Southern District of New York, and accordingly, respectfully request that the Court so order.**

11. **names, addresses, phone numbers and signatures of counsel:**

*For Lead Plaintiffs:*

David A. Rosenfeld /AE

Samuel H. Rudman, Esq.
David A. Rosenfeld, Esq.
Alan I. Ellman, Esq.
Christopher M. Barrett, Esq.
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100

*For defendant Arntzen:*

Scott B. Schreiber /AE

Scott B. Schreiber, Esq.
Craig A. Stewart, Esq.
Daniel R. Bernstein, Esq.
Arnold & Porter
Thurman Arnold Building
555 Twelfth Street, N.W.
Washington, DC 20004-1206
(202) 942-5000

*For defendant Itkin:*

Joni S. Jacobsen /AE

~~David H. Kistenbroker, Esq.~~
Joni S. Jacobsen, Esq.
Ashley J. Burden, Esq.
Dechert LLP
77 W. Wacker Drive, Suite 3200
Chicago, IL 60601
(312) 646-5800

*For defendants Batkin, Coleman, Fribourg, Komaroff, Merkin, Picket, A. Recanati, O. Recanati, Robards, Vettier, and Zimmerman:*

Richard A. Rosen /AE
Richard A. Rosen, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3305
Fax: (212) 373-2359

*For defendants Citigroup, Deutsche Bank, DNB, Goldman, Sachs, HSBC, ING, and Morgan Stanley:*

/s/ Adam S. Hakki /AE

Adam S. Hakki, Esq.
Stuart J. Baskin, Esq.
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
(212) 848-4000
Fax: (212) 848-7179

*For defendant PricewaterhouseCoopers LLP:*

/s/ Kevin M. McDonough /AE

Miles N. Ruthberg, Esq.
Jamie L. Wine, Esq.

Kevin M. McDonough, Esq.
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY 10022
(212) 906-1200
Fax: (212) 751-4864

*For defendant Ernst & Young LLP:*

/s/ Stanley J. Parzen /AE

Stanley J. Parzen, Esq.
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
Fax: (312) 706-8668

SO ORDERED.

DATED: 7/2/14

THE HONORABLE SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE