UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

In re OSG SECURITIES LITIGATION    :    Civil Action No. 1:12-cv-07948-SAS
———————————————————— :
                                   :    CLASS ACTION
                                   :
This Document Relates To:          :
                                   :    LEAD PLAINTIFFS' MEMORANDUM OF
    ALL ACTIONS.                   :    LAW IN SUPPORT OF THEIR MOTION
                                   :    FOR LEAVE TO FILE THE [PROPOSED]
———————————————————— x    FOURTH CONSOLIDATED AMENDED
                                        COMPLAINT FOR VIOLATIONS OF THE
                                        FEDERAL SECURITIES LAWS

                                        REDACTED VERSION

# TABLE OF CONTENTS

**Page**

I.   PRELIMINARY STATEMENT ....................................................................................1

II.  ARGUMENT ..........................................................................................................3

A.   Legal Standard ...............................................................................................3

B.   The Filing of the Section 10(b) Claim Against the  Auditor Defendants in the PFCAC Will Promote Efficiency.................................................................4

C.   The Claims in the PFCAC Are Not Futile ....................................................5

1.   The PFCAC Sufficiently Alleges that the Auditor Defendants Made Materially False and Misleading Statements ......................................6

a.   E&Y's Materially False and Misleading Statements........................6

b.   PwC's Materially False and Misleading Statements .......................7

2.   The PFCAC Sufficiently Alleges that the Auditor Defendants Made Materially False and Misleading Statements with Scienter ..............7

a.   The Auditor Defendants Understood Section 956 ...........................8

b.   E&Y Recklessly Disregarded the Application of Section 956 to OSG's "Joint and Several" Credit Agreements ....................9

c.   PwC Recklessly Disregarded the Application of Section 956 to OSG's "Joint and Several" Credit Agreements .................11

d.   The Auditor Defendants Recklessly Disregarded that OSG Did Not Intend to Permanently Invest the Undistributed Earnings of OIN in Its Foreign Operations....................................12

e.   The Auditor Defendants Recklessly Disregarded the Application of Section 956 to OSG's Intercompany Transfers .......................................................................................13

f.   Recklessly Deficient Audits Failed to Detect OSG's Violations of FIN 48 ......................................................................14

Page

      D.    There Has Been No Undue Delay in the Filing of the PFCAC and the
Auditor Defendants Will Not Suffer Substantial Prejudice by the Filing of
the PFCAC ...................................................................................................................15

III.    CONCLUSION ............................................................................................................16

TABLE OF AUTHORITIES

Page

CASES

*Block v. First Blood Assocs.*,
    988 F.2d 344 (2d Cir. 1993)........................................................................................3, 15, 16

*Brown v. Kelly*,
    244 F.R.D. 222 (S.D.N.Y. 2007) .........................................................................................3

*Daniels v. Loizzo*,
    174 F.R.D. 295 (S.D.N.Y. 1997) .......................................................................................15

*Expoconsul Int'l v. A/E Sys., Inc.*,
    145 F.R.D. 336 (S.D.N.Y. 1993) .........................................................................................4

*Ginsberg v. Government Props. Trust, Inc.*,
    No. 07 Civ. 365 (CSH), 2008 U.S. Dist. LEXIS 63006,
    2008 WL 3833876
    (S.D.N.Y. Aug. 13, 2008) ..............................................................................................4, 16

*Illco Toy Co. U.S.A., Inc. v. Block*,
    No. 90 Civ. 1919 (CSH), 1992 WL 80627
    (S.D.N.Y. Apr. 3, 1992) ..................................................................................................3, 5

*In re Fannie Mae 2008 Sec. Litig.*,
    891 F. Supp. 2d 458 (S.D.N.Y. 2012)..................................................................................6

*In re Longtop Fin. Techs. Ltd. Sec. Litig.*,
    910 F. Supp 2d 561 (S.D.N.Y. 2012) ..................................................................................5

*In re Tronox, Inc.*,
    No. 09 Civ. 6220 (SAS), 2010 U.S. Dist. LEXIS 67664
    (S.D.N.Y. June 28, 2010) ....................................................................................................9

*JPMorgan Chase Bank, N.A. v. IDW Group, LLC*,
    No. 08 Civ. 9116 (PGG), 2009 U.S. Dist. LEXIS 39858
    (S.D.N.Y. May 12, 2009) ...................................................................................................16

*New York v. Green*,
    420 F.3d 99 (2d Cir. 2005)...................................................................................................3

*Novak v. Kasaks*,
    216 F.3d 300 (2d Cir. 2000).................................................................................................8

Page

*Pa. Pub. Sch. Emps. Ret. Sys. v. Bank of Am. Com.*,
    874 F. Supp. 2d 341 (S.D.N.Y. 2012)..................................................................7

*Pac. Inv. Mgmt. Co. LLC v. Mayer Brown LLP*,
    603 F.3d 151 (2d Cir. 2010)..............................................................................6

*Richardson Greenshields Sec., Inc. v. Lau*,
    825 F.2d 647 (2d Cir. 1987)............................................................................16

*Sawabeh Info. Servs. Co. v. Brody*,
    832 F. Supp. 2d 280 (S.D.N.Y. 2011)................................................................8

*SEC v. Kelly*,
    663 F. Supp. 2d 276 (S.D.N.Y. 2009)................................................................6

*Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*,
    No. 13 Civ. 1094 (ER), 2014 U.S. Dist. LEXIS 99861
    (S.D.N.Y. July 21, 2014) .............................................................................3, 5

*State Farm Mut. Auto Ins. Co. v. CPT Med. Servs., P.C.*,
    246 F.R.D. 143 (E.D.N.Y. 2007) ......................................................................4

*State Teachers Retirement Bd. v. Fluor Corp.*,
    654 F.2d 843 (2d Cir. 1981)............................................................................15

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007).........................................................................................8

*Williams v. Citigroup Inc.*,
    659 F.3d 208 (2d Cir. 2011)..............................................................................3

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
    §77...................................................................................................................1
    §78j(b)....................................................................................................*passim*

Federal Rules of Civil Procedure
    Rule 12(b)(6)...................................................................................................9
    Rule 15(a).........................................................................................................3
    Rule 15(a)(2)...........................................................................................1, 3, 12

Page

17 C.F.R.
   §240.10b-5 ....................................................................................................1, 5

26 U.S.C.
   §956(d) ..............................................................................................*passim*

26 C.F.R.
   §1.956-2 .................................................................................................9


**LEGISLATIVE HiSTORY**

Private Securities Litigation Reform Act of 1995
   Pub. L. No. 104-67, 109 Stat. 737 (1995)..............................................7


**SECONDARY AUTHORITIES**

61A Am. Jur. 2d Pleading
   §775 (2010).............................................................................................3

Lead Plaintiffs Stichting Pensioenfonds DSM Nederland, Indiana Treasurer of State, and Lloyd Crawford (together, "Plaintiffs") respectfully submit this memorandum in support of their motion for leave, pursuant to Federal Rule of Civil Procedure ("Rule") 15(a)(2), to file the [Proposed] Fourth Consolidated Amended Complaint for Violations of the Federal Securities Laws ("PFCAC").[1]   As detailed herein, the PFCAC seeks to add new claims against the auditor defendants, Ernst & Young LLP ("E&Y") and PricewaterhouseCoopers LLP ("PwC," and together, the "Auditor Defendants"), for violations of Section 10(b) of the Securities Exchange Act of 1934 (the "1934 Act") and Securities and Exchange Commission Rule 10b-5, promulgated thereunder (the "Section 10(b) Claim").[2]

## I.   PRELIMINARY STATEMENT

This is a securities class action against a number of former officers and/or directors of Overseas Shipholding Group Inc. ("OSG"), the underwriters of an offering of Notes sold by OSG, and the Auditor Defendants, who served as OSG's auditors at varying times during the period specified in the PFCAC.  The TCAC (which is presently the operative complaint) asserts claims against the Auditor Defendants only under the Securities Act of 1933 and only on behalf of Note purchasers.  In the PFCAC, Plaintiffs seek to add the Section 10(b) Claims against the Auditor Defendants on behalf of purchasers of OSG Notes and stock.  The TCAC already includes a claim on behalf of these same investors under Section 10(b) against two former officers of OSG.

---

[1]   The PFCAC is attached hereto as Exhibit A to the accompanying Declaration of David A. Rosenfeld.  For the Court's convenience, Plaintiffs also attach hereto as Exhibit B to the accompanying Declaration of David A. Rosenfeld a redlined version of the PFCAC, as compared to the Third Consolidated Amended Complaint for Violations of the Federal Securities Laws filed on February 18, 2014 ("TCAC") (Docket 140).

[2]   On October 14, 2014, pursuant to Rule IV.B. of Your Honor's Individual Rules and Procedures, Plaintiffs wrote to the Auditor Defendants to inform them of Plaintiffs' intent to file the PFCAC or this motion.  The Auditor Defendants responded that they would not consent to the filing of the PFCAC.

Since the Court's denial of the motions to dismiss that were filed in this action, Plaintiffs have diligently pursued discovery of all Defendants and of numerous third parties. In response to Plaintiffs' document requests, the Auditor Defendants produced a total of 21,857 documents. Most of these documents were produced near or after the September 30, 2014 deadline for substantial completion of production. For example, PwC produced 6,133 documents on September 26, 2014 and an additional 8,732 documents on September 30, 2014. Its total production to date consists of 17,905 documents. Similarly, E&Y produced 1,449 documents on October 2, 2014 and an additional 1,390 documents on October 16, 2014. Its total production to date consists of 3,952 documents. Plaintiffs' counsel has worked tirelessly and expeditiously to review these documents and believe that these documents support a basis for claims against the Auditor Defendants for a violation of Section 10(b). Thus, there has been no undue – or any – delay in bringing these claims.

Importantly, the PFCAC that Plaintiffs seek to file is not to revive claims that were previously dismissed; rather, the Section 10(b) Claims that Plaintiffs have included in the PFCAC are valid new claims (based on information learned in discovery) that could have been timely filed in a separate new action, which Plaintiffs would then have sought to consolidate with this action. In the interests of efficiency, Plaintiffs are seeking leave to file the PFCAC in this action. The Auditor Defendants will not be prejudiced by this filing and the claims asserted are not futile. Accordingly, Plaintiffs respectfully request that their motion be granted and that they be allowed to file the PFCAC.

## II.   ARGUMENT

### A.   Legal Standard

This Court has recognized that under Rule 15(a), "[l]eave to amend a complaint will be freely granted." Rule IV.B. of Your Honor's Individual Rules. Indeed, Rule 15(a)(2) itself provides that a court should "freely give leave [to amend] when justice so requires."

Likewise, the rule in the Second Circuit "has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993);[3] *see also Brown v. Kelly*, 244 F.R.D. 222, 227 (S.D.N.Y. 2007) (Scheindlin, J.). "Motions to amend are ultimately within the discretion of the district courts, . . . and they should be handled with a 'strong preference for resolving disputes on the merits.'" *Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, No. 13 Civ. 1094 (ER), 2014 U.S. Dist. LEXIS 99861, at *108-*09 (S.D.N.Y. July 21, 2014) (citing and quoting *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011), and *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).

"The burden is upon the opposing party to assert and demonstrate that it will be substantially prejudiced by a proposed amendment; its mere statement that it will be prejudiced if the amendment is allowed is not a sufficient reason for denying leave to amend." 61A Am. Jur. 2d Pleading §775 (2010). And while a court ruling on a motion for leave to amend a pleading will consider whether the amendment is futile, plaintiff need not establish the factual merits of the proposed amendment. *See Illco Toy Co. U.S.A., Inc. v. Block*, No. 90 Civ. 1919 (CSH), 1992 WL 80627, at *2 (S.D.N.Y. Apr. 3, 1992).

---

[3]   Internal citations and quotations are omitted, unless stated otherwise.

For the reasons set forth below, the Court should grant Plaintiffs leave to file the PFCAC because the proposed amendment in the PFCAC is not futile, there has been no undue delay, and the Auditor Defendants cannot demonstrate that the proposed amendment will cause them substantial prejudice.

### B. The Filing of the Section 10(b) Claim Against the Auditor Defendants in the PFCAC Will Promote Efficiency

Allowing Plaintiffs to file the PFCAC will promote efficiency.  Instead of seeking leave to file the PFCAC, Plaintiffs could have commenced an entirely new action to add the Section 10(b) Claim against the Auditor Defendants and then sought to consolidate that new action with the instant action.  Plaintiffs did not do so, however, because nothing would be gained by such a process.  *See Ginsberg v. Government Props. Trust, Inc.*, No. 07 Civ. 365 (CSH), 2008 U.S. Dist. LEXIS 63006, 2008 WL 3833876, at *2 n.1 (S.D.N.Y. Aug. 13, 2008) (granting leave to add claim for a transaction that was not the subject of the original complaint but which arose out of the same underlying contract because "[n]othing [was] to be gained by requiring the Plaintiff to go to th[e] additional effort" of filing "a separate action alleging this additional claim and then mov[ing] to consolidate the two cases for all purposes").  Moreover, this Court "has a substantial interest in adjudicating the entire dispute in one action." *State Farm Mut. Auto Ins. Co. v. CPT Med. Servs., P.C.*, 246 F.R.D. 143, 149 (E.D.N.Y. 2007) (concluding that proposed amendment to add thirty-eight new defendants "would buttress judicial economy" and that "[p]laintiff 'should not be put to the burden of prosecuting two separate cases with identical factual predicates'"); *see also Expoconsul Int'l v. A/E Sys., Inc.*, 145 F.R.D. 336, 338-39 (S.D.N.Y. 1993) (granting motion to add four new defendants, even though the case had been pending for five years and over 5,600 pages of deposition testimony had been taken, because amendment would "not add significantly to the complexity of the issues in

the case or to the discovery necessary before the case [could] proceed to trial" and "forcing [plaintiff] to institute a new action against the new defendants would run counter to the interests of judicial economy").

Thus, leave to file the PFCAC should be granted since, at the very least, Plaintiffs could have filed their new claims against the Auditor Defendants in a new complaint.

### C.    The Claims in the PFCAC Are Not Futile

For leave to file the PFCAC, Plaintiffs need not show a probability that the Section 10(b) Claim will succeed. Instead, they need only show that this claim is not "clearly frivolous" on its face. *See Illco Toy*, 1992 WL 80627, at *3-*5. The Section 10(b) Claim is not "clearly frivolous." Plaintiffs, through newly discovered evidence to date, have a legitimate basis for bringing the Section 10(b) Claim: they can sufficiently allege the requirements of Section 10(b), including material misstatements and scienter. *See, e.g., Special Situations*, 2014 U.S. Dist. LEXIS 99861, at *110-*11 (allowing for amendment where, as a result of their ongoing investigation, plaintiffs incrementally gained access to documents and evidence that shed light on multiple facts absent from the prior complaint); *see also In re Longtop Fin. Techs. Ltd. Sec. Litig.*, 910 F. Supp 2d 561, 575-76, 581 (S.D.N.Y. 2012) (Scheindlin, J.) (granting plaintiffs leave to amend to allege that auditor violated Section 10(b), *even though the Court expressed its* suspicion that amendment might be futile).

As the Court is well aware, Section 10(b) makes it unlawful for any person, in connection with the purchase or sale of any security: to (a) employ any device, scheme, or artifice to defraud; (b) make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) engage in any act, practice, or course of business which operates or would operate

- 5 -

as a fraud or deceit upon any person.   17 C.F.R. §240.10b-5.   To state a claim for material

misstatements under SEC Rule 10-5(b), a plaintiff must allege "(1) a material misrepresentation or

omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission

and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission;

(5) economic loss; and (6) loss causation." *Pac. Inv. Mgmt. Co. LLC v. Mayer Brown LLP*, 603 F.3d

151 (2d Cir. 2010).

>    **1.    The PFCAC Sufficiently Alleges that the Auditor Defendants
>            Made Materially False and Misleading Statements**



















D.    There Has Been No Undue Delay in the Filing of the PFCAC and the
      Auditor Defendants Will Not Suffer Substantial Prejudice by the
      Filing of the PFCAC

The Auditor Defendants will not be substantially prejudiced by the filing of the PFCAC.  In

assessing the likelihood of substantial prejudice, a court examines whether the proposed amendment

would "(i) require the opponent to expend significant additional resources to conduct discovery and

prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff

from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350.  Even though there

has been *no* delay here (the vast majority of documents produced so far by the Auditor Defendants in

this case – which include documents that provide support for the Section 10(b) Claim – were

produced to Plaintiffs within the past month), the Second Circuit provides that, even had there been,

mere delay does not provide a basis for denying leave to amend. *See State Teachers Retirement Bd.*

*v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); s*ee also Daniels v. Loizzo*, 174 F.R.D. 295, 298

(S.D.N.Y. 1997) (holding that even a nine year delay *is regarded as mere delay*, when the adverse

party offers no evidence of substantial prejudice or bad faith).  Thus, the plain fact that a movant

could have amended at an earlier time is an insufficient basis for denying leave to amend.  *See*

*Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987).

Moreover, adding the Section 10(b) Claims would not require the Auditor Defendants to

"expend significant additional resources to conduct discovery" or "significantly delay the resolution

of the dispute."  See Block, 988 F.2d at 350; *see also JP Morgan Chase Bank, N.A. v. IDW Group,*

*LLC*, No. 08 Civ. 9116 (PGG), 2009 U.S. Dist. LEXIS 39858, *8-*13, *17-*19 (S.D.N.Y. May 12,

2009) (granting plaintiffs leave to amend complaint, based on information plaintiffs learned during

discovery, finding that the additional resources defendant would have expended in post-amendment

discovery and trial preparation were insufficiently significant to constitute undue prejudice).  Here,

many (if not all) of the documents already produced by the Auditor Defendants will be the same documents that relate to the Section 10(b) Claims. *See Ginsberg*, 2008 U.S. Dist. LEXIS 63006, 2008 WL 3833876, at *6-*7 (noting that "defendant will incur little extra time or expense in defending the new claims" where the "claims in the proposed amendment arise out of the same agreement that is the subject of the underlying complaint" and "there are no pending dispositive motions and no trial date has been set by the Court").

Accordingly, the Auditor Defendants will not suffer substantial prejudice by the filing of the PFCAC.

## III.    CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant leave under Rule 15(a)(2) to file the PFCAC to add the Section 10(b) Claim against the Auditor Defendants.

DATED:  October 20, 2014

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
ALAN I. ELLMAN
JUSTIN S. NEMATZADEH

*/s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
aellman@rgrdlaw.com
jnematzadeh@rgrdlaw.com

*Lead Counsel for Plaintiffs*

- 16 -

<u>CERTIFICATE OF SERVICE</u>

I, David A. Rosenfeld, hereby certify that on October 20, 2014, I authorized a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

*/s/ David A. Rosenfeld*
DAVID A. ROSENFELD