UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| In re OSG SECURITIES LITIGATION | : | Civil Action No. 1:12-cv-07948-SAS |
| | : | |
| | : | CLASS ACTION |
| This Document Relates To: | : | |
| | : | [PROPOSED] ORDER PRELIMINARILY |
| ALL ACTIONS. | : | APPROVING SETTLEMENT WITH |
| | : | PRICEWATERHOUSE COOPERS LLP |
| | x | AND PROVIDING FOR NOTICE |

1054933_1

WHEREAS, an action is pending before this Court styled *In re OSG Securities Litigation*, Civil Action No. 1:12-cv-07948-SAS (the "Action");

WHEREAS, Lead Plaintiffs Stichting Pensioenfonds DSM Nederland, Indiana Treasurer of State, and Lloyd Crawford, on behalf of themselves and each of the Class Members, and PricewaterhouseCoopers LLP ("PwC") have determined to settle all claims asserted against PwC in this Action with prejudice on the terms and conditions set forth in the Stipulation of Settlement with PwC dated July 31, 2015 (the "PwC Stipulation") subject to the approval of this Court (the "PwC Settlement");

WHEREAS, Lead Plaintiffs have made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the PwC Settlement in accordance with the PwC Stipulation, certifying the Class for the purposes of the PwC Settlement only, and allowing notice to the Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) the Complaint filed in this Action on February 18, 2014; (b) Lead Plaintiffs' motion for preliminary approval of the PwC Settlement, and the papers filed and arguments made in connection therewith; and (c) the PwC Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth in the PwC Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court hereby preliminarily approves the PwC Settlement, as embodied in the PwC Stipulation, as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

- 1 -

2.      A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2015, at _____ _.m., at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, Courtroom 15C, for the following purposes: (a) to determine whether the proposed PwC Settlement embodied by the PwC Stipulation is fair, reasonable, and adequate to the Class; and (b) to determine whether the Court should (1) enter the Order and Final Judgment approving the proposed PwC Settlement; (2) approve the Plan of Allocation; and (3) determine an award of attorneys' fees and expenses to Plaintiffs' Counsel and to the Lead Plaintiffs.  At the Settlement Hearing, the Court will also hear any objections by Class Members to the PwC Stipulation or Plan of Allocation or any award of fees and expenses to Plaintiffs' Counsel or to the Lead Plaintiffs and consider such other matters as the Court may deem appropriate.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of the PwC Settlement only, a Class defined as all Persons and entities who purchased or otherwise acquired (a) Overseas Shipholding Group, Inc.'s ("OSG") 8.125% Senior Notes Due 2018 (the "Senior Notes"), pursuant or traceable to OSG's March 2010 registration statement and prospectus supplement for the Senior Notes; and/or (b) OSG's common stock during and inclusive of the period October 29, 2007 through October 19, 2012 (the "Class Period"). Excluded from the Class are:

(a)      Persons or entities who timely and validly request exclusion from the Class in accordance with the requirements set forth herein and in the Notice of Pendency and Proposed Partial Settlements of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing ("Notice") to be sent to Class Members pursuant to this Order;

- 2 -

(b)     Defendants in the Action, G. Allen Andreas ("Andreas"), and their respective successors and assigns; past and current officers and directors of OSG and the Underwriter Defendants and PwC and Ernst & Young LLP during the Class Period;

(c)     members of the immediate families of the Individual Defendants and Andreas;

(d)     the legal representatives, heirs, successors, or assigns of the Individual Defendants and Andreas; and

(e)     any entity in which any of the above excluded Persons have or had a majority ownership interest.

4.      For purposes of the proposed PwC Settlement only, the Court finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the members of the Class are so numerous that joinder of all Class Members in the Action would be impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

5.      Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court appoints for purposes of settlement only the firm Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below:

(a)     Not later than ten (10) days after the entry of this Order, OSG shall cause its transfer agent to provide to Lead Counsel and/or the Claims Administrator, in an electronic format acceptable to the Claims Administrator, a list of names and addresses of all record holders of OSG Senior Notes and common stock during the Class Period (the "Class List");

- 3 -

(b)     Not later than _____, 2015 (the "Notice Date"), Lead Counsel and/or the Claims Administrator shall cause a copy of the Notice and the Proof of Claim form ("Proof of Claim"), substantially in the forms annexed hereto, to be mailed by First-Class Mail to all potential Class Members who or which may be identified with reasonable effort and to be posted on the Claims Administrator's website at www.osgsecuritieslitigation.com;

(c)     Not later than _____, 2015, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over a national newswire service; and

(d)     Not later than twenty-eight (28) calendar days before the Settlement Hearing, Lead Counsel shall serve on PwC's counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

6.     Nominees who purchased or otherwise acquired OSG Senior Notes or common stock during the Class Period for the benefit of another Person shall be requested to send the Notice and Proof of Claim to such beneficial owners of OSG Senior Notes or common stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

7.     The form and content of the notice program described herein, and the methods set forth herein for notifying the Class of the PwC Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process,

- 4 -

constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

8.      All fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund as set forth in the PwC Stipulation, and in no event shall the Released PwC Parties bear any responsibility for such fees, costs, or expenses.

9.      All Class Members (except Persons who request exclusion pursuant to ¶13 below) shall be bound by all determinations and judgments in the Action concerning the PwC Settlement, including, but not limited to, the Releases provided for therein, whether favorable or unfavorable, to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

10.     Class Members who wish to participate in the PwC Settlement shall complete and submit the Proof of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than _____, 2015.  Any Class Member who does not submit a Proof of Claim within the time provided (a) shall be deemed to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; and (c) shall be forever barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by the provisions of the PwC Stipulation, the Releases contained therein, and the Order and Final Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund

1054933_1

is not materially delayed thereby.  Plaintiffs' Counsel shall not incur any liability for declining to accept any late-submitted claim.

11.     The Proof of Claim submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court:  (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his/her current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     Any Class Member who or which does not request exclusion from the Class may enter an appearance in the Action at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of the Court and delivering a notice of appearance to both Lead Counsel and PwC's counsel, at the addresses set forth in ¶15 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Class Member who or which does not enter an appearance will be represented by Lead Counsel.

13.     Any Class Member may, upon request, be excluded or "opt out" from the Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), which must be mailed or delivered such that it is received no later than twenty-one (21)

- 6 -

days prior to the Settlement Hearing, to the address designated in the Notice.  A Request for Exclusion must be signed and state:  (a) the name, address, and telephone number of the Person requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) the Person's purchases, acquisitions and sales of OSG Senior Notes pursuant or traceable to OSG's March 2010 registration statement and prospectus supplement for the Senior Notes, and/or OSG common stock between October 29, 2007 and October 19, 2012, inclusive, including the dates, number of OSG Senior Notes or common shares purchased, acquired or sold, and price paid or received for each such purchase, acquisition, or sale; and (c) that such Person wishes to be excluded from the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the PwC Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the PwC Stipulation or any final judgment.  A Request for Exclusion shall not be effective unless it is made in writing, provides all the required information, and is received within the time stated above, or is otherwise accepted by the Court.

14.     Lead Counsel shall cause to be provided to PwC's counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event not less than fourteen (14) days prior to the Settlement Hearing set forth in ¶2.

15.     Any Class Member who does not request exclusion from the Class may file a written objection to the proposed PwC Settlement and show cause, if he, she, or it has any cause, why the proposed PwC Settlement should not be approved as fair, reasonable and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why any Fee and Expense Application should not be granted; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the

proposed PwC Settlement, or, if approved, the Order and Final Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any Fee and Expense Award, unless that Class Member or other Person has filed a written objection with the Court and served copies of any papers and briefs on Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101; and Latham & Watkins LLP, Miles N. Ruthberg, 885 Third Avenue, New York, NY 10022-4834, on or before _____, 2015; and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the Southern District of New York, on or before _____, 2015.  Any Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be barred and foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed PwC Settlement as incorporated in the PwC Stipulation, to the Plan of Allocation, and to the Fee and Expense Application or the Fee and Expense Award, unless otherwise ordered by the Court.  Attendance at the Settlement Hearing is not necessary.  However, Persons wishing to be heard orally in opposition to approval of the PwC Settlement, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection their intention to appear at the hearing.  Class Members do not need to appear at the Settlement Hearing or take any action if they do not oppose the PwC Settlement.

16.     Any objections, filings, and other submissions by the objecting Class Member:  (a) must state the name, address, and telephone number of the Person objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including the objecting Class Member's purchases, acquisitions, and sales

- 8 -

of OSG Senior Notes pursuant or traceable to OSG's March 2010 registration statement and prospectus supplement for the Senior Notes, and/or OSG common stock between October 29, 2007 and October 19, 2012 inclusive, including the dates, number of OSG Senior Notes or common shares purchased, acquired, or sold, and price paid or received for each such purchase, acquisition, or sale.

17.     Lead Counsel and PwC's counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

18.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the PwC Stipulation and/or further order(s) of the Court.

19.     All papers in support of the PwC Settlement, Plan of Allocation, and any Fee and Expense Application shall be filed and served by Lead Counsel no later than twenty-eight (28) calendar days prior to the Settlement Hearing, and any reply papers shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

20.     The Released PwC Parties shall have no responsibility for the Plan of Allocation or any Fee and Expense Application, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the PwC Settlement.

21.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation and any Fee and Expense Application proposed by Lead Counsel should be approved.

22.     All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the PwC Stipulation.  In the event the Court does not approve the PwC Settlement, or it otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to the PwC Stipulation.

- 9 -

23.     If the PwC Settlement is terminated as provided in the PwC Stipulation, or the Effective Date of the PwC Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect as to the parties to the PwC Settlement, except as otherwise provided by the PwC Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members, or PwC, and the Lead Plaintiffs and PwC in that instance shall revert to their positions in the Action on _____, 2014, as provided in the PwC Stipulation.

24.     Neither this Order, the PwC Stipulation (whether or not consummated), including the exhibits thereto, the Plan of Allocation to be proposed by Lead Plaintiffs (or any other plan of allocation that may be approved by the Court), nor any of their terms or provisions, nor any of the negotiations or proceedings leading to the execution of the PwC Stipulation, nor any proceedings taken pursuant to or in connection with the PwC Stipulation and/or approval of the PwC Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against the Released PwC Parties as evidence of, or construed as, or deemed to be evidence of (i) any presumption, concession, or admission by any of the Released PwC Parties with respect to the truth of any fact alleged by Lead Plaintiffs, the validity of any claim that was or could have been asserted by Lead Plaintiffs or any member of the Class, or the deficiency of any defense that has been or could have been asserted by PwC in this Action or in any other litigation, or (ii) any liability, negligence, fault, or other wrongdoing of any kind of any of the Released PwC Parties, or in any way referred to for any other reason as against any of the Released PwC Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the PwC Stipulation; (b) shall be offered against any Lead Plaintiffs or Class Members as evidence of, or construed as, or deemed to be evidence of (i) any presumption,

- 10 -

concession, or admission by any Lead Plaintiffs or Class Members that any of their claims are without merit, that the Released PwC Parties had meritorious defenses, or that damages recoverable against PwC under the Complaint would not have exceeded the Settlement Amount, or (ii) any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any Lead Plaintiffs or Class Members, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the PwC Stipulation; or (c) shall be construed against any Lead Plaintiffs or Class Members or Released PwC Parties as an admission, concession, or presumption that the consideration to be given under the PwC Settlement represents the amount which could be or would have been recovered against PwC after trial; ***provided, however***, that if the PwC Stipulation is approved by the Court, the Lead Plaintiffs and PwC and the Released PwC Parties and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the PwC Settlement.  The Released PwC Parties, Lead Plaintiffs, Class Members, and each of their counsel may file the PwC Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

25.     Unless otherwise ordered by the Court, all proceedings in the Action against PwC are stayed, except as may be necessary to implement the PwC Settlement or comply with the terms of the PwC Stipulation or other agreement of Lead Plaintiffs and PwC.  Pending final determination of whether the PwC Settlement should be approved, neither the Lead Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of

the Released PwC Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

26.     The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Class Members, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶2 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed PwC Settlement.  The Court may approve the PwC Settlement, with such modifications as may be agreed to by Lead Plaintiffs and PwC, if appropriate, without further notice to the Class.  The Court reserves the right to enter the Order and Final Judgment approving the PwC Settlement regardless of whether it has approved the Plan of Allocation, Plaintiffs' Counsel's request for an award of attorneys' fees and expenses and the payment of time and expenses of Lead Plaintiffs in their representation of the Class.

IT IS SO ORDERED.

DATED: _____        _____
                                        THE HONORABLE SHIRA A. SCHEINDLIN
                                        UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| In re OSG SECURITIES LITIGATION | : | Civil Action No. 1:12-cv-07948-SAS |
| | : | |
| | : | CLASS ACTION |
| This Document Relates To: | : | |
| | : | NOTICE OF PENDENCY AND PROPOSED |
| ALL ACTIONS. | : | PARTIAL SETTLEMENTS OF CLASS |
| | x | ACTION, MOTION FOR ATTORNEYS' |
| | | FEES AND SETTLEMENT FAIRNESS |
| | | HEARING |

EXHIBIT A-1

TO:    **ALL PERSONS WHO OR WHICH PURCHASED OR OTHERWISE ACQUIRED OVERSEAS SHIPHOLDING GROUP, INC.'S ("OSG" OR THE "COMPANY") 8.125% SENIOR NOTES DUE 2018 (THE "SENIOR NOTES") PURSUANT AND/OR TRACEABLE TO OSG'S MARCH 2010 REGISTRATION STATEMENT AND PROSPECTUS SUPPLEMENT FOR THE SENIOR NOTES AND/OR OSG'S COMMON STOCK DURING THE PERIOD OCTOBER 29, 2007 THROUGH OCTOBER 19, 2012, INCLUSIVE**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE PARTIAL SETTLEMENTS DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE PROCEEDS OF THE SETTLEMENTS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE [INSERT DATE]**.

This Notice of Pendency and Proposed Partial Settlements of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and Orders of the United States District Court for the Southern District of New York (the "Court").  The purpose of this Notice is to inform you of the pendency of this class action and the proposed partial settlements (the "Partial Settlements") of the action entitled *In re OSG Securities Litigation*, Civil Action No. 1:12-cv-07948-SAS (the "Action") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of each of the settlements comprising the Partial Settlements as well as counsel's application for fees, costs, and expenses, including reimbursement to Lead Plaintiffs for their time and expenses incurred in representing the Class.  This Notice describes the rights you may have in connection with your participation in the Partial Settlements, what steps you may take in relation to the Partial Settlements and this class action, and, alternatively, what steps you must take if you wish to be excluded from the Partial Settlements and this Action.

Unless otherwise stated, all terms used in this Notice shall have the same meanings as set forth in the Stipulations of Settlement filed with the Court.

| YOUR LEGAL RIGHTS AND OPTIONS IN THESE PARTIAL SETTLEMENTS | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment.  Proof of Claim forms must be postmarked or submitted online on or before [Insert Date]. |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against the Settling Defendants[1] or any |

---

[1]    The Settling Defendants are:  Alan R. Batkin, Thomas B. Coleman, Charles A. Fribourg, Stanley Komaroff, Solomon N. Merkin, Joel I. Picket, Ariel Recanati, Oudi Recanati, Thomas F. Robards, Jean-Paul Vettier, Michael J. Zimmerman, Morten Arntzen, and Myles R. Itkin (collectively, the "Individual Defendants"); Citigroup Global Markets Inc., Deutsche Bank Securities Inc., DNB Markets, Inc. (f/k/a DnB NOR Markets, Inc.), Goldman, Sachs & Co., HSBC Securities (USA) Inc., ING Financial Markets LLC, and Morgan Stanley & Co. LLC (f/k/a Morgan Stanley & Co.

| | other Released Persons about the legal claims in this case. Exclusions must be received on or before [Insert Date]. |
|---|---|
| **OBJECT** | Write to the Court about why you do not like any or all of the partial settlements comprising the Partial Settlements, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses. You will still be a member of the Class. Objections must be received by the Court and counsel on or before [Insert Date]. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Partial Settlements or any portion thereof. Requests to speak must be received by the Court and counsel on or before [Insert Date]. |
| **DO NOTHING** | Get no payment. Give up your rights. |

## SUMMARY OF THIS NOTICE

### Statement of Class Recovery

Pursuant to the Partial Settlements described herein, a minimum $31,250,000 settlement fund has been established. This settlement fund (the "Settlement Fund") consists of: (i) $10,500,000 to be paid by the Individual Defendants; (ii) $4,000,000 to be paid by the Underwriter Defendants; (iii) $1,750,000 to be paid by PwC; and (iv) a minimum of $15,000,000 from the settlement of Class Members' claim in the bankruptcy court, which also includes a contingent right to 15% of the net proceeds of OSG's professional liability action against Proskauer Rose LLP and certain individual defendants (the "Bankruptcy Court Settlement").[2] Lead Plaintiffs estimate that there were approximately 26.3 million shares of OSG common stock which may have been damaged during the Class Period and 226,000 damaged Senior Notes; therefore the average recovery under the Partial Settlements is roughly $0.13 per common damaged share and $56.00 per $1,000 in Senior Notes,

---

Incorporated) (collectively, the "Underwriter Defendants"); and PricewaterhouseCoopers LLP ("PwC"). Defendant Ernst & Young LLP ("E&Y") is not a settling defendant.

[2]   The Bankruptcy Court Settlement, less fees and expenses, will also be distributed to Class Members who submit valid claims as a result of a settlement reached on behalf of the Class in OSG's bankruptcy proceedings. That settlement was approved by the bankruptcy court in July 2014 and is being distributed pursuant to the plan of allocation set forth herein. The specific terms of the Bankruptcy Court Settlement provide for Class Members to receive: (i) $7 million in cash, which has already been paid; (ii) 15% of the Net Proceeds of the Debtors' professional liability action against Proskauer Rose LLP and certain individual defendants (the "Professional Liability Action"); (iii) $5 million in cash, payable by a reorganized OSG upon resolution of the Professional Liability Action; (iv) $3 million in cash, payable by a reorganized OSG on the first anniversary of the effective date of the Amended Equity Plan; (v) proceeds of any of the Debtors' residual interests in certain director and officer insurance policies; and (vi) any remaining cash in a $2 million reserve, after accounting for satisfaction or resolution of other subordinated claims.

1028192_5

before deduction of any taxes on the income thereof, notice and administration costs and the attorneys' fees, costs, and expenses as determined by the Court.  A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's Recognized Loss as compared to the total Recognized Losses of all Class Members who submit acceptable Proofs of Claim.  An individual Class Member may receive more or less than this estimated average amount depending on the number of claims submitted, when during the Class Period a Class Member purchased or acquired OSG common stock or the Senior Notes, the purchase price paid, and whether those shares or Senior Notes were held at the end of the Class Period or sold during the Class Period, and, if sold, when they were sold and the amount received.  *See* Plan of Allocation as set forth at pages ___ below for more information on your Recognized Loss.

### Statement of Potential Outcome of Case

Lead Plaintiffs and the Settling Defendants do not agree on whether Lead Plaintiffs would have prevailed on the merits of their claims against the Settling Defendants, nor do they agree on the average amount of damages per OSG common share or Senior Notes that would be recoverable if the Lead Plaintiffs prevailed on each claim alleged.  Among other things, the Settling Defendants deny that:  (i) they violated the federal securities laws; (ii) they made false or misleading statements; or (iii) damages were suffered by members of the Class as a result of their alleged conduct.

### Statement of Attorneys' Fees, Costs, and Expenses Sought

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty percent (30%) of the Settlement Fund, plus costs and expenses not to exceed $400,000.00, plus interest earned on both amounts at the same rate as earned by the Settlement Fund.  Since the Action's inception, Lead Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis and advanced the expenses of the litigation in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery.  In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees.  In addition, Lead Plaintiffs may seek reimbursement of up to $10,000 each for their time and expenses incurred in representing the Class.  The requested fees, costs, and expenses amount to an average of approximately $0.04 per damaged common share and $18.00 per Senior Note.  The average cost per damaged share will vary depending on the number of acceptable Proofs of Claim submitted.

### Further Information

For further information regarding the Action, this Notice or to review the Stipulations of Settlement for the various settlements comprising the Partial Settlements, please contact the Claims Administrator toll-free at 1-877-236-9485, or www.osgsecuritieslitigation.com.

You may also contact representatives of counsel for the Class:  Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101,1-800-449-4900, www.rgrdlaw.com.

Please Do Not Call the Court or Defendants with Questions About the Partial Settlements.

- 3 -

### Reasons for the Partial Settlements

Lead Plaintiffs' principal reason for the Partial Settlements is the substantial immediate cash benefit to be provided to the Class without the risk or delays inherent in further litigation. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future. The Settling Defendants deny all allegations of wrongdoing or liability whatsoever and are entering into the Partial Settlements solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

## BASIC INFORMATION

| 1. | Why did I get this notice package? |
|---|---|

You or someone in your family may have purchased or acquired OSG common stock during the period from October 29, 2007, through and including October 19, 2012 ("Class Period"); or purchased or acquired the Senior Notes.

The Court directed that this Notice be sent to Class Members because they have a right to know about the Partial Settlements of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Partial Settlements. If the Court approves the Partial Settlements and after objections and appeals, if any, are resolved, the Claims Administrator appointed by the Court will make the payments provided for in the Partial Settlements.

This Notice explains the class action lawsuit, the Partial Settlements, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Action is the United States District Court for the Southern District of New York, and the case is known as *In re OSG Securities Litigation*, Civil Action No. 1:12-cv-07948-SAS. The case has been assigned to the Honorable Shira A. Scheindlin. The pension funds and individual representing the Class are the "Lead Plaintiffs," and the companies and individuals they sued and who have now settled are called the Settling Defendants.

| 2. | What is this lawsuit about? |
|---|---|

This litigation was commenced on October 24, 2012. Lead Plaintiffs alleged that there were untrue and misleading statements made in the Registration Statement OSG filed in connection with its sale of $300 million of Senior Notes to the public on March 24, 2010, and false and misleading statements made during the Class Period by Defendants Arntzen and Itkin. These alleged statements included specific representations concerning, among other things, the Company's income taxes; accounting policies; controls and procedures; internal controls over financial reporting; tax benefits purportedly received by the Company; guidance on future tax benefits; how financial statements were prepared in conformity with Generally Accepted Accounting Principles; and guidance on future results.

On November 14, 2012, OSG and its affiliated debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

- 4 -

The parties have engaged in extensive motion practice and deposition and document discovery, and on November 20, 2014, attended a formal mediation session before the Honorable Layn R. Phillips (Ret.), a retired United States District Court Judge.  Following that mediation, and after arm's-length negotiations, the Settling Parties reached their agreements-in-principle to resolve the Action on the terms set forth herein.

Settling Defendants deny each and all of the claims and contentions of wrongdoing alleged by Lead Plaintiffs in the litigation.  Settling Defendants contend that they did not make any materially false or misleading statements, they disclosed all material information required to be disclosed by the federal securities laws and any alleged misstatements or omissions were not made with the requisite intent or knowledge of wrongdoing.  Settling Defendants also contend that any losses suffered by members of the Class were not caused by any false or misleading statements by Settling Defendants and/or were caused by intervening events.  The Settling Defendants also maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Action.

| 3. | **Why is this a class action?** |
|---|---|

In a class action, one or more people called the plaintiff sues on behalf of people who have similar claims.  All of the people with similar claims are referred to as a class or class members.  One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 4. | **Why are there settlements?** |
|---|---|

The Court has not decided in favor of the Settling Defendants or of the Class.  Instead, the Settling Parties agreed to the settlements comprising the Partial Settlements to avoid the distraction, costs and risks of further litigation, and Lead Plaintiffs agreed to the settlements comprising the Partial Settlements in order to ensure that Class Members will receive compensation.  Continuing to litigate the case against the Settling Defendants would require all parties to expend substantial resources.  If the Action continued against the Settling Defendants, fact discovery would be extremely expensive, each party would likely engage expert witnesses, and Lead Plaintiffs believe much of the proof would be highly technical, making the outcome of any trial unpredictable.  Lead Plaintiffs and Lead Counsel believe the Partial Settlements are in the best interest of all Class Members in light of the real possibility that continued litigation could result in no recovery at all.

The Settling Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  The Settling Defendants have agreed to the Partial Settlements solely to eliminate the burden and expense of continued litigation.  Accordingly, the Partial Settlements may not be construed as an admission of any wrongdoing by the Settling Defendants.

The proposed Settlement Amount is based on proposals made to the parties by Judge Phillips, who mediated this case.  His recommendation was based on his neutral evaluation of the case and the risks facing all parties at that point in time.  He made his recommendation based on his review and consideration of all of the orders issued to date in the case, the evidence and arguments offered by all parties, and the substantial risks to all parties that the future litigation landscape

- 5 -

presented.  Judge Phillips is of the opinion that:  "the proposed Partial Settlements are the result of vigorous arms' length negotiations by the Parties."  Moreover, based on his extensive discussions with all parties and their counsel and the information made available to him both before and during the mediation sessions, his opinion is that "the settlements were negotiated in good faith and are fair and reasonable."   He has indicated that he "strongly support[s] the approval of the Partial Settlements in all respects."

**WHO IS IN THE PARTIAL SETTLEMENTS**

To see if you will get money from the Partial Settlements, you first have to decide if you are a Class Member.

| 5. | How do I know if I am part of the Partial Settlements? |
|----|--------------------------------------------------------|

The Court directed that everyone who fits this description is a Class Member: *all Persons who or which purchased or otherwise acquired (a) OSG's 8.125% Senior Notes Due 2018 (the "Senior Notes") pursuant and/or traceable to OSG's March 2010 registration statement and prospectus supplement for the Senior Notes; and/or (b) OSG's common stock during and inclusive of the period October 29, 2007 through October 19, 2012,* except those Persons and entities that are excluded, as described below.

| 6. | Are there exceptions to being included? |
|----|-----------------------------------------|

Excluded from the Class are the Defendants, G. Allen Andreas ("Andreas") and their respective successors and assigns; past and current officers, directors, partners or employees of OSG and the Underwriter Defendants and PwC and E&Y during the Class Period; members of the immediate families of the Individual Defendants and Andreas, the legal representatives, heirs, successors, or assigns of the Individual Defendants, and Andreas, and any entity in which any of the above excluded Persons have or had a majority ownership interest.  Also excluded from the Class are those Persons who timely and validly request exclusion from the Class in accordance with the requirements set by the Court and this Notice.

If one of your mutual funds owned OSG common stock or Senior Notes, that alone does not make you a Class Member.  You are a Class Member only if you directly purchased or acquired OSG common stock during the Class Period or OSG Senior Notes pursuant and/or traceable to OSG's March 2010 Registration Statement and Prospectus Supplement.  Contact your broker to see if you purchased or acquired OSG common stock or the Senior Notes.

If you sold OSG common stock or the Senior Notes during the Class Period, that alone does not make you a Class Member.  You are a Class Member only if you *purchased or acquired* OSG common stock or Senior Notes, as described above.

| 7. | What if I am still not sure if I am included? |
|----|----------------------------------------------|

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator toll-free at 1-877-236-9485, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify.

## THE BENEFITS OF THE PARTIAL SETTLEMENTS – WHAT YOU GET

| 8. | **What do the Partial Settlements provide?** |
|---|---|

In exchange for the release of the Released Claims against each of the Settling Defendants (defined below) as well as dismissal of the Action as against the Settling Defendants, the Settling Defendants have agreed that payments of a total of $16,250,000 will be made by the Settling Defendants (or on their behalf) to be divided, after taxes, fees, and expenses, *pro rata* among all Class Members who send in a valid Proof of Claim form.  This amount is in addition to the minimum of $15,000,000, less fees and expenses, obtained in the Bankruptcy Court Settlement.

| 9. | **How much will my payment be?** |
|---|---|

Your share of the fund will depend on several things, including, how many Class Members submit timely and valid Proof of Claim forms, the total Recognized Losses represented by the valid Proof of Claim forms that Class Members send in, the number of shares of OSG common stock or the amount of Senior Notes you purchased or acquired, how much you paid, when you purchased or acquired, and if you sold your securities and for how much.

By following the instructions in the Plan of Allocation, you can calculate what is called your Recognized Loss.  It is unlikely that you will get a payment for all of your Recognized Loss.  After all Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Loss divided by the total of everyone's Recognized Losses.  *See* the Plan of Allocation at pages ___ hereof for more information on your Recognized Loss.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 10. | **How can I get a payment?** |
|---|---|

To qualify for a payment, you must submit a Proof of Claim form.  A Proof of Claim form is enclosed with this Notice or it may be downloaded at www.osgsecuritieslitigation.com.  Read the instructions carefully, fill out the Proof of Claim form, include all the documents the form asks for, sign it, and mail or submit it online so that it is postmarked or received no later than [insert date].  The claim form may be submitted online at www.osgsecuritieslitigation.com.

| 11. | **When would I get my payment?** |
|---|---|

The Court will hold a Settlement Hearing on _____, 2015, to decide whether to approve the Partial Settlements.  If the Court approves the Partial Settlements or any portion thereof after that, there might be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

| 12. | **What am I giving up to get a payment or to stay in the Class?** |
|---|---|

Unless you exclude yourself, you will remain a Class Member, and that means that, if the Partial Settlements are approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the various "Released Persons" (as defined below):

- "Released Claims" with respect to the Individual Defendants Stipulation means any and all claims, rights, remedies, demands, liabilities and causes of action of every nature and description (including but not limited to any claims for damages, punitive damages, compensation, restitution, disgorgement, rescission, interest, injunctive relief, attorneys' fees, expert or consulting fees, obligations, debts, losses, and any other costs, expenses or liabilities of any kind or nature whatsoever), whether legal, statutory or equitable in nature to the fullest extent the law permits their release in this Action, whether known or "Unknown Claims" (as defined below), whether arising under federal, state, common or foreign law, whether class or individual in nature, that Lead Plaintiffs, or any other Class Member (a) alleged in any complaint filed or sought to be filed in the Action or (b) could have asserted in any forum or proceeding that (i) arise out of or are based upon or are related to, directly or indirectly, the facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions, which were or could have been alleged by any member of the Class in the Action, and that (ii) arise out of the purchase or acquisition, holding, sale or disposition of the Senior Notes or OSG common stock purchased or acquired during the Class Period by Lead Plaintiffs or any member of the Class, provided however, that the Released Claims shall not include the right to enforce the Individual Defendants Stipulation.

- "Released Claims" with respect to the PwC Stipulation means any and all claims, rights, remedies, demands, liabilities and causes of action of every nature and description (including but not limited to any claims for damages, punitive damages, compensation, restitution, disgorgement, rescission, interest, injunctive relief, attorneys' fees, expert or consulting fees, obligations, debts, losses, and any other costs, expenses or liabilities of any kind or nature whatsoever), whether legal, statutory or equitable in nature to the fullest extent the law permits their release in this Action, whether known or "Unknown Claims" (as defined below), whether arising under federal, state, common or foreign law, whether class or individual in nature, that Lead Plaintiffs, or any other Class Member (a) alleged in any complaint filed or sought to be filed in the Litigation or (b) could have asserted in any forum or proceeding that (i) arise out of or are based upon or are related to, directly or indirectly, the facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions, which were or could have been alleged by any member of the Class in the Litigation, and that (ii) arise out of the purchase or acquisition, holding, sale or disposition of any OSG securities, including the Senior Notes or common stock, purchased or acquired during the Class Period by Lead Plaintiffs or any member of the Class, provided however, that the Released Claims shall not include the right to enforce the PwC Stipulation.

- 8 -

- "Released Claims" with respect to the Underwriter Defendants Stipulation means any and all claims (including "Unknown Claims" as defined below) against the Underwriter Defendants and their Related Underwriter Defendant Persons (as defined below), arising out of, relating to, or in connection with both (i) the facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, or omissions which were or could have been alleged in the Litigation, and (ii) the purchase or acquisition, holding, sale or disposition of all securities issued by OSG, including, but not limited to, the Senior Notes or common stock, during the Class Period.

- "Released Persons" means each and all of the Released Individual Defendant Parties, the Released PwC Parties, and the Released Underwriter Defendant Parties.

- "Defendants' Claims" means all Individual Defendants' Claims, PwC's Claims, and Settled Underwriter Defendants' Claims.

- "Unknown Claims" with respect to the Released Persons means (a) any Released Claims that Lead Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision(s), with respect to the Partial Settlements; and (b) any Defendants' Claims that any Settling Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Lead Plaintiffs, Class Members and Plaintiffs' Counsel, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Lead Plaintiffs, Class Members and Plaintiffs' Counsel, or might have affected his, her or its decision(s) with respect to the Partial Settlements. With respect to any and all Released Claims and Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and the Settling Defendants shall expressly waive, and each of the Class Members and the Settling Defendants shall be deemed to have, and by operation of the Final Judgments and Orders of Dismissal with Prejudice shall have, expressly waived any and all provisions, rights, and benefits conferred by California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of the Released Claims, but Lead Plaintiffs shall expressly and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgments and Orders of Dismissal with Prejudice shall have, fully, finally,

- 9 -

and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Similarly, the Settling Defendants may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of the Defendants' Claims, but each Settling Defendant shall expressly and, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgments and Orders of Dismissal with Prejudice shall have, fully, finally, and forever settled and released any and all Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and Lead Plaintiffs, the Class Members, and the Settling Defendants shall be deemed by operation of the Final Judgments and Orders of Dismissal with Prejudice to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Defendants' Claims was separately bargained for and is a key element of the Partial Settlements of which these releases are a part.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE PARTIAL SETTLEMENTS

If you do not want a payment from the Partial Settlements, and you want to keep the right to sue the Settling Defendants and their respective Released Persons, on your own, about the legal issues in this case, then you must take steps to remove yourself from the Partial Settlements. This is called excluding yourself – or is sometimes referred to as "opting out."

The Individual Defendants, Underwriter Defendants, and PwC have the right to terminate the Partial Settlements as they relate to them if valid requests for exclusion are received from Persons entitled to be members of the Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and the Individual Defendants, Underwriter Defendants, or PwC, respectively.

| 13. | How do I get out of the proposed Partial Settlements? |
|-----|-------------------------------------------------------|

To exclude yourself from the Class, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Overseas Shipholding Group Securities Litigation*." Your letter must include the date(s), price(s), and number(s) of all purchases and sales of OSG common stock during the Class Period and/or Senior Notes pursuant and/or traceable to the March 2010 Registration Statement and Prospectus Summary. In addition, you must include your name,

address, telephone number, and your signature.  You must submit your exclusion request so that it is **received no later than [insert date]** to:

*Overseas Shipholding Group Securities Litigation*
c/o Gilardi & Co. LLC
Claims Administrator
P.O. Box 8040
San Rafael, CA  94912-8040

If you ask to be excluded, you will not get any payment, and you cannot object to the Partial Settlements.  You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Settling Defendants and their respective Released Persons in the future.

| 14. | **If I do not exclude myself, can I sue the Settling Defendants and their respective Released Persons for the same thing later?** |
|---|---|

No.  Unless you exclude yourself, you give up any rights you may have to sue the Settling Defendants and their respective Released Persons for any and all Released Claims.  If you have a pending lawsuit against the Released Persons speak to your lawyer in that case immediately.  You must exclude yourself from this Action to continue your own lawsuit.  Remember, the exclusion deadline is [insert date].

| 15. | **If I exclude myself, can I get money from the Partial Settlements?** |
|---|---|

No.  If you exclude yourself, you may not send in a Proof of Claim to ask for any money. But you may have the right to sue or be part of a different lawsuit against the Settling Defendants and their respective Released Persons.

## THE LAWYERS REPRESENTING YOU

| 16. | **Do I have a lawyer in this case?** |
|---|---|

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represent the Class Members, including you.  These lawyers are called Lead Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 17. | **How will the lawyers be paid?** |
|---|---|

Lead Counsel will move the Court for an award of attorneys' fees in an amount not greater than thirty percent (30%) of the Settlement Fund and for expenses and costs in an amount not to exceed $400,000.00 in connection with the litigation, plus interest on such fees, costs, and expenses at the same rate earned by the Settlement Fund. Lead Counsel's application for an award of fees and expenses consists of the fees and expenses of Lead Counsel and additional Plaintiffs' Counsel, Pomerantz LLP and Lowenstein Sandler LLC.  These law firms performed work on behalf of the Class and will submit declarations to the Court documenting their time and expenses in support of Lead Counsel's application.  In addition, Lead Plaintiffs may seek reimbursement of up to $10,000

- 11 -

each for their time and expenses incurred in representing the Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE PARTIAL SETTLEMENTS

| 18. | How do I tell the Court that I object to the proposed Partial Settlements? |
|---|---|

If you are a Class Member, you can object to the Partial Settlements or any portion thereof, the proposed Plan of Allocation, the amount of reimbursement sought by Lead Plaintiffs, and/or Lead Counsel's fee, cost, and expense application.  The Court's evaluation of the fairness, reasonableness and adequacy of each of the three partial settlements that the Class has reached with the Underwriter Defendants, PwC and the Individual Defendants shall be conducted separately.  Accordingly, any order of the Court that disapproves or requires a material modification of the terms of any of the three partial settlements will not necessarily result in the disapproval of another partial settlement.  Class members may accordingly object to fewer than all of the partial settlements.  You can write to the Court setting out your objection.  The Court will consider your views.  To object, you must send a signed letter saying that you object to all or part of the Partial Settlements in the *Overseas Shipholding Group Securities Litigation*.  Be sure to include your name, address, telephone number, and your signature, identify the date(s), price(s), and number(s) of shares of OSG common stock or Senior Notes you purchased or acquired and sold during the Class Period, identify the portion of the Partial Settlements to which you are objecting, and state the reasons why you object to the proposed Partial Settlements or portions thereof.  Your objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is **received no later than [insert date]:**

| **COURT** | **LEAD COUNSEL** | **SETTLING DEFENDANTS' COUNSEL** |
|---|---|---|
| Clerk of the Court United States District Court Southern District of   New York Daniel Patrick Moynihan United States Courthouse 500 Pearl Street New York, NY  10007 | Ellen Gusikoff Stewart ROBBINS GELLER RUDMAN   & DOWD LLP 655 West Broadway, Suite 1900 San Diego, CA  92101 | Adam S. Hakki Elizabeth J. Stewart SHEARMAN & STERLING   LLP 599 Lexington Avenue New York, NY  10022-6069 |
| | | Richard A. Rosen PAUL, WEISS, RIFKIND,   WHARTON & GARRISON   LLP 1285 Avenue of the Americas New York, NY  10019-6064 |
| | | Scott B. Schreiber ARNOLD & PORTER LLP 399 Park Avenue New York, NY 10022-4690 |

- 12 -

David H. Kistenbroker
DECHERT LLP
1095 Avenue of the Americas
New York, NY  10036-6797

Miles N. Ruthberg
Jamie L. Wine
Kevin M. McDonough
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834

| 19. | **What is the difference between objecting and excluding myself?** |
|---|---|

Objecting is simply telling the Court that you do not like something about any or all of the Partial Settlements.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the Partial Settlements.  You may attend and you may ask to speak, but you do not have to.

| 20. | **When and where will the Court decide whether to approve the proposed Partial Settlements?** |
|---|---|

The Court will hold a Settlement Hearing at__: _____ __.m., on _____day, _____, 2015, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York 10007 in Courtroom 15C.  At the hearing the Court will consider whether the Partial Settlements are fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Lead Counsel.  After the Settlement Hearing, the Court will decide whether to approve the Partial Settlements.  We do not know how long these decisions will take.  You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members.  If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed.

| 21. | **Do I have to come to the hearing?** |
|---|---|

No.  Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay

- 13 -

your own lawyer to attend, but it is not necessary.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | **May I speak at the hearing?** |
|---|---|

If you object to the Partial Settlements or any portion thereof, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* question 18 above) a statement saying that it is your "Notice of Intention to Appear in the *Overseas Shipholding Group Securities Litigation*."  Persons who intend to object to the Partial Settlements or any portion thereof, the Plan of Allocation, and/or the application for an award of attorneys' fees, costs, and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

| 23. | **What happens if I do nothing at all?** |
|---|---|

If you do nothing, you will get no money from the Partial Settlements.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Released Persons about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

| 24. | **Are there more details about the proposed Partial Settlements?** |
|---|---|

This Notice summarizes the Partial Settlements.  More details are in the Stipulation of Settlement with PwC, the Stipulation of Settlement with the Individual Defendants, and the Stipulation of Settlement with the Underwriter Defendants and in the Stipulation Resolving Anticipated Objections to the Debtors' Proposed Plan of Reorganization (collectively, the "Settlement Agreements").  You can get copies of these documents and obtain answers to common questions regarding the Partial Settlements by contacting the Claims Administrator toll-free at 1-877-236-9485.  A copy of the Settlement Agreements are also available on the Settlement website at www.osgsecuritieslitigation.com.

| 25. | **How do I get more information?** |
|---|---|

For even more detailed information concerning the matters involved in this Action, reference is made to the Settlement Agreements, to the pleadings in support of the Partial Settlements, to the Orders entered by the Court and to the other papers filed in the Action, which will be posted on the Settlement website at www.osgsecuritieslitigation.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, during regular business hours.  For a fee, all papers filed in this Action are available at www.pacer.gov.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG
## CLASS MEMBERS

The Settlement Fund, less all taxes, approved costs, fees, and expenses (the "Net Settlement Fund") shall be distributed to Class Members who submit timely and valid Proof of Claim forms to the Claims Administrator ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss" calculated using the Court-approved Plan of Allocation.  The Recognized Loss formula (below) is not intended to estimate the amount a Class Member might have been able to recover after a trial; nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Partial Settlements.  The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  The Court may approve the Plan of Allocation, or modify it, without additional notice to the Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website at: www.osgsecuritieslitigation.com.

The Plan of Allocation was created with the assistance of a consulting damages expert who analyzed the movement of OSG's common stock and Senior Notes after the alleged disclosures.

The calculation of claims below is not an estimate of the amount you will receive.  It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.  Furthermore, the Net Settlement Fund shall be distributed based on the respective proportion of the aggregate funds provided by the Settling Defendants to settle the common stock claims and/or the Senior Note claims.  Specifically, the $4,000,000 paid by the Underwriter Defendants, $1,750,000 paid by PwC, and $6,900,000 from the Individual Defendants are exclusively being paid for the benefit of the purchasers of the Senior Notes (less all taxes, approved costs, fees, and expenses) and will not be allocated at all to the purchasers of OSG's common stock.  Taking into account the burden of proof for the different claims, $3,600,000 of the settlement proceeds received from the Individual Defendants will be allocated to the claims against defendants on behalf of the purchasers of OSG's common stock.  The funds received or to be received from the Bankruptcy Court Settlement, which are intended to settle both common stock and Senior Note **purchaser** claims, will be divided **between both sets of purchasers using** a ratio of 45% and 55%, respectively.  In the event additional funds are contributed to settle the remaining outstanding and unsettled claims for the benefit of both purchasers of the Senior Notes and purchasers of OSG's common stock, the distribution to Authorized Claimants shall be determined in a similar matter.  Furthermore, if any of the formulas set forth below yield an amount less than $0.00 the claim per share is $0.00.

### Common Stock Claims
### CUSIP:  690368105

For shares of  Overseas Shipholding common stock purchased on or between October 29, 2007 through October 19, 2012, the claim per share shall be as follows:

a)      If sold on or between October 29, 2007 through October 19, 2012, the claim per share shall be the lesser of (i) the inflation in Table A at time of purchase less the inflation in Table A at time of sale, and (ii) the difference between the purchase price and the sales price; and

- 15 -

b)      If retained at the close of trading on October 19, 2012, or if sold thereafter, the claim per share shall be the lesser of: (i) the inflation in Table A at time of purchase, and (ii) the difference between the purchase price less the sales price.

TABLE A

| Period | | Inflation |
|---|---|---|
| **Begin** | **End** | |
| 10/29/07 | 10/11/12 | $4.96 |
| 10/12/12 | 10/15/12 | $4.26 |
| 10/16/12 | 10/16/12 | $2.91 |
| 10/17/12 | 10/19/12 | $2.50 |

## Claims for the March 2010 Public Offering of Senior Notes
## CUSIP:  690368AH8

Initial Public Offering Price:                                $985.63 per Senior Note
Closing price on the date the lawsuit was filed[3]:          $305.00 per Senior Note

---

For Senior Notes acquired ***pursuant to, and traceable to, the Company's offering prospectus dated March 24, 2010***, and

1)      sold prior to October 16, 2012, the claim per Senior Note is zero.

2)      sold on or between October 16, 2012 through March 20, 2013, the claim per Senior Note is the lesser of (i) the purchase price less the sales price, and (ii) $985.63 less $305.00.

3)      retained at the close of trading on March 20, 2013, the claim per Senior Note is zero.

In the event a Class Member has more than one purchase, acquisition or sale of OSG common stock or Senior Notes during the Class Period, all purchases, acquisitions and sales within the Class Period shall be matched on a First-In, First-Out ("FIFO") basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases or acquisitions in chronological order, beginning with the earliest purchase or acquisition made during the Class Period.

---

[3]   First Class Action Complaint for Violations of the Federal Securities Laws filed on October 24, 2012.

- 16 -

A purchase, acquisition or sale of OSG common stock or Senior Notes shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase, acquisition and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise or operation of law of OSG common stock or Senior Notes during the Class Period shall not be deemed a purchase, acquisition or sale of OSG common stock or Senior Notes for the calculation of a claimant's Recognized Loss nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such shares or notes unless specifically provided in the instrument of gift or assignment. The receipt of OSG common stock or Senior Notes during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase, acquisition or sale of OSG common stock or Senior Notes.

To the extent a claimant had a gain from his, her, or its overall transactions in OSG common stock or Senior Notes during the Class Period, the value of the claim will be zero. The date of covering a "short sale" is deemed to be the date of purchase or acquisition of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in OSG common stock, the earliest Class Period purchases or acquisitions shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. No distribution shall be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00. As is customary in plans of allocation for securities class action settlements, a *de minimis* threshold is set in order to preserve the overall Settlement Fund from the costs of claims that are likely to exceed the value of those claims. It has been determined by counsel for the Parties that $10.00 is a reasonable *de minimis* threshold. An Authorized Claimant that falls into this category may request to be excluded from this Action as described in paragraphs 13 through 15 of this Notice or otherwise be bound by the Partial Settlements despite receiving no payment.

Class Members who do not submit acceptable Proofs of Claim will not share in the Net Settlement Fund. The Partial Settlements and the Final Judgments and Orders of Dismissal with Prejudice dismissing this Action against the Settling Defendants will nevertheless bind Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

The Settling Defendants, their respective counsel, and their respective Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim. Lead

- 17 -

Plaintiffs and Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Partial Settlements.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Partial Settlements.  If any funds remain in the Net Settlement Fund by reason of un-cashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds shall be used: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis*, and such remaining balance shall then be distributed to a non-sectarian, not-for-profit organization identified by Lead Counsel.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired OSG common stock (CUSIP: 690368105) or Senior Notes (CUSIP: 690368AH8) during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired such securities during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim form directly to the beneficial owners of the securities referred to herein.  If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Class Members.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator:

- 18 -

*Overseas Shipholding Group Securities Litigation*
c/o Gilardi & Co. LLC
Claims Administrator
P.O. Box 8040
San Rafael, CA  94912-8040
(1-877-236-9485)
www.osgsecuritieslitigation.com


Dated: _____          BY ORDER OF THE COURT
                                       UNITED STATES DISTRICT COURT
                                       SOUTHERN DISTRICT OF NEW YORK

- 19 -

# EXHIBIT A-2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| In re OSG SECURITIES LITIGATION | : | Civil Action No. 1:12-cv-07948-SAS |
| | : | |
| | : | CLASS ACTION |
| This Document Relates To: | : | |
| | : | PROOF OF CLAIM AND RELEASE |
| ALL ACTIONS. | : | |
| | : | EXHIBIT A-2 |
| | x | |

## I.      GENERAL INSTRUCTIONS

1.      To recover as a member of the Class based on your claims in the action entitled *In re OSG Securities Litigation*, Civil Action No. 1:12-cv-07948-SAS (the "Action"), you must complete and, on page __ hereof, sign this Proof of Claim and Release ("Proof of Claim").  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim form, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed partial settlements of the Action (the "Partial Settlements").[1]

2.      Submission of this Proof of Claim form, however, does not assure that you will share in the proceeds of the Partial Settlements.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN _____, 2015, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS:

*Overseas Shipholding Group Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA  94912-8040
www.osgsecuritieslitigation.com

If you are NOT a member of the Class (as defined in the Notice of Pendency and Proposed Partial Settlements of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice")), DO NOT submit a Proof of Claim form.

---

[1]      Unless otherwise stated, all terms used in this Notice shall have the same meanings as set forth in the Stipulations of Settlement filed with the Court.

4.      If you are a member of the Class and you do not timely request exclusion from the Class, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM FORM.

## II.    CLAIMANT IDENTIFICATION

If you purchased or acquired Overseas Shipholding Group, Inc.'s ("OSG") 8.125% Senior Notes Due 2018 (the "Senior Notes") pursuant and/or traceable to OSG's March 2010 registration statement and prospectus supplement for the Senior Notes; and/or OSG common stock during and inclusive of the period October 29, 2007 through October 19, 2012, and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer. If, however, you purchased or acquired such OSG securities and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the securities which form the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE OSG SENIOR NOTES AND/OR COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner

- 2 -

may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files.  All claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at 1-877-236-9485 to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

## III.   CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in OSG Common Stock" and Part III of this form entitled "Schedule of Transactions in OSG 8.125% Senior Notes Due 2018" to supply all required details of your transaction(s) in OSG common stock and Senior Notes.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases and acquisitions and *all* of your sales of OSG common stock between October 29, 2007 and October 19, 2012, inclusive, and *all* of your purchases and acquisitions and *all* of your sales of

- 3 -

the Senior Notes, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to ***all*** of the shares of OSG common stock you held at the close of trading on October 28, 2007 and October 19, 2012, and all of the Senior Notes held at the end of trading on October 19, 2012 and March 20, 2013.  Failure to report all such transactions may result in the rejection of your claim.

List these transactions separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of OSG common stock, and the date of a "short sale" is deemed to be the date of sale of OSG common stock.

For each transaction, you must provide, together with this claim form, copies of stockbroker confirmation slips, stockbroker statements, or other documents evidencing your transactions in OSG common stock and/or Senior Notes.  If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

- 4 -

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*In re OSG Securities Litigation*

Civil Action No. 1:12-cv-07948-SAS

PROOF OF CLAIM AND RELEASE

Must Be Postmarked or Received No Later Than:

_____, 2015

<u>Please Type or Print</u>

PART I:        CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____        _____

City                                            State or Province

_____        _____

Zip Code or Postal Code                     Country

_____   _____    Individual
Social Security Number or      _____    Corporation/Other
Taxpayer Identification Number

_____    _____

Area Code        Telephone Number (work)

_____    _____

Area Code        Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

- 5 -

PART II:      SCHEDULE OF TRANSACTIONS IN OSG COMMON STOCK

A.      Number of shares of OSG common stock held at the close of trading on October 28, 2007:

Proof Enclosed?
○ Y
○ N

B.      Purchases or acquisitions of OSG common stock between October 29, 2007 and October 19, 2012, inclusive:

| PURCHASES | | | |
|---|---|---|---|
| Trade Date(s) of Shares (List Chronologically) | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Purchase Enclosed? |
| M M   D D   Y Y Y Y | | | |
| 1. | | $ .00 | ○ Y ○ N |
| 2. | | $ .00 | ○ Y ○ N |
| 3. | | $ .00 | ○ Y ○ N |
| 4. | | $ .00 | ○ Y ○ N |
| 5. | | $ .00 | ○ Y ○ N |

IMPORTANT:   (i) If any purchase listed covered a "short sale," please mark Yes: ○ Yes
(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

| Mo. | Day | Year | Merger Shares | Company |
|---|---|---|---|---|

C.      Sales of OSG common stock between October 29, 2007 and October 19, 2012, inclusive:

| SALES | | | |
|---|---|---|---|
| Trade Date(s) of Shares (List Chronologically) | Number of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Sales Enclosed? |
| M M   D D   Y Y Y Y | | | |
| 1. | | $ . 0 0 | ○ Y ○ N |
| 2. | | $ . 0 0 | ○ Y ○ N |
| 3. | | $ . 0 0 | ○ Y ○ N |
| 4. | | $ . 0 0 | ○ Y ○ N |

- 6 -

D.    Number of shares of OSG common stock held at the close of trading on October 19, 2012:

Proof Enclosed?
◯ Y
◯ N

E.    Number of shares of OSG common stock held at the close of trading on March 20, 2013:

Proof Enclosed?
◯ Y
◯ N

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

1023530_3

PART III:      SCHEDULE OF TRANSACTIONS IN OSG 8.125% SENIOR NOTES DUE 2018
(CUSIP 690368H8)

Purchases or Acquisitions

| Trade Date Month Day Year | Number of Shares/Units Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

Sales (March 25, 2010 – March 20, 2013, inclusive) of the Senior Notes:

| Trade Date Month Day Year | Number of Shares/Units Sold | Total Sales Price |
|---|---|---|
| | | |
| | | |
| | | |

Number of Senior Notes held at the close of trading on March 20, 2013:

_____

- 8 -

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM**.

## IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

On behalf of myself (ourselves) and each of my (our) heirs, agents, executors, trustees, administrators, predecessors, successors and assigns, I (we) submit this Proof of Claim form under the terms of the Stipulation of Settlement with PricewaterhouseCoopers LLP, the Stipulation of Settlement with the Underwriter Defendants, and the Stipulation of Settlement with the Individual Defendants described in the Notice (collectively, the "Stipulations"). I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Class Member and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of the Stipulations and any judgments that may be entered in the Action, including the releases and the covenants set forth herein. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with the purchase or acquisition of OSG Senior Notes or common stock during the Class Period and know of no other person having done so on my (our) behalf.

## V.    RELEASES

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the Released Persons.

2.      "Released Individual Defendant Parties" means each and all of (1) the Individual Defendants and their Related Individual Defendant Persons, and (2) Andreas and his Related Individual Defendant Persons.

3.      "Released PwC Parties" means each and all of the following: PricewaterhouseCoopers LLP ("PwC"), PwC International Limited ("PwCIL"), each of the member firms of PwCIL (together with PwC and PwCIL, the "PwC Entities") and any of the PwC Entities' past, present and future employees, directors, officers, partners, members, personnel, predecessors, successors, assigns, insurers, attorneys, stockholders, agents, affiliates or subsidiaries in their respective capacities as such.

4.      "Released Underwriter Defendant Parties" means each and all of the Underwriter Defendants and their Related Underwriter Defendant Persons.

5.      "Released Claims" with respect to the Individual Defendants Stipulation means any and all claims, rights, remedies, demands, liabilities and causes of action of every nature and description (including but not limited to any claims for damages, punitive damages, compensation, restitution, disgorgement, rescission, interest, injunctive relief, attorneys' fees, expert or consulting fees, obligations, debts, losses, and any other costs, expenses or liabilities of any kind or nature whatsoever), whether legal, statutory or equitable in nature to the fullest extent the law permits their release in this Action, whether known or "Unknown Claims" (as defined below), whether arising under federal, state, common or foreign law, whether class or individual in nature, that Lead

- 10 -

Plaintiffs, or any other Class Member (a) alleged in any complaint filed or sought to be filed in the Action or (b) could have asserted in any forum or proceeding that (i) arise out of or are based upon or are related to, directly or indirectly, the facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions, which were or could have been alleged by any member of the Class in the Action, and that (ii) arise out of the purchase or acquisition, holding, sale or disposition of the Senior Notes or OSG common stock purchased or acquired during the Class Period by Lead Plaintiffs or any member of the Class, provided however, that the Released Claims shall not include the right to enforce the Individual Defendants Stipulation.

6.     "Released Claims" with respect to the PwC Stipulation means any and all claims, rights, remedies, demands, liabilities and causes of action of every nature and description (including but not limited to any claims for damages, punitive damages, compensation, restitution, disgorgement, rescission, interest, injunctive relief, attorneys' fees, expert or consulting fees, obligations, debts, losses, and any other costs, expenses or liabilities of any kind or nature whatsoever), whether legal, statutory or equitable in nature to the fullest extent the law permits their release in this Action, whether known or "Unknown Claims" (as defined below), whether arising under federal, state, common or foreign law, whether class or individual in nature, that Lead Plaintiffs, or any other Class Member (a) alleged in any complaint filed or sought to be filed in the Action or (b) could have asserted in any forum or proceeding that (i) arise out of or are based upon or are related to, directly or indirectly, the facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions, which were or could have been alleged by any member of the Class in the Action, and that (ii) arise out of the purchase or acquisition, holding, sale or disposition of any OSG securities, including the Senior Notes or common stock, purchased or

- 11 -

acquired during the Class Period by Lead Plaintiffs or any member of the Class, provided however, that the Released Claims shall not include the right to enforce the PwC Stipulation.

7.      "Released Claims" with respect to the Underwriter Defendants Stipulation means any and all claims (including "Unknown Claims" as defined below) against the Underwriter Defendants and their Related Underwriter Defendant Persons, arising out of, relating to, or in connection with both (i) the facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, or omissions which were or could have been alleged in the Litigation, and (ii) the purchase or acquisition, holding, sale or disposition of all securities issued by OSG, including, but not limited to, the Senior Notes or common stock, during the Class Period.

8.      "Individual Defendants' Claims" means all claims (including, but not limited to, Unknown Claims as defined below), demands, losses, rights and causes of action of any nature whatsoever, that have been or could have been asserted in the Action or any forum by the Individual Defendants or Andreas or any of them against the Lead Plaintiffs, Class Members and Plaintiffs' Counsel which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Action, except for claims relating to enforcement of the Individual Defendants Stipulation.

9.      "PwC's Claims" means all claims (including, but not limited to, Unknown Claims as defined below), demands, losses, rights and causes of action of any nature whatsoever, that have been or could have been asserted in the Litigation or any forum by the Released PwC Parties or any of them against the Lead Plaintiffs, Class Members and Plaintiffs' Counsel which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Litigation, except for claims relating to enforcement of the PwC Stipulation.

- 12 -

10.     "Settled Underwriter Defendants' Claims" means all claims (including, but not limited to, "Unknown Claims" as defined below), demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Litigation or any forum by the Released Underwriter Defendant Parties or any of them against Lead Plaintiffs, Class Members and Plaintiffs' Counsel which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Litigation (except for claims to enforce the Partial Settlements).

11.     "Defendants' Claims" means all Individual Defendants' Claims, PwC's Claims, and Settled Underwriter Defendants' Claims, as defined herein.

12.     "Unknown Claims" with respect to the Released Persons means (a) any Released Claims that Lead Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision(s), with respect to the Partial Settlements; and (b) any Defendants' Claims that any Settling Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Lead Plaintiffs, Class Members and Plaintiffs' Counsel, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Lead Plaintiffs, Class Members and Plaintiffs' Counsel, or might have affected his, her or its decision(s) with respect to the Partial Settlements.  With respect to any and all Released Claims and Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and the Settling Defendants shall expressly waive, and each of the Class Members and the Settling Defendants shall be deemed to have, and by operation of the Final Judgments and Orders of Dismissal with Prejudice shall have, expressly waived any and all provisions, rights, and benefits conferred by California Civil

- 13 -

Code §1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those that any of them now know or believes to be true related to the subject matter of the Released Claims, but Lead Plaintiffs shall expressly and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgments and Orders of Dismissal with Prejudice shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Similarly, the Settling Defendants may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of Defendants' Claims, but each Settling Defendant shall expressly and, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgments and Orders of Dismissal with Prejudice shall have, fully, finally, and forever settled and released any and all Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such

- 14 -

different or additional facts. The Settling Parties acknowledge, and Lead Plaintiffs, the Class Members, and the Settling Defendants shall be deemed by operation of the Final Judgments and Orders of Dismissal with Prejudice to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Defendants' Claims was separately bargained for and is a key element of the Partial Settlements of which these releases are a part.

13.     These releases shall be of no force or effect unless and until the Court approves the Stipulations and the respective settlements comprising the Partial Settlements become effective on the Effective Date.

14.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

15.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales of OSG's 8.125% Senior Notes Due 2018, pursuant or traceable to OSG's March 2010 registration statement and prospectus summary for the Senior Notes, and the number of shares of OSG stock held by me (us) at the close of trading on October 28, 2007, October 19, 2012, and March 20, 2013.

16.     I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note:   If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____ in _____
(Month/Year)                                      (City/State/Country)

_____          _____
(Sign your name here)                                              (Sign your name here)

_____          _____
(Type or print your name here)                                   (Type or print your name here)

_____          _____
(Capacity of person(s) signing, *e.g.,*                        (Capacity of person(s) signing, *e.g.,*
Beneficial Purchaser, Executor or Administrator)          Beneficial Purchaser, Executor or Administrator)

### ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
### THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1. Please sign the above release and declaration.

2. If this Claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send originals of certificates.**

5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. **Do not use red pen or highlighter** on the Proof of Claim and Release form or supporting documentation.

**THIS PROOF OF CLAIM FORM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN _____ __, ____, ADDRESSED AS FOLLOWS:**

*Overseas Shipholding Group Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA  94912-8040
www.osgsecuritieslitigation.com

- 16 -

# EXHIBIT A-3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ―――――――――――――――――――――― x | | |
| In re OSG SECURITIES LITIGATION | : | Civil Action No. 1:12-cv-07948-SAS |
| ―――――――――――――――――――――― | : | |
| | : | CLASS ACTION |
| This Document Relates To: | : | |
| | : | SUMMARY NOTICE |
| ALL ACTIONS. | : | |
| ―――――――――――――――――――――― x | : | EXHIBIT A-3 |

1023623_4

**TO:   ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED OVERSEAS SHIPHOLDING GROUP, INC.'s ("OSG") 8.125% SENIOR NOTES DUE 2018 (THE "SENIOR NOTES") PURSUANT AND/OR TRACEABLE TO OSG'S MARCH 2010 REGISTRATION STATEMENT AND PROSPECTUS SUPPLEMENT FOR THE SENIOR NOTES AND/OR OSG'S COMMON STOCK DURING THE PERIOD OCTOBER 29, 2007 THROUGH OCTOBER 19, 2012, INCLUSIVE**

YOU ARE HEREBY NOTIFIED, pursuant to Orders of the United States District Court for the Southern District of New York, that a hearing will be held on _____, 2015, at _____, before the Honorable Shira A. Scheindlin, United States District Judge, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, for the purpose of determining: (1) whether the proposed partial settlements (the "Partial Settlements") of the case entitled *In re OSG Securities Litigation*, Civil Action No. 1:12-cv-07948-SAS (the "Action") for the principal amount of $16,250,000, plus interest (the "Settlement Amount"), should be approved by the Court as fair, reasonable, and adequate; (2) whether final judgments and orders of dismissal with prejudice should be entered by the Court dismissing the Action with prejudice against Alan R. Batkin, Thomas B. Coleman, Charles A. Fribourg, Stanley Komaroff, Solomon N. Merkin, Joel I. Picket, Ariel Recanati, Oudi Recanati, Thomas F. Robards, Jean-Paul Vettier, Michael J. Zimmerman, Morten Arntzen, Myles R. Itkin, Citigroup Global Markets Inc., Deutsche Bank Securities, Inc., DNB Markets, Inc. (f/k/a DnB NOR Markets, Inc.), Goldman, Sachs & Co., HSBC Securities (USA) Inc., ING Financial Markets LLC and Morgan Stanley & Co. LLC (f/k/a Morgan Stanley & Co. Incorporated), and PricewaterhouseCoopers LLP); (3) whether the Plan of Allocation of the Settlement Amount, as well as the Bankruptcy Court Settlement (valued at a minimum of an additional $15,000,000, plus interest), is fair, reasonable, and adequate and should be approved; and (4) whether the application of Lead Counsel for the payment of attorneys' fees and expenses and reimbursement of up to $10,000

- 1 -

to each of the Lead Plaintiffs for their time and expenses incurred in representing the Class should be approved.[1]

IF YOU PURCHASED OR OTHERWISE ACQUIRED THE SENIOR NOTES AND/OR OSG COMMON STOCK BETWEEN OCTOBER 29, 2007 AND OCTOBER 19, 2012, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE PARTIAL SETTLEMENTS OF THIS LITIGATION.  If you have not received a detailed Notice of Pendency and Proposed Partial Settlements of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing ("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *Overseas Shipholding Group Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040, or on the internet at www.osgsecuritieslitigation.com.  If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release form by mail or online ***no later than _____, 2015***, establishing that you are entitled to recovery.  You will be bound by any judgment rendered in the Action unless you request to be excluded, in writing, to the above address, received ***no later than _____, 2015***.

Any objection to the Partial Settlements or any portion thereof, the Plan of Allocation of the proceeds of the settlements, or the fee and expense application must be received, not simply postmarked, by each of the following recipients ***no later than _____, 2015***:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

---

[1]   Unless otherwise stated, all terms used in this Notice shall have the same meanings as set forth in the Stipulations of Settlement filed with the Court.

- 2 -

*Lead Counsel:*

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA  92101

*Counsel for the Individual Defendants:*

PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
RICHARD A. ROSEN
1285 Avenue of the Americas
New York, NY  10019-6064

ARNOLD & PORTER LLP
SCOTT B. SCHREIBER
399 Park Avenue
New York, NY 10022-4690

DECHERT LLP
DAVID H. KISTENBROKER
1095 Avenue of the Americas
New York, NY  10036-6797

*Counsel for PricewaterhouseCoopers LLP:*

LATHAM & WATKINS LLP
MILES N. RUTHBERG
JAMIE L. WINE
KEVIN M. McDONOUGH
885 Third Avenue
New York, NY 10022-4834

*Counsel for the Underwriter Defendants:*

SHEARMAN & STERLING LLP
ADAM S. HAKKI
ELIZABETH J. STEWART
599 Lexington Avenue
New York, NY  10022-6069

- 3 -

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.** If you have any questions about the Partial Settlements, you may contact Lead Counsel at the address listed above.

DATED: _____, 2015      BY ORDER OF THE COURT
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF NEW YORK

- 4 -