UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re OSG SECURITIES LITIGATION | : | Civil Action No. 1:12-cv-07948-SAS |
| | : | |
| | : | CLASS ACTION |
| This Document Relates To: | : | |
| | : | STIPULATION OF SETTLEMENT WITH |
| ALL ACTIONS. | : | THE INDIVIDUAL DEFENDANTS |
| | : | |

1015514_6

This Stipulation of Settlement with the Individual Defendants, dated July 21, 2015 (the "Individual Defendants Stipulation"), is made and entered into by and among the following Settling Parties to the above-entitled litigation (the "Action"): (i) Lead Plaintiffs Stichting Pensioenfonds DSM Nederland, Indiana Treasurer of State, and Lloyd Crawford (on behalf of themselves and each of the Class Members) ("Lead Plaintiffs"), by and through their counsel of record in the Action; and (ii) Alan R. Batkin, Thomas B. Coleman, Charles A. Fribourg, Stanley Komaroff, Solomon N. Merkin, Joel I. Picket, Ariel Recanati, Oudi Recanati, Thomas F. Robards, Jean-Paul Vettier, Michael J. Zimmerman, Morten Arntzen and Myles Itkin (collectively, the "Individual Defendants") by and through their respective counsel of record in the Action.[1]  This Individual Defendants Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, release, and settle the Released Claims and the Individual Defendants' Claims, upon and subject to the terms and conditions hereof and subject to the approval of the United States District Court for the Southern District of New York (the "Court").

## I.   THE LITIGATION AND OVERSEAS SHIPHOLDING GROUP, INC.'S BANKRUPTCY

This is a federal securities class action on behalf of a Class (to be certified for settlement purposes only), of all Persons who purchased or otherwise acquired (a) Overseas Shipholding Group, Inc.'s ("OSG") 8.125% Senior Notes Due 2018 (the "Senior Notes"), pursuant and/or traceable to OSG's March 2010 registration statement and prospectus supplement for the Senior Notes and/or (b) OSG's common stock during and inclusive of the period October 29, 2007 through October 19, 2012.  The Action was commenced on October 25, 2012.  For purposes of this Settlement only, the Class is defined in ¶1.7 below.

---

[1]   All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶1 herein.

On November 14, 2012, Overseas Shipholding Group, Inc. and its affiliated debtors (collectively, "OSG") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  Lead Plaintiffs thereafter filed a claim on behalf of themselves and the putative Class asserting an unliquidated amount of damages purportedly owed by OSG for violations of the federal securities laws based on the claims and causes of action alleged in the Action.

Lead Plaintiffs and OSG negotiated a settlement of the Class' claim in the Bankruptcy Court on the terms set forth in a Stipulation Resolving Anticipated Objections to the Debtors' Proposed Plan of Reorganization, dated May 20, 2014 (the "Bankruptcy Settlement Stipulation").  The Bankruptcy Settlement Stipulation was finally approved by the Bankruptcy Court on May 23, 2014, following notice approved by the Bankruptcy Court.

On November 20, 2014, the Settling Parties attended a formal mediation session before the Honorable Layn R. Phillips (Ret.).  Following that mediation, and after arm's-length negotiations, the Settling Parties reached an agreement-in-principle to resolve the Action on the specific terms set forth herein, and in a Memorandum of Understanding ("MOU") dated February 9, 2015.

## II.  CLAIMS OF THE LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

Lead Plaintiffs believe that the claims asserted in the Action have merit and that the evidence developed to date supports those claims.  Lead Plaintiffs and Lead Counsel, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Individual Defendants through the conclusion of discovery, summary judgment, trial, potential post-trial proceedings, and appeals.  Lead Plaintiffs also have taken into account the uncertain outcome and the risk in connection with continuing with litigation against the Individual Defendants, as well as the difficulties and delays inherent in such litigation.  Lead Plaintiffs also are

mindful of the inherent problems of proof and possible defenses related to the securities law violations asserted against the Individual Defendants in the Action. Lead Counsel believe that the Settlement set forth in this Individual Defendants Stipulation confers substantial benefits upon the Class. Based on their evaluation, Lead Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Individual Defendants Stipulation is in the best interests of the Class, and that the Settlement provided for herein is fair, reasonable and adequate.

## III.   THE INDIVIDUAL DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Individual Defendants have denied and continue to deny that they have committed any violation of the federal securities laws or other laws, and they maintain that their conduct was at all times proper and in compliance with all applicable provisions of law. The Individual Defendants deny specifically each and all of the claims and contentions alleged by Lead Plaintiffs in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.

As set forth below, this Individual Defendants Stipulation shall in no event be construed or deemed to be evidence of an admission or concession on the part of the Individual Defendants with respect to any claim or allegation of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Individual Defendants have, or could have, asserted. The Individual Defendants are entering into this Individual Defendants Stipulation solely to eliminate the uncertainty, burden, and expense associated with further litigation. The provisions contained in this Individual Defendants Stipulation, any documentation that may be required to obtain the Court's preliminary and final approval of the Settlement, or any press release or other statement or report by the Settling Parties, shall not be offered or deemed as, written to suggest, or received in any proceeding as a presumption, concession, admission, or evidence of any fault, liability, or

wrongdoing as to any facts or claims that have been, or could have been, asserted in the Action, or any other actions or proceedings.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, without any admission or concession on the part of Lead Plaintiffs of any lack of merit of the claims against the Individual Defendants whatsoever, and without any admission or concession on the part of the Individual Defendants of any liability or wrongdoing or lack of merit in the defenses whatsoever, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiffs (for themselves and on behalf of the Class Members) and the Individual Defendants, by and through their respective counsel of record, and, subject to the approval of the Court, the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed against the Individual Defendants and G. Allen Andreas III ("Andreas")[2] with prejudice, upon and subject to the terms and conditions of the Individual Defendants Stipulation, as follows:

### 1.    Definitions

As used in the Individual Defendants Stipulation the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of this Individual Defendants Stipulation.

1.2    "Bankruptcy Court" means the United States Bankruptcy Court for the District of Delaware.

---

[2]    Andreas was voluntarily dismissed from the above-captioned action, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) on September 11, 2013.  Dkt. No. 115.

- 4 -

1.3    "Barred Claims" means (i) claims and claims over for contribution or indemnity (or any other claim or claim over for contribution or indemnity however denominated on whatsoever theory), arising out of or related to the claims or allegations asserted by Lead Plaintiffs in the Action, or (ii) any other claim of any type, whether arising under state, federal, common, or foreign law, for which the injury claimed is the actual or threatened liability of any Person, his insurers, subrogees or assigns, or anyone acting on behalf of any Person, his insurers, subrogees or assigns to Lead Plaintiffs and/or Class Members arising out of or related to the claims or allegations asserted by Lead Plaintiffs in the Action.  Notwithstanding any other provision of this Individual Defendants Stipulation, however, (a) Barred Claims shall not include, and nothing in the Bar Order shall release or alter, the contractual rights, if any, between the Individual Defendants and Andreas, on the one hand, and the insurers that issued Directors and Officers insurance policies that cover the Individual Defendants and Andreas, on the other hand and (b) Barred Claims shall not include, and nothing in the Bar Order shall release or alter, the contractual rights, if any, between the Individual Defendants and Andreas, on the one hand, and OSG, on the other hand, under any applicable agreements with respect to any right of indemnification in connection with (x) the payment of the Settlement Amount; or (y) incurrence of defense costs (including without limitation costs associated with compliance with discovery obligations, including the depositions identified in ¶9.6 hereof, costs associated with the consummation and approval of this Individual Defendants Stipulation, and the costs associated with any trial of this Action as to any non-settling defendant); or (z) the costs incurred in complying with discovery requests in *Overseas Shipholding Grp., Inc. v. Proskauer Rose, LLP, et al.*, Index No. 650765 (N.Y. Sup.) or *Proskauer Rose, LLP v. Edelson & Itkin*, Index No. 650596/2014 (N.Y. Sup.) (collectively, the "*Proskauer* Litigation").  Barred Claims shall not include or release any Proofs of Claim that any Individual Defendant or Andreas has filed in the OSG Bankruptcy.

- 5 -

1.4    "Claim" means a Proof of Claim submitted to the Claims Administrator.

1.5    "Claimant" means all Persons who or which submit a Proof of Claim to the Claims Administrator seeking to be eligible to share in the net proceeds of the recoveries obtained on behalf of the Class.

1.6    "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.7    "Class" means, solely for purposes of this Settlement, all Persons and entities who or which purchased or otherwise acquired (a) OSG's 8.125% Senior Notes Due 2018 (the "Senior Notes"), pursuant or traceable to OSG's March 2010 registration statement and prospectus supplement for the Senior Notes; and/or (b) OSG's common stock during and inclusive of the period October 29, 2007 through October 19, 2012.  Excluded from the Class are:  the Defendants, Andreas and their respective successors and assigns; past and current officers and directors of OSG and the Underwriter Defendants and PwC and Ernst & Young LLP ("E&Y") during the Class Period; members of the immediate families of the Individual Defendants and Andreas; the legal representatives, heirs, successors, or assigns of the Individual Defendants and Andreas and any entity in which any of the above excluded Persons have or had a majority ownership interest.  Also excluded from the Class are those Persons or entities who timely and validly request exclusion from the Class in accordance with the requirements set by the Court and the Notice of Pendency and Proposed Partial Settlements of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") to be sent to Class Members pursuant to the Notice Order.

1.8    "Class Member" or "Class Members" mean any Person who falls within the definition of the Class as set forth in ¶1.7 of this Individual Defendants Stipulation.

1.9    "Class Period" means the period commencing on October 29, 2007 and ending on October 19, 2012, inclusive.

1.10    "Complaint" means the Third Consolidated Amended Complaint for Violations of the Federal Securities Laws, filed by Lead Plaintiffs on February 18, 2014.

1.11    "Defendants" means the Individual Defendants, E&Y, PwC and the Underwriter Defendants.

1.12    "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of this Individual Defendants Stipulation have been met and have occurred or have been waived.

1.13    "Escrow Account" means an interest bearing escrow account controlled by the Escrow Agent.

1.14    "Escrow Agent" means Robbins Geller Rudman & Dowd LLP and its successor(s).

1.15    "Final" means when the last of the following with respect to the Order and Final Judgment, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of three (3) business days after the time for the filing of any motion to alter or amend the Order and Final Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time for the filing or noticing of any appeal from the Order and Final Judgment without any appeal having been filed; and (iii) if such motion to alter or amend is filed or if an appeal is filed or noticed, then immediately after the determination of that motion or appeal so that the Order and Final Judgment is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise, and in such a manner as to permit the consummation of the Settlement in accordance with the terms and conditions of this Individual Defendants Stipulation.  For purposes of this paragraph, an appeal shall include any petition for a writ of certiorari or other writ that may be filed in connection with the approval or disapproval of this

- 7 -

Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses or the Plan of Allocation of the Settlement Fund.  Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any plan of distribution and/or application for attorneys' fees, costs, or expenses shall not in any way delay or preclude the Order and Final Judgment from becoming Final.

1.16    "Individual Defendants' Claims" means all claims (including, but not limited to, Unknown Claims as defined in ¶1.37 hereof), demands, losses, rights and causes of action of any nature whatsoever, that have been or could have been asserted in the Action or any forum by the Individual Defendants or Andreas or any of them against the Lead Plaintiffs, Class Members and Plaintiffs' Counsel which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Action, except for claims relating to enforcement of this Individual Defendants Stipulation.

1.17    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP or its successor(s).

1.18    "Lead Plaintiffs" means Stichting Pensioenfonds DSM Nederland, Indiana Treasurer of State, and Lloyd Crawford.

1.19    "Notice Order" means the order described in ¶3.1 hereof.

1.20    "Order and Final Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.21    "Person" means a natural person, individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal

- 8 -

entity and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees.

1.22    "Plaintiffs' Counsel" means any counsel who have appeared for Lead Plaintiffs in the Action.

1.23    "Plan of Allocation" means the plan or formula of allocation of the Settlement Fund, whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of Notice and Administration Costs (as defined herein), Taxes and Tax Expenses, and such attorneys' fees, costs, expenses, and interest as may be awarded by the Court.

1.24    "Proof of Claim" means the form, substantially in the form to be approved by the Court and disseminated to Class Members, that a Claimant will be required to complete and timely submit to the Claims Administrator in order to be eligible to share in a distribution of the net proceeds of the recoveries obtained on behalf of the Class.

1.25    "Related Individual Defendant Persons" means, with respect to the Individual Defendants and Andreas, each and all of their respective successors and assigns, and each and all of their respective present or former employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, underwriters, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, agents, spouses, associates, and assigns of each of them, in their capacity as such, or any trust of which any Individual Defendant or Andreas is the settlor or which is for the benefit of any Individual Defendant or Andreas and/or member(s) of his family and any entity in which any such Individual Defendant or Andreas has a controlling interest.

1.26    "Released Claims" shall collectively mean any and all claims, rights, remedies, demands, liabilities and causes of action of every nature and description (including but not limited to

- 9 -

any claims for damages, punitive damages, compensation, restitution, disgorgement, rescission, interest, injunctive relief, attorneys' fees, expert or consulting fees, obligations, debts, losses, and any other costs, expenses or liabilities of any kind or nature whatsoever), whether legal, statutory or equitable in nature to the fullest extent the law permits their release in this Action, whether known or "Unknown Claims" (as defined in ¶1.37 hereof), whether arising under federal, state, common or foreign law, whether class or individual in nature, that Lead Plaintiffs, or any other Class Member (a) alleged in any complaint filed or sought to be filed in the Action or (b) could have asserted in any forum or proceeding that (i) arise out of or are based upon or are related to, directly or indirectly, the facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions, which were or could have been alleged by any member of the Class in the Action, and that (ii) arise out of the purchase or acquisition, holding, sale or disposition of the Senior Notes or OSG common stock purchased or acquired during the Class Period by Lead Plaintiffs or any member of the Class, provided however, that the Released Claims shall not include the right to enforce this Individual Defendants Stipulation.

1.27    "Released Individual Defendant Parties" means each and all of (1) the Individual Defendants and their Related Individual Defendant Persons, and (2) Andreas and his Related Individual Defendant Persons.

1.28    "Settlement" means the settlement of the Action as set forth in this Individual Defendants Stipulation.

1.29    "Settlement Amount" means the principal amount of Ten Million Five Hundred Thousand U.S. Dollars ($10,500,000), to be paid pursuant to ¶2.1 of this Individual Defendants Stipulation, plus any interest that may accrue thereon after the principal amount has been deposited into the Escrow Account.  Such amount is paid as consideration for full and complete settlement of

- 10 -

all the Released Claims.  Neither the Individual Defendants nor the Released Individual Defendant Parties shall have any obligation whatsoever to pay any amount over and above the Settlement Amount.

1.30    "Settlement Fund" means the interest-bearing Escrow Account controlled by the Escrow Agent into which the Individual Defendants shall deposit the Settlement Amount.

1.31    "Settlement Hearing" means the hearing to determine whether the proposed Settlement embodied by this Individual Defendants Stipulation is fair, reasonable, and adequate to the Class, and whether the Court should (1) enter an Order and Final Judgment approving the proposed Settlement as to the Individual Defendants, (2) approve the Plan of Allocation of Settlement, and (3) determine an award of attorneys' fees and expenses to Plaintiffs' Counsel.

1.32    "Settling Parties" means, collectively, each of the Individual Defendants and the Lead Plaintiffs on behalf of themselves and each of the Class Members.

1.33    "Supplemental Agreement" means the agreement described in ¶2.12.

1.34    "Taxes" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund as described in ¶2.9.

1.35    "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs relating to filing (or failing to file) the returns described in ¶2.9.

1.36    "Underwriter Defendants" means Citigroup Global Markets Inc., Deutsche Bank Securities Inc., DNB Markets, Inc. (f/k/a DnB NOR Markets, Inc.), Goldman, Sachs & Co., HSBC Securities (USA) Inc., ING Financial Markets LLC, and Morgan Stanley & Co. LLC (f/k/a Morgan Stanley & Co. Incorporated).

- 11 -

1.37    "Unknown Claims" means (a) any Released Claims that Lead Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Individual Defendant Parties, which, if known by him, her or it, might have affected his, her or its settlement with the Individual Defendants and release of the Released Individual Defendant Parties, or might have affected his, her or its decision(s), with respect to the Settlement; and (b) any Individual Defendants' Claims that any Individual Defendant or Andreas does not know or suspect to exist in his, her or its favor at the time of the release of the Lead Plaintiffs, Class Members and Plaintiffs' Counsel, which, if  known by him, her or it, might have affected his, her or its settlement with and release of the Lead Plaintiffs, Class Members and Plaintiffs' Counsel, or might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims and Individual Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and the Individual Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of the Released Claims, but Lead Plaintiffs expressly and each Class Member, upon the Effective Date, shall be deemed to, and by operation of the Order and Final Judgment shall have, fully, finally, and forever

- 12 -

settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent,  intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Similarly, the Individual Defendants may hereafter discover facts in addition to or different from those that any of them now know or believe to be true related to the subject matter of the Individual Defendants' Claims, but each Individual Defendant shall expressly and, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever settled and released any and all Individual Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent,  intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and Lead Plaintiffs, the Class Members, and the Individual Defendants shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Individual Defendants' Claims was separately bargained for and is a key element of the Settlement of which these releases are a part.

2.      **The Settlement**

a.      **The Settlement Fund**

2.1      In consideration of the settlement of the Released Claims against the Released Individual Defendant Parties, the Individual Defendants shall cause to be paid the Settlement Amount to the Class, severally and jointly into the Settlement Fund (by wire or check) on or before fifteen (15) business days after the later of (A) the entry of an order by the Court granting preliminary approval of the Settlement, and (B) provision to the Individual Defendants of all information necessary to issue a check or effectuate a transfer of funds, including name and address of payee, the bank name and address, ABA routing number, account name and number, and a signed W-9 reflecting the taxpayer identification number for the Escrow Account.  In the event that any portion of the Settlement Amount is not funded when due, Lead Plaintiffs shall have the right to terminate the Settlement; neither Lead Plaintiffs, Plaintiffs' Counsel nor Class Members may seek to compel the Individual Defendants to fund, or make any claim against the Individual Defendants regarding the funding of the Settlement Amount.

2.2      The Settlement Amount is the only payment to be made by or on behalf of the Individual Defendants and the Released Individual Defendant Parties in connection with this Settlement.  As set forth below, all fees, costs, and expenses incurred by or on behalf of Lead Plaintiffs and the Class associated with the Settlement, including, but not limited to, Taxes, Tax Expenses, administrative costs and costs of providing notice of the Settlement to Class Members, and any award of attorneys' fees and expenses to Lead Counsel or Plaintiffs' Counsel, but not including any costs or expenses incurred in connection with providing notice pursuant to the Class Action Fairness Act shall be paid from the Settlement Fund, and in no event shall the Individual

Defendants or the Released Individual Defendant Parties bear any additional responsibility or liability for any such fees, costs or expenses.

### b.     The Escrow Agent

2.3     The Escrow Agent will invest the Settlement Fund created pursuant to ¶2.1 hereof only in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and will reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Individual Defendant Parties shall have no responsibility for or liability whatsoever with respect to the maintenance, investment, or distribution of the Settlement Fund, the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.4     The Escrow Agent shall not disburse the Settlement Fund except as provided by: (i) this Individual Defendants Stipulation; or (ii) an order of the Court.

2.5     Subject to further order(s) and/or directions as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Class Members as are consistent with the terms of this Individual Defendants Stipulation.  The Released Individual Defendant Parties shall have no responsibility for or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.6     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to this Individual Defendants Stipulation and/or further order(s) of the Court.

2.7     Notwithstanding the fact that the Effective Date has not yet occurred, the Escrow Agent may pay from the Settlement Fund, without further order of the Court, the costs and expenses, up to Four Hundred Thousand U.S. Dollars ($400,000.00), reasonably and actually incurred in connection with providing notice to members of the Class, mailing the Notice and Proof of Claim and publishing notice (such amount shall include, without limitation, the actual costs of publication, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted Claims ("Notice and Administration Costs").  In the event that the Settlement is terminated pursuant to the terms of this Individual Defendants Stipulation, any actual Notice and Administrative Costs paid or incurred for the above purposes shall not be returned or repaid to the Individual Defendants.

2.8     The Released Individual Defendant Parties shall have no interest or involvement in, or any responsibility, authority, or liability whatsoever for: (a) the selection of the Escrow Agent; (b) the establishment or maintenance of the Escrow Account; (c) the development or application of the Plan of Allocation; (d) any issue pertaining to the administration of the Settlement including, but not limited to, processing or payment of Claims, or nonperformance of the Escrow Agent; (e) the maintenance, investment, or distribution of the Settlement Fund; (f) the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund; or (g) any losses incurred in connection with the foregoing, and shall have no liability whatsoever to any Persons including, but not limited to, Lead Plaintiffs, or any other Class Member in connection with the foregoing.

**c.     Taxes**

2.9     (a)     The Settling Parties and their counsel agree that the Settlement Fund is intended to be and should be treated as being at all times a "qualified settlement fund" within the

meaning of Treasury Regulation §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.9, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1(j)(2)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such Treasury Regulations promulgated under §1.468B of the Internal Revenue Code of 1986, as amended (the "Code"). It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §1.468B of the Code and the Treasury Regulations promulgated thereunder, the Escrow Agent shall be designated as the "administrator" of the Settlement Fund. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)). Such returns (as well as the election described in ¶2.9(a) hereof) shall be consistent with this ¶2.9 and in all events shall reflect that all Taxes as defined in ¶1.34 hereof (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.9(c) hereof.

(c)     All: (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Individual Defendant Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (ii) Tax Expenses, costs and other expenses incurred in connection with the operation and implementation of this ¶2.9 (including,

- 17 -

without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.9), shall be paid out of the Settlement Fund.  In no event shall the Released Individual Defendant Parties have any responsibility for or liability whatsoever with respect to the Taxes or the Tax Expenses.  The Escrow Agent shall indemnify and hold each of the Released Individual Defendant Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amount, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(1)(2)); neither the Released Individual Defendant Parties nor their counsel are responsible therefor nor shall they have any liability with respect thereto.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.9.

(d)    The Released Individual Defendant Parties shall have no responsibility for or liability whatsoever with respect to Taxes (including the payment or withholding of Taxes), Tax Expenses, costs, and other expenses reasonably and actually incurred in connection with providing notice to the Class, locating Class Members, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proofs of Claim, or paying escrow fees and costs, nor shall they have any responsibility for or liability whatsoever for any claims with respect thereto.

- 18 -

1015514_6

### d.    Termination of Settlement

2.10    The Individual Defendants shall, acting collectively, have the right to terminate the Settlement and this Individual Defendants Stipulation, by providing written notice of his or its election to do so to all other Settling Parties within fifteen (15) days of: (a) the Court's denial of Lead Plaintiffs' motion for preliminary approval of the Settlement in any material respect without leave to amend and resubmit; (b) the Court's refusal to approve this Individual Defendants Stipulation and Settlement or any material part of it without leave to amend and resubmit; (c) the Court's declining to enter an Order and Final Judgment in any material respect without leave to amend and resubmit; or (d) the date upon which the Order and Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.  Any decision with respect to any application or applications to the Court for distributions to Plaintiffs' Counsel from the Settlement Fund for (a) an award of attorneys' fees from the Settlement Fund; (b) payment of expenses and costs incurred in connection with prosecuting the Action; or (c) any interest on such costs and expenses at the same rate and for the same periods as earned by the Settlement Fund (the "Fee and Expense Application"), or with respect to any Plan of Allocation, shall not be considered material to this Individual Defendants Stipulation and Settlement and shall not be grounds for termination.  In the event that this Individual Defendants Stipulation is terminated, the Settlement Amount including any interest accrued thereon, less expenses actually incurred or due and owing from the Settlement Fund for the Notice and Administration Costs of the Settlement pursuant to ¶2.7 above, shall be refunded by check or wire transfer in accordance with the instructions to be provided by counsel for the Individual Defendants.

2.11    Lead Plaintiffs shall have the right to terminate the Settlement and this Individual Defendants Stipulation, by providing written notice of his or its or their election to do so to all other

- 19 -

Settling Parties within fifteen (15) days of: (a) the Court's denial of Lead Plaintiffs' motion for preliminary approval of the Settlement in any material respect as to the Individual Defendants without leave to amend and resubmit; (b) the Court's refusal to approve this Individual Defendants Stipulation and Settlement or any material part of it without leave to amend and resubmit; (c) the Court's declining to enter an Order and Final Judgment in any material respect as to the Individual Defendants without leave to amend and resubmit; (d) the Individual Defendants' failure to timely make full payment of the Settlement Amount into the Escrow Account; or (e) the date upon which the Order and Final Judgment as to the Individual Defendants is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. Any decision with respect to any Fee and Expense Application, or with respect to any Plan of Allocation, shall not be considered material to this Individual Defendants Stipulation and Settlement and shall not be grounds for termination.

2.12    In addition to the grounds set forth in ¶2.10 above, the Individual Defendants shall have the right (which right must be exercised collectively) to terminate the Settlement in the event that Class Members who or which, pursuant to timely and valid requests for exclusion from the Class, meet the conditions set forth in the confidential supplemental agreement ("Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Lead Plaintiffs and the Individual Defendants concerning its interpretation or application. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, Lead Plaintiffs and the Individual Defendant(s) will undertake to have the Supplemental Agreement submitted to the Court

- 20 -

*in camera*.  Copies of all requests for exclusion received and copies of all written revocations of requests for exclusion received shall be promptly sent to counsel for the Individual Defendant(s) and to Lead Counsel upon receipt by the Claims Administrator.

2.13    If (i) the Individual Defendants exercise their right to terminate the Settlement as provided in this Individual Defendants Stipulation; (ii) Lead Plaintiffs exercise their right to terminate this Settlement as to the Individual Defendants, as provided in this Individual Defendants Stipulation; (iii) the Court disapproves the Settlement as to the Individual Defendants; or (iv) the Effective Date as to the Settlement otherwise fails to occur with respect to the Individual Defendants, then:

(a)    The Settlement and the relevant portions of this Individual Defendants Stipulation shall be canceled and terminated without prejudice with respect to the Settling Parties to whom the termination of the Settlement applies and only those Settling Parties, and this Individual Defendants Stipulation shall be null and void and shall have no further force or effect with respect to these Settling Parties and only those Settling Parties;

(b)    The Settling Parties to whom the termination of the Settlement applies and only those Settling Parties shall revert to their respective positions in the Action on December 23, 2014;

(c)    If the Settlement is terminated, the Court's order granting class certification shall be vacated;

(d)    The terms and provisions of this Individual Defendants Stipulation and the fact of this Settlement, with the exception of this ¶2.13(d) and ¶¶2.7, 2.9(c), 6.2, 6.3, 8.1, 9.5, and 9.6 herein, shall have no further force and effect with respect to the Settling Parties and shall not be enforceable, or used in the Action or in any other proceeding for any purpose, and any Order and

- 21 -

Final Judgment or order entered by the Court in accordance with the terms of this Individual Defendants Stipulation shall be treated as vacated, *nunc pro tunc*;

(e)      Within fifteen (15) business days after written notification to the Escrow Agent by Lead Counsel or counsel for the Individual Defendants' counsel, the Settlement Fund (including, but not limited to, any funds received by Lead Counsel consistent with ¶6.2 below), less any expenses and any costs which have either been disbursed or incurred and chargeable to Notice and Administration Costs and less any Taxes paid or due or owing shall be refunded by the Escrow Agent to the Individual Defendants (or such other persons or entities as that Individual Defendants may direct) pursuant to written instructions from counsel for that Individual Defendants.  Lead Counsel or their designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds to the Individual Defendants, after deduction of any fees or expenses incurred in connection with such application(s) for refund(s), pursuant to written instructions from counsel for the applicable Individual Defendants' counsel; and

(f)      To the extent that Lead Counsel or counsel for an Individual Defendant sends a written notification to the Escrow Agent pursuant to ¶2.12(d) above, the form of such notice shall be provided to the other Settling Parties three (3) business days before delivery to the Escrow Agent.

## 3.      Notice Order and Settlement Hearing

3.1      As promptly as practicable after execution of the Individual Defendants Stipulation, Lead Plaintiffs shall submit this Individual Defendants Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Notice Order"), substantially in the form and content of Exhibit A attached hereto, which shall be unopposed by the Individual Defendants requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Individual Defendants Stipulation, conditional certification of the Class for settlement purposes, approval for

- 22 -

the mailing of the Notice and the Proof of Claim, substantially in the forms of Exhibits A-1 and A-2 attached hereto, and approval of the publication of a Summary Notice, substantially in the form of Exhibit A-3 attached hereto, or such other substantially similar form agreed to by the Settling Parties. The Notice shall include the general terms of the Settlement as set forth in the Individual Defendants Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing.

3.2    Lead Plaintiffs will request that the Court hold a hearing (the "Settlement Hearing") and finally approve the Settlement of the Action against the Individual Defendants as set forth herein. At or after the Settlement Hearing, Lead Plaintiffs also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

3.3    It is understood and agreed by the Settling Parties that the Court's evaluation of the fairness, reasonableness and adequacy of the Settlement with the Individual Defendants under Rule 23 of the Federal Rules of Civil Procedure shall be conducted separately from the Court's consideration of the fairness, reasonableness, and adequacy of any settlement reached by the Lead Plaintiffs with any other defendant in this Action, and that any order of the Court that disapproves or requires a material modification of the terms of any settlement with another defendant shall not operate to terminate or cancel the Individual Defendants Stipulation or affect the finality of the Court's Order and Final Judgment approving this Individual Defendants Stipulation and the Settlement set forth herein, or any other orders entered pursuant to this Individual Defendants Stipulation. Neither Lead Plaintiffs and Lead Counsel nor the Individual Defendants may cancel or terminate the Settlement (or this Individual Defendants Stipulation) based on the Court's or any appellate court's ruling with respect to any settlement reached by Lead Plaintiffs with any other defendant.

- 23 -

4.     **Releases**

4.1    Upon the Effective Date, as defined in ¶1.13 hereof, Lead Plaintiffs and each Class Member shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever waived, remised, released, relinquished, and discharged all Released Claims against the Released Individual Defendant Parties, whether or not such Class Member executes and delivers a Proof of Claim.

4.2    The Proof of Claim to be executed by Class Members shall release all Released Claims against the Released Individual Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3    Upon the Effective Date, as defined in ¶1.12 hereof, each of the Individual Defendants and Andreas shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever released Lead Plaintiffs, Plaintiffs' Counsel each and all of the Class Members from all Individual Defendants' Claims.

5.     **Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1    The Claims Administrator, subject to such supervision and direction of the Court and/or Lead Counsel as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants.

5.2    The Settlement Fund shall be applied as follows:

(a)     to pay all the costs and expenses described in ¶2.7 above;

(b)     to pay the Taxes and Tax Expenses described in ¶2.9 above;

(c)     to pay Plaintiffs' Counsel's attorneys' fees, expenses, and costs with interest thereon, if and to the extent allowed by the Court (the "Fee and Expense Award"); and

- 24 -

(d)        to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by this Individual Defendants Stipulation, the Plan of Allocation, or the Court.

5.3        Upon the Effective Date and thereafter, and in accordance with the terms of this Individual Defendants Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following:

(a)        Each Class Member shall be required to submit a Proof of Claim, substantially in a form approved by the Court, supported by such documents as are designated therein, including proof of the transactions claimed, or such other documents or proof as the Claim Administrator, in its discretion, may deem acceptable;

(b)        All Proofs of Claim must be submitted by the date specified in the Notice unless such period is extended by order of the Court.  Except as otherwise ordered by the Court, any Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to this Individual Defendants Stipulation, but shall in all other respects be bound by all of the terms of this Individual Defendants Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Action and the releases provided for herein and therein, and will be barred and enjoined from bringing any action against the Released Individual Defendant Parties concerning the Released Claims.  A Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.  Notwithstanding the foregoing, Lead Counsel may, in their discretion,

- 25 -

accept for processing late submitted Claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed, but shall have no liability for declining to accept any late-submitted Claims;

(c)     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, which shall determine in accordance with this Individual Defendants Stipulation and the approved Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below;

(d)     Proofs of Claim that do not meet the submission requirements may be rejected.  Prior to rejection of a Proof of Claim, the Claims Administrator shall make reasonable efforts to communicate with the Claimant in order to remedy the curable deficiencies in the Proof of Claim submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Proofs of Claim it proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below;

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court; and

(f)     The Claims Administrator shall calculate the Claims of Authorized Claimants in accordance with the Plan of Allocation.  Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of the Net Settlement Fund.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

5.4     Persons who otherwise would be members of the Class but desire to be excluded from this Settlement shall be required to provide a written statement that the Person wishes to be excluded from the Class for receipt by the Claims Administrator on or before twenty-one (21) days prior to the Settlement Hearing.  Unless otherwise ordered by the Court, any Person who purchased or acquired the Senior Notes and/or OSG common stock during the Class Period who does not submit a timely and valid request for exclusion as provided by this Individual Defendants Stipulation and its Exhibits (including the required information concerning the date, quantity and price of each transaction in OSG debt and equity securities) shall be bound by this Individual Defendants Stipulation.

5.5     Except for the obligation of the Individual Defendants to cause payment of the Settlement Amount into the Escrow Account as set forth herein, the Released Individual Defendant Parties shall have no responsibility for or liability whatsoever to any Person with respect to the investment or distribution of the Settlement Fund, administration of the Plan of Allocation, the determination, administration, or calculation of claims, or the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

5.6     No Person shall have any claim against Lead Plaintiffs, the Escrow Agent, Plaintiffs' Counsel or Claims Administrator based on distributions made substantially in accordance with this Individual Defendants Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.7     The Individual Defendants shall not have a reversionary interest in the Net Settlement Fund.  If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining shall be redistributed on a *pro rata* basis among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive a minimum of $10.00.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and any remainder shall thereafter be donated to an appropriate non-profit organization selected by Lead Counsel and approved by the Court.

5.8     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of this Individual Defendants Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Individual Defendants Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Individual Defendants Stipulation or affect the finality of the Court's Order and Final Judgment approving this Individual Defendants Stipulation and the Settlement set forth therein, or any other orders entered pursuant to this Individual Defendants Stipulation.  Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Individual Defendants Stipulation) based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action, and, as set forth herein, it is not a condition of the Effective Date occurring that a plan of allocation shall have been approved by the Court.  The time to appeal from approval of

- 28 -

the Settlement shall commence upon the entry of the Court's Order and Final Judgment approving this Individual Defendants Stipulation regardless of whether a Plan of Allocation has been approved.

**6.       Plaintiffs' Counsel's Attorneys' Fees and Expenses**

6.1     Lead Counsel may submit a Fee and Expense Application.   The Individual Defendants shall take no position with respect to Lead Counsel's requested attorneys' fees and expenses.

6.2     The attorneys' fees, expenses, and costs, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses, notwithstanding the existence of any objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.   Lead Counsel shall thereafter allocate, subject to the conditions below, the attorneys' fees amongst Plaintiffs' Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Action.

6.3     The Settling Parties further agree that the denial, in whole or in part, of any Fee and Expense Application by Lead Counsel shall in no way affect the enforceability, validity or finality of the Settlement or this Individual Defendants Stipulation, nor shall any order or proceeding relating solely to an award of attorneys' fees and expenses, or any appeal from any order relating thereto, affect or delay the finality of the Order and Final Judgment approving the Settlement.

6.4     In the event that the Effective Date does not occur, or the Order and Final Judgment or the order granting the Fee and Expense Award is reversed or modified, or this Individual Defendants Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Plaintiffs' Counsel shall be obligated to repay to the Escrow Account the reversed portion of the fees and expenses, with interest at the Escrow

- 29 -

Account Rate of Interest, less any Notice and Administration Costs referred to in ¶2.7 actually paid or incurred. Each such Plaintiffs' Counsel's law firm, as a condition of receiving such fees and expenses, on behalf of itself and each partner, shareholder, or member of it, agrees that the law firm and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purposes of enforcing the provisions of this paragraph.

6.5     The Released Individual Defendant Parties shall have no obligation to pay any fees, expenses, costs, or interest that the Court may award to Lead Counsel, Plaintiffs' Counsel, and/or any other counsel or Person. The Released Individual Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment to Lead Counsel, Plaintiffs' Counsel and/or any other counsel or Person who receives payment from the Settlement Fund.

6.6     The Released Individual Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Lead Counsel, Plaintiffs' Counsel, and/or any other counsel or Person who may assert some claim thereto, of any Fee and Expense Award that the Court may grant in the Action.

**7.     Conditions of Settlement**

7.1     The Effective Date of this Individual Defendants Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     the Court has entered an order preliminarily approving the Settlement;

(b)     the Individual Defendants have made their contributions to the Settlement Fund, as required by ¶2.1 above;

(c)     the Individual Defendants have not exercised their option to terminate this Individual Defendants Stipulation pursuant to the provisions of this Individual Defendants Stipulation or the Supplemental Agreement, provided however, that the Individual Defendants'

- 30 -

exercise of their option to terminate this Individual Defendants Stipulation shall have no bearing on the Effective Date of the Settlement as it relates to the other Defendants;

       (d)    Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Individual Defendants Stipulation, provided however, that Lead Plaintiffs' exercise of their option to terminate the Settlement as to the Individual Defendants shall have no bearing on the Effective Date of the Settlement as it relates to the other Defendants;

       (e)    the Court has approved the Settlement as described herein, following notice to the Class Members and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

       (f)    the Court has entered the Order and Final Judgment, or a judgment substantially in the form of Exhibit B attached hereto;

       (g)    in accordance with 15 U.S.C. §78u-4(f)(7)(A), any and all claims for contribution are permanently barred and discharged if the claim or claims: (a) arise out of the Action or any Released Claim; and (b) are filed by any Person against any Individual Defendant; and

       (h)    the Order and Final Judgment has become Final, as defined in ¶1.15 hereof.

    7.2    If the Settlement contemplated by this Individual Defendants Stipulation is approved by the Court, the Settling Parties shall request that the Court enter an Order and Final Judgment, substantially in the form attached hereto as Exhibit B including, among other things, the releases, bar orders, and judgment reduction provisions provided for therein, and an express determination pursuant to Federal Rule of Civil Procedure 54(b) that there is no just reason for delay of its entry.

    7.3    The Order and Final Judgment shall contain a Bar Order substantially in the form set forth in Exhibit B that: (a) permanently bars, enjoins, and restrains any person or entity, including the insurers, subrogees or assigns of any person or entity, or anyone acting on behalf of the insurers,

subrogees, or assigns of any person or entity, from commencing, prosecuting, or asserting any Barred Claims against any of the Released Individual Defendant Parties, whether as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Action or any other proceeding, in the Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere; and (b) permanently bars, enjoins, and restrains the Released Individual Defendant Parties from commencing, prosecuting, or asserting any Barred Claims against any person or entity, including the insurers, subrogees or assigns of any person or entity, or anyone acting on behalf of the insurers, subrogees or assigns of any person or entity, whether as claims, cross-claims, counterclaims, third-party claims or otherwise, and whether asserted in the Action or any other proceeding, in the Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.

7.4     The Order and Final Judgment shall contain a judgment reduction provision substantially in the form set forth in Exhibit B, providing that any final verdict or judgment that may be obtained by or on behalf of the Class Members against any Person subject to the Bar Order shall be reduced by the greater of:  (i) an amount that corresponds to the percentage of responsibility of the respective Individual Defendants for common damages; or (ii) the amount paid by or on behalf of the Individual Defendants to the Class Members for common damages.  Barred Claims shall not include, and nothing in the Bar Order shall release or alter, the contractual rights, if any, between the Individual Defendants and Andreas, on the one hand, and the insurers that issued Directors and Officers insurance policies that cover the Individual Defendants and Andreas, on the other hand.  In addition, Barred Claims shall not include, and nothing in the Bar Order shall release or alter, the contractual rights, if any, between the Individual Defendants and Andreas, on the one hand, and

- 32 -

OSG, on the other hand, under any applicable agreements with respect to any right of indemnification in connection with (x) the payment of the Settlement Amount; or (y) incurrence of defense costs; or (z) the costs incurred in complying with discovery requests in the *Proskauer* Litigation.  Barred Claims shall not include or release any Proofs of Claim that any Individual Defendants or Andreas has filed in the OSG Bankruptcy.

7.5     This is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Individual Defendant or any other Person who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Amount or any portion thereof for any reason whatsoever.  Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of the Individual Defendants in or to the Settlement Amount, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶7.1 hereof are not met, then this Individual Defendants Stipulation shall be cancelled and terminated subject to ¶2.12 hereof unless Lead Counsel and counsel for the Individual Defendants mutually agree in writing to proceed with the Settlement.

## 8.     No Admission of Wrongdoing

8.1     Neither this Individual Defendants Stipulation (whether or not consummated), including the Exhibits thereto, the Plan of Allocation (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Individual Defendants Stipulation, nor any proceedings taken pursuant to or in connection with this Individual Defendants Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Released Individual Defendant Parties as evidence of, or construed as, or deemed to be evidence of (i) any presumption, concession, or

admission by any of the Released Individual Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiffs or any member of the Class, the validity of any claim that was or could have been asserted by Lead Plaintiffs or any member of the Class, or the deficiency of any defense that has been or could have been asserted by the Individual Defendants in this Action or in any other litigation, or (ii) any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Individual Defendant Parties or in any way referred to for any other reason as against any of the Released Individual Defendant Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Individual Defendants Stipulation;

(b)      shall be offered against any of the Lead Plaintiffs or the Class Members, as evidence of, or construed as, or deemed to be evidence of (i) any presumption, concession or admission by any of the Lead Plaintiffs or the Class Members that any of their claims are without merit, that any of the Released Individual Defendant Parties had meritorious defenses, or that damages recoverable against the Individual Defendants under the Complaint would not have exceeded the Settlement Amount, or (ii) any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Lead Plaintiffs or the Class Members, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Individual Defendants Stipulation; or

(c)      shall be construed against any of the Released Individual Defendant Parties, Lead Plaintiffs, or Class Members as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered against the Individual Defendants after trial; provided, however, that if this Individual Defendants Stipulation is approved by the Court, the Settling Parties and the Released Individual

- 34 -

Defendant Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

**9.     Miscellaneous Provisions**

9.1     The Settling Parties: (a) acknowledge that it is their intent to consummate this Individual Defendants Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Individual Defendants Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Individual Defendants Stipulation.

9.2     This Individual Defendants Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement between the Settling Parties as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties.  No representations, warranties, or inducements have been made to any party concerning the Individual Defendants Stipulation, its Exhibits, or the Supplemental Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.

9.3     Except as otherwise provided for herein, each Settling Party shall bear his, her, or its own costs.

9.4     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action.  The Settlement compromises all claims that were contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  Lead Plaintiffs and

- 35 -

Plaintiffs' Counsel and the Individual Defendants and their counsel agree not to assert in any forum or, in any statement made to any media representative (whether or not for attribution) that this Action was brought by Lead Plaintiffs or defended by the Individual Defendants in bad faith or without a reasonable basis, nor will they deny that the Action was commenced, prosecuted, and defended in good faith and is being settled voluntarily after consultation with competent legal counsel.

9.5     Except as otherwise provided for herein, all agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Individual Defendants Stipulation.

9.6     The Settlement contemplated herein is not subject to or contingent upon confirmatory discovery or other discovery.  Notwithstanding the foregoing sentence, in the event that Lead Plaintiffs' claims against E&Y are not settled, Individual Defendants agree: (i) to allow for the depositions of Messrs. Arntzen, Itkin and Robards and (ii) that if E&Y requests discovery, testimony or evidence from an Individual Defendant, Lead Plaintiffs shall be entitled to receive such discovery or evidence and examine any witness providing testimony at the request of E&Y.

9.7     The MOU executed by the Settling Parties shall remain confidential after this Individual Defendants Stipulation is filed with the Court.

9.8     All of the Exhibits to this Individual Defendants Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.9     This Individual Defendants Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.10    Each counsel or other Person executing this Individual Defendants Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

9.11    This Individual Defendants Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

9.12    This Individual Defendants Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

9.13    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Individual Defendants Stipulation, and the Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Individual Defendants Stipulation.

9.14    The waiver by one party of any breach of this Individual Defendants Stipulation by any other party shall not be deemed a waiver by any other party or a waiver of any other prior or subsequent breach of this Individual Defendants Stipulation.

9.15    This Individual Defendants Stipulation, the Exhibits attached hereto, and the Supplemental Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to this Individual Defendants Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice-of-law principles.

9.16    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

- 37 -

1015514_6

9.17    Pending approval of the Court of this Individual Defendants Stipulation and its Exhibits, other than by agreement of the Settling Parties, all proceedings in this Action against the Individual Defendants shall be stayed and all Class Members shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Individual Defendant Parties.

9.18    This Individual Defendants Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Individual Defendants Stipulation.

IN WITNESS WHEREOF, the parties hereto have caused this Individual Defendants Stipulation to be executed, by their duly authorized attorneys, dated July 21, 2015.

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

- 38 -

1015514_6

Lead Counsel for Plaintiffs

PAUL, WEISS, RIFKIND,
    WHARTON & GARRISON LLP
RICHARD A. ROSEN

_____
                RICHARD A. ROSEN

1285 Avenue of the Americas
New York, NY  10019-6064
Telephone:  212/373-3000
212/757-3990 (fax)

Counsel for Defendants Alan R. Batkin, Thomas
B. Coleman, Charles A. Fribourg, Stanley
Komaroff, Solomon N. Merkin, Joel I. Picket,
Ariel Recanati, Oudi Recanati, Thomas F.
Robards, Jean-Paul Vettier and Michael J.
Zimmerman

ARNOLD & PORTER LLP
SCOTT B. SCHREIBER

_____
                SCOTT B. SCHREIBER

399 Park Avenue
New York, NY 10022-4690
Telephone:  212/715-1000
212/715-1399 (fax)

Counsel for Defendant Morten Arntzen

DECHERT LLP
DAVID H. KISTENBROKER

_____
              DAVID H. KISTENBROKER

- 39 -

Lead Counsel for Plaintiffs

PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
RICHARD A. ROSEN

_____

RICHARD A. ROSEN

1285 Avenue of the Americas
New York, NY  10019-6064
Telephone:  212/373-3000
212/757-3990 (fax)

Counsel for Defendants Alan R. Batkin, Thomas
B. Coleman, Charles A. Fribourg, Stanley
Komaroff, Solomon N. Merkin, Joel I. Picket,
Ariel Recanati, Oudi Recanati, Thomas F.
Robards, Jean-Paul Vettier and Michael J.
Zimmerman

ARNOLD & PORTER LLP
SCOTT B. SCHREIBER

_____

SCOTT B. SCHREIBER

399 Park Avenue
New York, NY 10022-4690
Telephone:  212/715-1000
212/715-1399 (fax)

Counsel for Defendant Morten Arntzen

DECHERT LLP
DAVID H. KISTENBROKER

_____

DAVID H. KISTENBROKER

- 39 -

1095 Avenue of the Americas
New York, NY  10036-6797
Telephone:  212/698-3500
212/698-3599 (fax)

Counsel for Defendant Myles Itkin

1015514_6

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 6, 2015, I caused the foregoing Stipulation of Settlement with

the Individual Defendants to be served electronically on all ECF participants.

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART