UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/2/15

------------------------------------------------ x
In re OSG SECURITIES LITIGATION : Civil Action No. 1:12-cv-07948-SAS
:
------------------------------------------------ : CLASS ACTION
:
This Document Relates To: :
: [PROPOSED] FINAL JUDGMENT AND
ALL ACTIONS. : ORDER OF DISMISSAL WITH PREJUDICE
: – PRICEWATERHOUSECOOPERS LLP
------------------------------------------------ x

1093062_1

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement with PricewaterhouseCoopers LLP and Providing for Notice ("PwC Notice Order") dated August 12, 2015, on the application of Lead Plaintiffs and PricewaterhouseCoopers LLP ("PwC") for approval of the settlement (the "PwC Settlement") set forth in the Stipulation of Settlement with PricewaterhouseCoopers LLP dated July 31, 2015 (the "PwC Stipulation"). Due and adequate notice having been given to the Class as required in said PwC Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment and Order of Dismissal with Prejudice - PricewaterhouseCoopers LLP ("PwC Judgment") incorporates by reference the definitions in the PwC Stipulation, and all terms used herein shall have the same meanings as set forth in the PwC Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction to enter this PwC Judgment. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the PwC Stipulation, including all Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby certifies for purposes of settlement only, a Class defined as all Persons and entities who purchased or otherwise acquired (a) Overseas Shipholding Group, Inc.'s ("OSG") 8.125% Senior Notes Due 2018 (the "Senior Notes"), pursuant or traceable to OSG's March 2010 registration statement and prospectus supplement for the Senior Notes; and/or (b) OSG's common stock during and inclusive of the period October 29, 2007 through October 19, 2012 (the "Class Period"). Excluded from the Class are:

- 1 -

1093062_1

(a) Persons or entities who submitted valid and timely requests for exclusion from the Class (*see* Exhibit A hereto); and

(b) Defendants, G. Allen Andreas ("Andreas"), and their respective successors and assigns; past and current officers and directors of OSG and the Underwriter Defendants and PwC and Ernst & Young LLP during the Class Period; members of the immediate families of the Individual Defendants and Andreas; the legal representatives, heirs, successors, or assigns of the Individual Defendants and Andreas; and any entity in which any of the above excluded Persons have or had a majority ownership interest.

4. For purposes of settlement only, the Court finds that the prerequisites for a class under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Class Members are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the PwC Settlement set forth in the PwC Stipulation and finds that said PwC Settlement is, in all respects, fair, reasonable, and adequate to the Class. This Court finds that the PwC Settlement set forth in the PwC

Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the PwC Stipulation and PwC Settlement are fair, reasonable, and adequate as to each of the parties to the PwC Stipulation, and that the PwC Stipulation and PwC Settlement are hereby finally approved in all respects, and the parties to the PwC Settlement are hereby directed to perform its terms.

7. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the PwC Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses with prejudice the Litigation as to PwC, all claims contained or sought to be asserted therein, and all of the Released Claims as against the Released PwC Parties, without costs against any of the Settling Parties, except as and to the extent provided in the PwC Stipulation and herein.

8. Upon the Effective Date hereof, and as provided in the PwC Stipulation, Lead Plaintiffs, each and all of the Class Members, other than those listed on Exhibit A hereto, and anyone claiming through or on behalf of any of them, including, but not limited to, their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, in their capacity as such, shall be deemed to have, and by operation of law and this PwC Judgment shall have, irrevocably, absolutely and unconditionally, and fully, finally, and forever waived, remised, released, relinquished, dismissed and discharged with prejudice all Released Claims (including, without limitation, Unknown Claims) against the Released PwC Parties (regardless of whether such Class Member executes and delivers the Proof of Claim and Release).

9. Upon the Effective Date hereof, and as provided in the PwC Stipulation, each of the Released PwC Parties shall be deemed to have, and by operation of this PwC Judgment shall have,

fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members, other than those listed on Exhibit A hereto, and Plaintiffs' Counsel from all PwC Claims (including, without limitation, Unknown Claims), except for claims relating to the enforcement of the PwC Settlement.

10. Upon the Effective Date hereof, Lead Plaintiffs, each and all of the Class Members, other than those listed on Exhibit A hereto, and anyone claiming through or on behalf of any of them, including, but not limited to, their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, in their capacity as such, shall be deemed to be, and by operation of this PwC Judgment shall be, permanently barred and enjoined from asserting, instituting, maintaining, prosecuting, or enforcing, in any court of law or equity, arbitration, tribunal, administrative forum, or other forum of any kind (whether within the United States or not), any and all Released Claims (including, without limitation, Unknown Claims) against any of the Released PwC Parties (regardless of whether such Class Member executes and delivers the Proof of Claim and Release), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Litigation or the Released Claims against the Released PwC Parties, Lead Plaintiffs and/or Plaintiffs' Counsel, except for claims relating to the enforcement of the PwC Settlement.

11. To the full extent provided by Section 21D(f)(7)(A) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4(f)(7)(A), and other applicable law, the Court hereby: (a) permanently bars, enjoins, and restrains any person or entity, including the insurers, subrogees or assigns of any person or entity, or anyone acting on behalf of any person or entity or his insurers, subrogees, or assigns, from commencing, prosecuting, or asserting any Barred Claims against any of the Released PwC Parties, whether as claims, cross-claims, counterclaims,

third-party claims, or otherwise, and whether asserted in the Action or any other proceeding, in the Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere; and (b) permanently bars, enjoins, and restrains the Released PwC Parties from commencing, prosecuting, or asserting any Barred Claims against any person or entity, including the insurers, subrogees or assigns of any person or entity, or anyone acting on behalf of any person or entity or his or its insurers, subrogees or assigns, whether as claims, cross-claims, counterclaims, third-party claims or otherwise, and whether asserted in the Action or any other proceeding, in the Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.

12. Any final verdict or judgment obtained by or on behalf of the Lead Plaintiffs or the Class against any Person, other than the Released PwC Parties, relating to the Released Claims, shall be reduced by the greater of: (i) an amount that corresponds to the percentage of responsibility of the Released PwC Parties, or (ii) the amount paid on behalf of the Released PwC Parties pursuant to the PwC Settlement set forth in the PwC Stipulation.

13. The Notice of Pendency and Proposed Partial Settlements of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing given to the Class in accordance with the PwC Notice Order entered on August 12, 2015 was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed PwC Settlement set forth in the PwC Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and the

requirement of Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the PSLRA, and all other applicable law and rules.

14. Separate orders shall be entered regarding the proposed Plan of Allocation and any Fee and Expense Application filed by Lead Counsel. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any Fee and Expense Application shall in no way disturb or affect this PwC Judgment and shall be considered separate from this PwC Judgment.

15. Neither the PwC Stipulation nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the PwC Stipulation or the PwC Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the allegations in the Litigation or of the validity of any Released Claim, or of any wrongdoing or liability of the Released PwC Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released PwC Parties in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or forum or tribunal in which the Released PwC Parties are or become parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or other tribunal. The Released PwC Parties, Lead Plaintiffs, Class Members, and their respective counsel may file the PwC Stipulation and/or this PwC Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The parties to the

PwC Stipulation may file the PwC Stipulation and/or this PwC Judgment in any proceedings that may be necessary to consummate or enforce the PwC Stipulation, the PwC Settlement, or this PwC Judgment.

16. Without affecting the finality of this PwC Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this PwC Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining any Fee and Expense Applications in the Litigation; and (d) all parties to the PwC Stipulation hereto for the purpose of construing, enforcing, and administering the PwC Stipulation.

17. The Court finds that during the course of the Litigation, the parties to the PwC Stipulation and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

18. In the event that the PwC Settlement does not become effective in accordance with the terms of the PwC Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to PwC, then this PwC Judgment shall be rendered null and void to the extent provided by and in accordance with the PwC Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the PwC Stipulation.

19. Without further order of the Court, the parties to the PwC Stipulation may agree to reasonable extensions of time to carry out any of the provisions of the PwC Stipulation.

20. The Court directs immediate entry of this PwC Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: __12/2/15__     _____
THE HONORABLE SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE

- 8 -

# EXHIBIT A

October 7, 2015

To whom it may concern,

The following letter is a response to a recent, "Civil Action No. 1:12-cv-07948-SAS" Class action document I recently received. Back in 2012 I made a transaction for the company, OSG (Overseas Shipholding Group). Below I have provided the information of such transaction.

Date of Sale or exchange is 4/25/12

Quantity is 100.00

Proceeds of stocks, bonds, etc. is 1,080.05

Date of acquisition is 4/9/12

Cost or other basis is 1,078.66

At this point in time I do not wish to be or take part of the class action that is taking place. I, Noe Perez-Garibo want to be excluded from your list of people who will be a part of this action. Thank you for your time and consideration.

Respectfully yours

*Noe Perez G*
Noe Perez-Garibo


